**No. 22-55914**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

**IVAN RENE MOORE, PRO SE**
*Plaintiff/Creditor-Appellant,*
*v.*
**KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR, et al.**
*Defendants-Appellees*

---

Appeal from the United States District Court
For the Central District of California
The Hon. Dolly M. Gee, Presiding
Case No. 2:22-cv-03451-DMG

Appeal from the United States Bankruptcy Court
For the Central of District of California
The Hon. Barry Russel, Presiding
Case No. 2:16-bk-22878-BR

---

**APPELLEE'S ANSWERING BRIEF**

---

Steven A. Schuman, SBN 142834
Leonard, Dicker & Schreiber LLP
10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Phone:  (310) 551-1987
Fax:      (310) 277-8050
Email:  sschuman@ldslaw.com

Attorneys for Appellee
Kimberly Barbour

1

**No. 22-55914**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

**IVAN RENE MOORE, PRO SE**
*Plaintiff/Creditor-Appellant,*
*v.*
**KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR, et al.**
*Defendants-Appellees*

_____

Appeal from the United States District Court
For the Central District of California
The Hon. Dolly M. Gee, Presiding
Case No. 2:22-cv-03451-DMG

Appeal from the United States Bankruptcy Court
For the Central of District of California
The Hon. Barry Russel, Presiding
Case No. 2:16-bk-22878-BR

_____

**APPELLEE'S ANSWERING BRIEF**

_____

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................4

1. JURISDICTION .................................................................................5

2. INTRODUCTION AND FACTUAL BACKGROUND.....................................6

3. THE ORDER DENYING THE REQUEST FOR AN EVIDENTIARY
   HEARING IS NOT APPEALABLE AND THE APPEAL TO THE
   DISTRICT COURT WAS UTTERLY WITHOUT MERIT ............................11

4. THE DISTRICT COURT CORRECTLY DISMISSED THE CASE BASED
   ON THE PRE-FILING ORDER .........................................................13

5. THE BANKRUPTCY COURT WAS NOT REQUIRED TO HOLD AN
   EVIDENTIARY HEARING ON THE MOTION TO DISMISS .....................17

6. MOORE'S MISCELLANEOUS ARGUMENTS ARE MERITLESS.............17

7. CONCLUSION.................................................................................20

## TABLE OF AUTHORITIES

**Page**

Cases

*Bruzzone v. Intel Corp.*,
  2021 U.S. Dist. LEXIS 220468 (ED Cal. 2021) ...................................................13

*De Long v. Hennessey*,
  912 F.2d 1144 (9th Cir. 1990) ...............................................................................13

*Molski v. Evergreen Dynasty Corp.*,
  500 F.3d 1047 (9th Cir. 2007) ...............................................................................13


Statutes

28 U.S.C. § 1651 ......................................................................................................13

4

## 1. __JURISDICTION__

On the surface, it may appear that jurisdiction in this matter is proper. The District Court has jurisdiction to hear appeals from the Bankruptcy Court, and this 9th Circuit has jurisdiction to hear appeals from the District Court. Moreover, the two notices of appeal in question[1] were both filed in a timely fashion. On a closer examination, however, there are jurisdictional defects at every stage of the proceeding.

Appellant filed an adversary proceeding in the Bankruptcy Court [ER-32]. Appellee moved to dismiss [ER-11]. Appellant then filed a written request to hold an evidentiary hearing on that motion to dismiss [ER-24]. The Bankruptcy Court denied the request for an evidentiary hearing [ER-22], and Appellant then appealed from that Order. That is the source of the present appeal.[2]

---

[1] Specifically, the Orders from the Bankruptcy Court to the District Court, then from the District Court to the 9th Circuit.

[2] Appellant also appealed from the later Order of the Bankruptcy Court dismissing his adversary proceeding. That, however, is a separate appeal, which is still pending in the District Court as of this writing.

The denial of a request for an evidentiary hearing is not an appealable order and, thus, the appeal to the District Court was improper. The District Court never had the chance to address the jurisdictional issue because it dismissed the proceeding for a different reason: Appellant is a vexatious litigant and violated a Pre-Filing Order.

Similarly, the Bankruptcy Court did not have jurisdiction to grant relief in the underlying adversary proceeding. Moore litigated and lost the same issues years ago; those decisions and Appellee's discharge are final beyond appeal. The deadline to file an adversary proceeding passed years ago. And, besides all that, the State Law claims Appellant sought to assert against Appellee and third parties in an adversary proceeding were not properly part of a bankruptcy proceeding at any time.

## 2.     **INTRODUCTION AND FACTUAL BACKGROUND**

Appellant Ivan Rene Moore holds the dubious distinction of having been declared a vexatious litigant by three different courts.[3] Moore's brief here is the usual combination of misdirection, false statements, and irrelevant matter that

---

[3] ER-7, ER-9 and ER-81.

characterize all of his filings.[4]  As a result, it falls on Appellee to explain what actually happened in the two Courts, below.  Here, in a nutshell, are the relevant facts:

All of Moore's litigation arises from the same underlying dispute.  Over a decade ago, Moore and appellee Kimberly Martin-Bragg[5] were in a long-term relationship.  They obtained a loan from Wells Fargo secured by certain personal property belonging to Moore, then defaulted on the loan.  Moore wanted to abscond with the security, but Appellee cooperated with Wells Fargo to return the security after Wells Fargo obtained a writ of execution.  Moore was furious.

Moore sued everyone even remotely involved, including seven sitting Judges of the Los Angeles County Superior Court, the Los Angeles County Sheriff, Wells Fargo, and numerous lawyers who took the risk of opposing him.  Moore had one temporary success in State Court.  Moore sued Appellee for conversion, then sued

---

[4] Moore also includes, in his appendix, various unauthenticated photographs that look suspiciously like photos of the Loch Ness Monster. See pages 107 through 114 of Moore's appendix.

[5] Appellee married several years ago, and is now known as Kimberly Barbour. Some of these matters date back over a decade, and her maiden name appears in some cases, her married name in others.

7

the judge handling that case. Subsequently, that judge would not allow Appellee to tell the jury that the reason she turned over the personal property was that Wells Fargo had a writ of execution. Without that key fact, the jury understandably found that she had converted Moore's personal property.

Appellee filed Chapter 7 Bankruptcy in 2016.[6] Moore filed an adversary complaint [ER-87], seeking a determination that the State Court judgment for conversion of personal property was non-dischargeable. Moore lost, and Appellee got her discharge [RFJN, Ex. 6]. At about the same time, Moore also sued Wells Fargo (and others, including Appellee's husband, George Barbour) in the District Court regarding the same personal property.[7]

Moore not only lost the Wells Fargo case, the District Court deemed Moore to be a vexatious litigant and imposed a Pre-Filing Order [ER-81]. The Pre-Filing Order requires Moore to lodge a copy of that Order with the District Court and to obtain permission before filing any new proceedings in the Central District of California. Moore appealed both the judgment in favor of Wells Fargo and the Pre-

---

[6] See Request for Judicial Notice (RFJN), Ex. 3].
[7] See RFJN, Ex. 8.

Filing Order, and this 9th Circuit Court of Appeals affirmed on January 23, 2019, in Case No. 18-55768 [ER-74].

Moore refuse to accept the rulings of the District Court and the Bankruptcy Court. In 2021, he tried to execute on the discharged State Court judgment. Appellee moved to reopen the bankruptcy and to have Moore held in contempt for violation of the discharge injunction. Those motions were eventually granted. In the meantime, Moore filed two more adversary proceedings against Appellee and her counsel, alleging that Appellee still had the personal property in question, and that Appellee and her counsel had committed bankruptcy fraud in 2016, because she allegedly still has some or all of the personal property that is the subject of all of Moore's litigation.[8] The adversary proceedings were frivolous factually,[9] but beyond that, they were also an attempt to relitigate the same issues Moore had lost in his early adversary. And, besides, the new cases were several years beyond the deadline to file an adversary proceeding.

---

[8] See RFJN, Exs. 14 and 15].

[9] A simple example: Moore sued current counsel for what was and was not disclosed in the bankruptcy schedules. Putting aside the litigation privilege, current counsel has never filed bankruptcy schedules in any case ever, and did not even know of the existence of the parties, let alone the bankruptcy, until Moore filed his adversary complaint in 2016. Moore just makes up whatever "facts" suit his purpose.

Appellee moved to dismiss the first of the new adversary proceedings [ER-16]. Moore countered with a motion for an evidentiary hearing on the motion to dismiss [ER-24]. The Bankruptcy Court denied the motion for an evidentiary hearing [ER-22]. Moore purported to appeal that ruling to the District Court, but did not comply with the Pre-Filing Order. The District Court found the Pre-Filing Order and dismissed the appeal [ER-33]. Moore then appealed that ruling to this Court. *That is the present appeal.*

In the meantime, the Bankruptcy Court granted the motion to dismiss the adversary proceeding [ER-11], and Moore appealed that ruling as well. That is District Court case No. 2:22-cv-03758-GW, which is still pending as of the present writing, although there is a motion to dismiss on calendar based on the Pre-Filing Order.

This Court will no doubt have noticed a fatal flaw in the present proceeding: an order denying the motion for an evidentiary hearing on a motion to dismiss is not an appealable order because it did not resolve the case. The Order dismissing the adversary proceeding is the appealable order. Under the merger rule, prior interlocutory orders merge with the final judgment in a case and are reviewable on

appeal.[10]  In other words, if Moore wants to challenge the Bankruptcy Court's denial of his request for an evidentiary hearing, he needs to do so in case No. 2:22-cv-03758-GW.  The present proceeding is, on its face, without merit.

**3.      THE ORDER DENYING THE REQUEST FOR AN EVIDENTIARY HEARING IS NOT APPEALABLE AND THE APPEAL TO THE DISTRICT COURT WAS UTTERLY WITHOUT MERIT**

The easiest way to resolve the present appeal is to simply observe that the Bankruptcy Court's Order denying the request for an evidentiary hearing is not an appealable order, and that the District Court did not have jurisdiction in this case (although of course it does have jurisdiction in case No. 2:22-cv-03758-GW).  That is a clean legal issue, based on the nature of the Order Moore appealed from, and does not require a deeper dive into the record.

Moore is well aware that the Bankruptcy Court's Order denying the motion for an evidentiary hearing was not an appealable Order.  Here is a quote from

---

[10] As noted below, that sentence is an exact quote from a brief Moore himself filed in the District Court.

11

Moore's brief in the present appeal, in which he correctly states the rule regarding

what kind of orders are appealed:

> The District Court's decision dismissing Appellant's Bankruptcy Appeal on August 29, 2022, (Dkt-15), evinces the District Court's "unambiguous intent to render a final judgment," and therefore satisfies the standard for appellate jurisdiction of a final decision under 28 U.S.C. § 1291. See, *Alpine State Bank v. Ohio Cas. Ins. Co.*, 941 F.2d 554, 559 (7th Cir. 1991). Appellant contends that "the district court intended its order to end the case." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 983 (9th Cir. 2000). OB, at 5.

And here is a quote from Moore's November 9, 2022 brief in the District Court in

Case No.: 22-cv-06465 MEMF, where he correctly explains why the order denying

his motion for an evidentiary hearing can be addressed in his appeal from the Order

dismissing his adversary complaint:

> Under the "merger rule," prior interlocutory orders merge with the final judgment in a case and are reviewable on appeal. See Elfman Motors, Inc. v. Chrysler Corp., 567 F.2d 1252, 1253 (3d Cir. 1977) ("the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment"). See RFJN, Ex. 34 at p.5.

12

Note that Moore is thus trying to litigate his motion for an evidentiary hearing in two separate cases, at the same time.

Those two quotes correctly sum up the law. The Bankruptcy Court's Order denying the request for an evidentiary hearing is not itself an appealable order, because it did not end the adversary proceeding. The District Court could consider that Order, if necessary, in ruling on the appeal from the substantive Order dismissing the adversary proceeding, i.e., in No. 2:22-cv-03758-GW. Thus, the District Court had no choice but to dismiss the appeal, and its decision should be affirmed on that basis alone.

## 4.   THE DISTRICT COURT CORRECTLY DISMISSED THE CASE BASED ON THE PRE-FILING ORDER

A district court has the inherent authority to enter pre-filing orders against vexatious litigants under the All Writs Act, 28 U.S.C. § 1651.[11] Such orders may include enjoining litigants with abusive and lengthy histories by restricting the filing of further meritless cases. See *De Long*, *supra*, 912 F.2d at 1147. See *Bruzzone v. Intel Corp.*, 2021 U.S. Dist. LEXIS 220468 (ED Cal. 2021).

---

[11] See *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

Moreover, the propriety of the Pre-Filing Order is not at issue here. That Order is final beyond appeal. The only question here is whether Moore violated the Pre-Filing Order, which he clearly did when he filed the appeal in the District Court without first lodging the Pre-Filing Order and asking for permission to proceed.[12]

First, the Pre-Filing Order specifically states that Moore must lodge a copy of the Order with any case-initiating document. Moreover, the Pre-Filing Order directs the Clerk of the Court not to accept any new filings from Moore without written permission of a Judge or Magistrate of the District Court.[13] Moore circumvented that requirement by the simple expedient of not lodging a copy of the Pre-Filing Order with his notice of appeal from the Bankruptcy Court to the District Court. The Clerk of the Court, no doubt ignorant of the existence of the Pre-Filing Order, incorrectly filed Moore's new proceeding.

---

[12] Indeed, Moore violated the Pre-Filing Order when he filed the underlying adversary proceeding in the Bankruptcy Court. The Bankruptcy Court, however, concluded that it was not part of the District Court and that the Pre-Filing Order did not apply. Later, the Bankruptcy Court issued its own pre-filing order against Moore.

[13] See Pre-Filing Order, page 5, paragraph 3, ER-81.

14

Moore's failure to comply with that aspect of the Pre-Filing Order is sufficient, standing alone, to administratively close the case as having been improperly opened in the first place. Indeed, the District Court did exactly that in Case Nos. 2:22-cv-04454-PA and 2:22-cv-06465-MEMF. See RFJN, Exs. 26 and 33, respectively. Here, the District Court noted that issue, but went even further to examine Moore's underlying adversary proceeding, compare it to the issues noted in the Pre-Filing Order and then determined that Moore was, yet again, trying to relitigate the same basic dispute. See ER-7.

The District Court correctly concluded that the underlying adversary proceeding is yet another attempt to litigate over the same personal property that originally belonged to Moore, but which was security for the Wells Fargo loan. One way to see that is to simply compare the Complaint in the Wells Fargo case, the Pre-Filing Order, and the current adversary complaint. But Moore's own brief makes that unnecessary.

Paragraph 1 of the Pre-Filing Order bars Moore from filing litigation that seeks to relitigate ownership of the real property located at 6150 Shenandoah (Appellee's home), or the personal property located at that residence. On page 11

of Moore's Opening Brief in this case, he claims that, on July 7, 2021, the Sheriff entered…"6150 Shenandoah, by breaking the lock, to identify and discovery a 1971/72 Vintage Chevrolet, belonging to the Moore family.…"  Indeed, Moore's entire adversary complaint is yet another attempt to argue that Appellee has some or all of the same personal property that was the subject of the State Court case, the 2016 adversary proceeding, the Wells Fargo case and literally dozens of other proceedings Moore filed in Bankruptcy Court and various Federal District Courts.

In his Opening Brief, Moore materially miscites the Pre-Filing Order.  He claims that the Order applies to "the personal property belonging to Wells Fargo Bank located at the Shenandoah Residence." OB, p.11, emphasis added.  Not so. *Moore added the words "belonging to Wells Fargo*."  The actual Pre-Filing Order applies to any case seeking "directly or indirectly" to "litigate ownership of the personal property located at" 6150 Shenandoah.[14]  There is nothing in the Pre-Filing Order limiting the prohibition to cases involving Wells Fargo.  And, indeed, the "Wells Fargo" case included other parties, such as Appellee's husband, George

---

[14] And again, Wells Fargo did not own 6150 Shenandoah, nor any of the personal property located there.  Wells Fargo had a security interest, on which it executed. The property was sold to partially satisfy the debt.  At no time did Wells Fargo actually own *any* of the personal property, or for that matter, the real property.

Barbour, and the Los Angeles County Sheriff.[15]  The District Court therefore did not limit its Order based on the identity of the defendants.

## 5.  THE BANKRUPTCY COURT WAS NOT REQUIRED TO HOLD AN EVIDENTIARY HEARING ON THE MOTION TO DISMISS

Although it is not strictly relevant to the present appeal, it is worth noting that Moore was not entitled to an evidentiary hearing on the motion to dismiss.  The motion was not supported by any evidence, Moore did in fact submit his evidence, and the ruling was not based on any factual findings.  Moore does not cite any law that would entitle him to waste the Bankruptcy Court's time with an evidentiary hearing under such circumstances and, in fact, none exists.

## 6.  MOORE'S MISCELLANEOUS ARGUMENTS ARE MERITLESS

Moore raises a number of arguments, all of which are meritless.  First, he alleges that there was some *ex parte* communication between Appellee's counsel and the District Court.  There is no evidence whatsoever to support that false claim.

---

[15] Appellee would no doubt have been a defendant too, had she not been in bankruptcy.

It seems Moore is upset that counsel wrote "Specially Appearing" on the caption of their few filings in the District Court. Writing "Specially Appearing" on a pleading does not make that pleading an *ex parte* communication.[16] To be perfectly clear, Moore was served with all pleadings in all courts. He does not even contend otherwise.

Second, Moore argues that the Pre-Filing Order is moot because he obtained a discharge in his own bankruptcy, filed in 2017, Case No. 1:17-bk-12071. Moore has not thought this one through.[17] The Pre-Filing Order was entered in 2018, *after* Moore filed bankruptcy. Post-petition debts cannot be discharged in a Chapter 7

---

[16] Moore's Notice of Appeal named Ronald Hills as the only other party to the appeal. Counsel wrote "Specially Appearing" in order not to waive the argument that any other parties were voluntarily appearing. Moore also puts Hills' name on all proofs of service, and Hills has filed various cases as Moore's assignee. It is unclear if the man is Moore's accomplice, or perhaps just Moore's pseudonym.

[17] Moore's 2017 no-asset bankruptcy creates an entirely different problem for Moore. Assume *arguendo* that everything else Moore said was true, and further that it had not already been litigated over and over. Assuming all that, Appellee stole some of Moore's personal property sometime before 2013 (when the State Court Judgment was entered), and she still has that property to this day. But Moore did not list those assets in his own 2017 bankruptcy, which is identified as a no-asset case. So, even if Moore were correct, and Appellee had "his" property, that property should have gone to Moore's creditors. By failing to list it, and getting a discharge, Moore is judicially estopped from claiming that he owns it.

bankruptcy. On a more fundamental issue, however, a Pre-Filing Order is not a debt, and not subject to discharge.

Moore also argues that he has the right to sue for bankruptcy fraud, alleging that Appellee had assets she did not report on her schedules, back in 2016. Moore cites no cases for that proposition, and none exist. His action would be barred by the litigation privilege. But, ironically, Moore does not even plead that Appellee owned assets she did not report. Quite to the contrary, Moore alleges that she was holding *his* assets, and that he is entitled to them back.

Moore also argues that the Bankruptcy Court did not have jurisdiction to decide his State law claims, citing to a ruling made by the District Court in the Pre-Filing Order dismissing his State law claims in that case without prejudice. But again, Moore does not really understand the consequences of what he is saying. If the Bankruptcy Court is without jurisdiction to hear his claims, then the Bankruptcy Court cannot help him enforce those claims.[18] That would simply create another reason to dismiss.

---

[18] Moore cannot easily go back to State Court to file more frivolous litigation because the Los Angeles County Superior Court declared him a vexatious litigant.

19

**7.**    **CONCLUSION**

For all the reasons set forth above, and for many others, the Order of dismissal

by the District Court should be affirmed.

Dated:  March 22, 2023                    LEONARD, DICKER & SCHREIBER LLP

                                          By:  _/s/ Steve Schuman_
                                              Steven A. Schuman
                                              Attorneys for Debtor/Appellee
                                              Kimberly Martin-Bragg

4176-03\9th Circuit Appeal 3\APPELLEE'S ANSWERING BRIEF.P01.docx

## **CERTIFICATE OF COMPLIANCE**

1.     This brief complies with the type-volume limitation of FRAP 32(a)(7)(B) because this brief contains 3,153 words, excluding the parts of the brief exempted by FRAP 32(a)(7)(B)(iii), or

2.     This brief complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using MS-Word in 14-point Times New Roman font type.

Dated:  March 22, 2023                    LEONARD, DICKER & SCHREIBER LLP


By:   "/s/" *Steven A. Schuman*
                    Steven A. Schuman
                    Attorneys for Defendant-Appellee
                    Kimberly Barbour

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** 22-55914

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[   ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ x ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Ivan Rene Moore
1236 South Redondo Boulevard
Los Angeles, CA 90019-1546

**Description of Document(s)** *(required for all documents)*:

APPELLEE'S ANSWERING BRIEF

**Signature** _"s/Peggy Young"_ **Date** 3/22/2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 15** *Rev. 12/01/18*