**No. 22-55914**

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

———————————

**IVAN RENE MOORE, PRO SE**
*Plaintiff/Creditor-Appellant,*
*v.*
**KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR, et al.**
*Defendants-Appellees*

———————————

Appeal from the United States District Court
For the Central District of California
The Hon. Dolly M. Gee, Presiding
Case No. 2:22-cv-03451-DMG

Appeal from the United States Bankruptcy Court
For the Central of District of California
The Hon. Barry Russel, Presiding
Case No. 2:16-bk-22878-BR

———————————

**APPELLEE'S EXCERPTS OF RECORD**

———————————

Steven A. Schuman, SBN 142834
Leonard, Dicker & Schreiber LLP
10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Phone:  (310) 551-1987
Fax:      (310) 277-8050
Email:  sschuman@ldslaw.com

Attorneys for Appellee
Kimberly Barbour

1

**TO THE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

Appellee Kimberly Barbour provides excerpts from the record, consisting of those documents that Appellee believes the Court actually needs to see and review in order to decide the appeal. For consistency, Appellee will keep the documents in the same order as her Request for Judicial Notice, and with the same exhibit numbers.

CHRONOLOGICAL INDEX

| DATE | DOCUMENT | DISTRICT COURT DOCKET NO. | LOCATION |
|---|---|---|---|
| 8/29/22 | CIVIL MINUTES<br><br>[Ex. 28 in RFJN] | 15 | 7-8 |
| 8/24/22 | ORDER GRANTING DEBTOR'S MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATING CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT<br><br>[Ex. 27 in RFJN] | 328 | 9-10 |
| 5/31/22 | ORDER DISMISSING MARCH 1, 2022 ADVERSARY PROCEEDING WITH PREJUDICE<br><br>[Ex. 23 in RFJN] | 29 | 11-12 |
| 5/20/22 | NOTICE OF APPEAL AND STATEMENT OF ELECTION<br><br>[Ex. 22 in RFJN] | 25 | 13-21 |
| 5/9/22 | ORDER DENYING "PLAINTIFF'S REQUEST FOR EVIDENTIARY HEARING AND OR DISCOVERY"<br><br>[Ex. 21 in RFJN] | 20 | 22-23 |

| DATE | DOCUMENT | DISTRICT COURT DOCKET NO. | LOCATION |
|---|---|---|---|
| 5/6/22 | PLAINTIFF'S REQUEST FOR EVIDENTIARY HEARING AND OR DISCOVERY<br><br>[Ex. 20 in RFJN] | 19 | 24-31 |
| 3/1/22 | ADVERSARIAL COMPLAINT FOR: (1) DEBTORS FRAUD PURSUANT TO 28 U.S.C. 523(a)(2)(A); (2) DEBTORS FRAUD PURSUANT TO 28 U.S.C. 523(a)(2)(B); (3) DEBTORS FRAUD PURSUANT TO 28 U.S.C. 523(a)(4); (4) DEBTORS FRAUD PURSUANT TO 28 U.S.C. 523(a)(6); (5) LARCENY/CONTINUING CONVERSION; (6) TRESPASS TO CHATTEL/CONTINUING; (7) FRAUDULENT TRANSFERS; (8) CONSTRUCTIVE TRUST; (9) VIOLATION OF PENAL CODE §496 RECEIVING AND/OR CONCEALING STOLEN PROPERTY ALLEGATION FOR PUNITIVE DAMAGES<br><br>[Ex. 14 in RFJN] | 1 | 32-73 |

| DATE | DOCUMENT | DISTRICT COURT DOCKET NO. | LOCATION |
|---|---|---|---|
| 1/23/19 | MEMORANDUM, NOT FOR PUBLICATION<br><br>[Ex. 13 in RFJN] | 20-1 | 74-80 |
| 5/17/18 | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PLAINTIFF TO BE A VEXATIOUS LITIGANT; AND ENTERING PRE-FILING ORDER<br><br>[Ex. 12 in RFJN] | 35 | 81-86 |
| 12/9/16 | VERIFIED ADVERSARY PROCEEDING COMPLAINT FOR (1) FRAUDULENT BANKRUPTCY FILING IN VIOLATION OF 18 U.S.C. §157; (2) NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(A)(2), (4), (6) AND (11); (3) CONVERSION; (4) EMBEZZLEMENT; (5) FRAUDULENT TRANSFERS; (6) REPLEVIN; (7) FALSE LIGHT; (8) TORTUOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; (9) COMMON LAW FRAUD; (10) DEFAMATION; (11) | 1 | 87-139 |

| DATE | DOCUMENT | DISTRICT COURT DOCKET NO. | LOCATION |
|---|---|---|---|
| | CONSTRUCTIVE TRUST; (12) NEGLIGENT MISREPRESENTATION [Ex. 5 in RFJN] | | |
| 9/26/22 | NOTICE OF APPEAL TO THE UNITED STATES NINTH CIRCUIT COURT OF APPEAL | 15 | 140-147 |
| | BANKRUPTCY COURT DOCKET – 2:16-bk-22878-BR | | 148-184 |
| | BANKRUPTCY COURT DOCKET – 2:22-ap-01058-BR | | 185-191 |
| | DISTRICT COURT DOCKET – 2:22-cv-03451-DMG | | 192-195 |

UNITED STATES DISTRICT COURT  **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-3451-DMG** | Date | |
|---|---|---|---|
| | **2:16-bk-22878** | | August 29, 2022 |
| | **2:22-ap-01058** | | |

Title ***In Re: Debtor Kimberly Martin Bragg,* Ivan Rene Moore, appellant,** Page 1 of 2
   **Kimberly Martin Bragg, appellee**

Present: The Honorable DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

Proceedings: **IN CHAMBERS—ORDER DISMISSING APPEAL**

The matter is before the Court on Appellant Ivan Rene Moore's appeal from the Bankruptcy Court's May 9, 2022 Order denying his "Request for Evidentiary Hearing and/or Discovery." [Doc. # 1.] On June 17, 2022, the Court issued an Order to Show Cause Re Dismissal for Lack of Prosecution [Doc. # 11] ("OSC re DLOP") because the Bankruptcy Court issued a deficiency notice indicating that a Notice of Transcript had not been filed [Doc. # 7]. Subsequently, it came to the Court's attention that Appellant had been designated a vexatious litigant.

On May 17, 2018, Hon. Otis D. Wright II entered an order declaring Appellant a vexatious litigant per Local Rule 83-8 and ordered that the Clerk was not to process any pleadings from Moore until that pleading had been screened by a judicial officer of this Court who approved the filing. *Moore v. Wells Fargo Bank, et al.,* C.D. Cal. Case No. CV 17-4828-ODW (GJSx), Ord. Accepting Report and Recommendations of U.S. Magistrate Judge ("Vexatious Litigant Order") at 5 [Doc. # 35]. Appellant's May 20, 2022 Notice of Appeal and accompanying case initiation documents did not follow the procedures required by the May 17, 2018 Vexatious Litigant Order. On August 16, 2022, this Court issued an Order to Show Cause ("OSC re VL") why this action should not be dismissed for violation of the Vexatious Litigant Order. [Doc. # 13.]

Moore filed his response ("OSC Response") on August 24, 2022. [Doc. # 14.] In his response, Moore claims that this case "has absolutely nothing what-so-ever to do with Wells Fargo Bank or the issues listed in Judge Otis Wright's order[]" declaring him a vexatious litigant. *Id.* at 3. The Court disagrees. The Vexatious Litigant Order requires that any case Plaintiff files must include a motion asking for leave to file the pleading with adequate justification if it:

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

Case 2:22-cv-03451-DMG   Document 15   Filed 08/29/22   Page 2 of 2   Page ID #:178

UNITED STATES DISTRICT COURT          **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-3451-DMG** | Date | |
|---|---|---|---|
| | **2:16-bk-22878** | | August 29, 2022 |
| | **2:22-ap-01058** | | |

| Title | *In Re: Debtor Kimberly Martin Bragg,* **Ivan Rene Moore, appellant,** | Page | 2 of 2 |
|---|---|---|---|
| | **Kimberly Martin Bragg, appellee** | | |

[A]ttacks, seeks to vacate, void or expunge, or otherwise seeks to challenge in any way—whether directly or indirectly—Wells Fargo's $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Moore and the other Judgment Debtors; or seeks to litigate ownership of 6150 Shenandoah Avenue, Los Angeles, CA 90065 ("Shenandoah Residence") or the personal property at the Shenandoah Residence.

*Moore v. Wells Fargo Bank, et al.,* C.D. Cal. Case No. CV 17-4828-ODW (GJSx), Ord. Accepting Report and Recommendations of U.S. Magistrate Judge at 5 [Doc. # 35]. The Court's OSC re VL used the phrase "related to his prior disputes with Wells Fargo" as shorthand for its content, but clearly references the Vexatious Litigant Order in its entirety.

Moore claims that the instant case—being completely irrelevant to the issues listed in the Vexatious Litigant Order—relates only to Debtor/Appellee Kimberly Martin-Bragg's bankruptcy fraud. OSC Response at 3. A closer look at the proceedings that gave rise to the Vexatious Litigant Order, however, shows that Kimberly Martin-Bragg is the owner of the Shenandoah Residence and the Wells Fargo dispute was entirely centered around Wells Fargo's exercise of its rights with respect to its security interest in the replevin property of Moore held at the Shenandoah Residence after Martin-Bragg declared bankruptcy. *Moore v. Wells Fargo Bank, et al.,* C.D. Cal. Case No. CV 17-4828-ODW (GJSx), Report and Recommendation of U.S. Magistrate Judge at 4–12 [Doc. # 27]. Moore's dispute with Martin-Bragg has been the common thread present in dozens of lawsuits that involved Wells Fargo and led to the Vexatious Litigant Order.[1] *See id.,* Appxs. A-B, at 36–39.

For all the foregoing reasons, the Court concludes that this action is subject to the requirements of the Vexatious Litigant Order, and Moore has not complied with its terms. Accordingly, the June 17, 2022 OSC re DLOP is **DISCHARGED** and this appeal is **DISMISSED**.

**IT IS SO ORDERED.**

cc: Bankruptcy Court

---

[1] Although Moore's Notice of Appeal identifies Ronald Hills as the party to the appeal [Doc. # 1], Moore's response to the OSC re VL does not explain how Hills relates to this appeal or why any issues with Hills would be unrelated to the Martin-Bragg bankruptcy, given Moore's own admission that this case relates to Martin-Bragg's alleged bankruptcy fraud.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

Case 2:16-bk-22878-BR    Doc 328    Filed 08/24/22    Entered 08/24/22 14:15:17    Desc
Main Document    Page 1 of 2

1 | STEVEN A. SCHUMAN, SBN. 142834
LEONARD, DICKER & SCHREIBER LLP
2 | 10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024-3963
3 | Phone:  (310) 551-1987
Fax:    (310) 277-8050
4 | Email:  sschuman@ldslaw.com

5 | PETER M. LIVELY, SBN 162686
ILYA B. VOLK, SBN 272407
6 | LAW OFFICE OF PETER M. LIVELY
7 | 11268 Washington Boulevard, Suite 203
Culver City, California 90230-4647
8 | Telephone: (310) 391-2400
Peter@PeterMLively.com
9 |

10 | Attorneys for Debtor

11 |

12 | **UNITED STATES BANKRUPTCY COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14 | **LOS ANGELES DIVISION**

15 |

| In re: | Case No. 2:16-bk-22878-BR |
| | |
| KIMBERLY BARBOUR | Chapter 7 |
| | |
| Debtor. | **ORDER GRANTING DEBTOR'S MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATING CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT** |
| | |
| | Date:  August 2, 2022 |
| | Time:  10:00 AM |
| | Ctrm:  1668 by zoomgov.com |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |

**FILED & ENTERED**

AUG 24 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

CHANGES MADE BY COURT

25 |    The Court conducted a hearing on August 2, 2022 at 10:00 AM of the above-entitled Court

26 | regarding Debtor's Motion for Pre-Filing Order, Injunctive Relief and Designation of Creditor Ivan

27 | Rene Moore as a Vexatious Litigant ("Debtor's Motion"). Ilya B. Volk appeared for the Debtor
28 |

009

1   and Ivan Rene Moore appeared *in propia persona*.

2      For all of the reasons set forth in the "Findings Of Fact And Conclusions Of Law Regarding

3   Debtor's Motion For Pre-Filing Order, Injunctive Relief And Designating Creditor Ivan Rene

4   Moore As A Vexatious Litigant" filed contemporaneously herewith,

5      IT IS HEREBY ORDERED that:

6

7      1. Debtor's Motion is granted;

     2. Ivan Rene Moore is hereby declared to be a vexatious litigant;

8

9      3. A Pre-Filing requirement is hereby imposed upon Ivan Rene Moore requiring him to

10        seek leave of court before filing any action against Debtor KIMBERLY BARBOUR,

11        her spouse, agents or attorneys;

12      4. The clerk of this court shall not accept for filing by or on behalf of Ivan Rene Moore

13        any pleading that commences any new contested matter or adversary proceeding against

14        Debtor KIMBERLY BARBOUR, her spouse, agents or attorneys, unless and until

15

16        Moore first receives leave to file such pleadings and posts a security bond in the amount

17        of $100,000 with the Court; and

18      5. Ivan Rene Moore is ordered to submit a copy of this Pre-Filing Order with any case-

19        initiating pleading he proffers to this Court.

20      IT IS SO ORDERED.

21 #####

22

23   Date: August 24, 2022

24

25                       Barry Russell
                      United States Bankruptcy Judge

26

27

28

1  STEVEN A. SCHUMAN, SBN. 142834
    LEONARD, DICKER & SCHREIBER LLP
2  10940 Wilshire Boulevard, Suite 2100
    Los Angeles, California 90024-3963
3  Phone:  (310) 551-1987
    Fax:    (310) 277-8050
4  Email:  sschuman@ldslaw.com

5  Attorneys for Defendants

**FILED & ENTERED**

**MAY 31 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

8          **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

11  In Re:

12  KIMBERLY MARTIN-BRAGG; AKA
    KIMBERLY BARBOUR,

13

            Debtor

16  IVAN RENE MOORE,

            Creditor/Plaintiff,

17

18     vs.

19  KIMBERLY MARTIN-BRAGG (aka)
    KIMBERLY BARBOUR an individual,
    GEORGE BARBOUR an individual, LAW
20  OFFICES OF THOMASINA REED, a
    California law office business entity form
21  unknown, THOMASINA REED an individual;
    and DOES 1 through 10,

22

            Defendants.

CASE NO.:    2:16-bk-22878-BR

CHAPTER 7

ADV. NO.:    2:22-ap-01058-BR

**ORDER DISMISSING MARCH 1, 2022
ADVERSARY PROCEEDING WITH
PREJUDICE**

Date:   May 10, 2022
Time:   2:00 p.m.
Ctrm.:  1668
255 East Temple Street
Los Angeles, CA 90012

LEONARD
DICKER &
SCHREIBER

1

1     The Court, having considered Defendants' "Motion To Dismiss Complaint In Its Entirety

2    Pursuant To Federal Rule Of Civil Procedure 12(b)(6)" ("Defendants' Motion to Dismiss") and for

3    all the reasons set forth in the "Findings of Fact and Conclusions of Law Dismissing the March 1,

4    2022 Adversary Proceeding with Prejudice" filed contemporaneously herewith, this Court grants

5

6    Defendants' Motion to Dismiss and dismisses Ivan Rene Moore's adversary proceeding filed on

7    March 1, 2022 bearing case number 2:22-ap-01058-BR with prejudice.

8

9    IT IS SO ORDERED

10

11    ###

12

13

14

15

16

17

18

19

20

21

22

23

24   Date: May 31, 2022

Barry Russell
United States Bankruptcy Judge

25

26

27   4176-03\P\ORDER-DISMISSING ADV. 1058.docx

28

LEONARD
DICKER &
SCHREIBER

2

012

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles, California 90019<br>323 932-9439 | **FILED**<br><br>MAY 2 0 2022<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:          Deputy Clerk |
| ☒ Individual appearing without attorney<br>☐ Attorney for: | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**   ▼

| In re:<br><br>Kimberely Martin-Bragg<br><br><br>Debtor(s). | CASE NO.:2:16-BK-22878-BR<br><br>ADVERSARY NO.:22:-ap-01058 BR<br>(if applicable)<br><br>CHAPTER: 7 |
|---|---|
| Ivan Rene Moore<br><br><br><br>Plaintiff(s) (if applicable).<br>vs.<br>Kimberly Martin Bragg (aka) Kimberly Barbour et al<br><br><br><br>Defendant(s) (if applicable). | **NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1: Identify the appellant(s)**

**ORIGINAL**

1.  Name(s) of appellant(s): Ivan Rene Moore _____

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☒ Plaintiff
☐ Defendant
☐ Other (describe): 

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☒ Creditor
☐ Trustee
☐ Other (describe):

**Part 2:  Identify the subject of this appeal**

1.  Describe the judgment, order, or decree appealed from:
    Ruling May 9th 2022  (See attached documents Exhibit A)

2.  The date the judgment, order, or decree was entered:  <u>05/09/2022</u>

**Part 3:  Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1.  Party: Roneld Hills

    Attorney:
     1236 Redondo Blvd
    Los Angeles, California 90019

2.  Party:

    Attorney:

**Part 4:  Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5:  Sign below**

_____      Date: <u>05/20/2022</u>

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

Case 2:22-ap-01058-BR    Doc 25    Filed 05/20/22    Entered 05/20/22 13:21:36    Desc
Main Document    Page 3 of 9

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9463 1/4 S Normandie 90045

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _05/20/2022_ , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

See service List

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/20/2022 | Devra Allen | |
|---|---|---|
| Date | Printed Name | Signature |

015

| | | |
|---|---|---|
| 1 | Joe & Helen Easton Invest C/O Rene Moore<br>1236 Redondo Blvd | JP Morgan Chase Bank<br>700 Kansas Lane |
| 2 | Los Angeles, CA 90019-1546 | Monroe , LA 71203-4774 |
| 3 | Kara Financial<br>C/O Rene Moore | Kimberly Barbour<br>6150 Shenandoah Avenue |
| 4 | 1236 Redondo Blvd<br>Los Angeles, CA 90019-1546 | Los Angeles, CA 90056-2021 |
| 5 | | |
| | LADWP | Law Offices of Thomasina Reed |
| 6 | c/o National Recovery Agency<br>2491 Paxton Street | 5777 W. Century Blvd., Suite 1125<br>Los Angeles, California 90045-5637 |
| 7 | Harrisburg, PA 17111-1036 | |
| 8 | Lee T Dicker | Loren Chaney  c/o Ivan Rene Moore |
| | Leonard Dicker & Schreiber LLP | 1236 Redondo Blvd. |
| 9 | 9430 Olympic Blvd<br>Beverly Hills, CA 90212-4552 | Los Angeles, California 90019-1546 |
| 10 | | |
| | Los Angeles Police Credit Union | Peter Baer c/o Nussbaum APC |
| 11 | 16150 Sherman Way<br>Van Nuys, California 91406-3956 | 27489 Agoura Rd, Suite 102<br>Agoura Hills, California 91301-2481 |
| 12 | | |
| | Peter M Lively | PRA Receivables Management, LLC |
| 13 | The Law Offices of Peter M Lively<br>11268 Washington Blvd Ste 203 | PO Box 41021<br>Norfolk, VA 23541-1021 |
| 14 | Culver City, CA 90230-4647 | |
| 15 | Pro Value Properties, Inc. c/o Nussbaum | Pro Value Properties, Inc. |
| | 27489 Agoura Rd, Suite 102 | 5737 Kanan Road, Suite 487 |
| 16 | Agoura Hills, California 91301-2481 | Agoura Hills , California 91301-1601 |
| 17 | Pro Value Propeties, Inc. | Radio Multi Media Investments c/o Ivan R |
| | 5737 Kanan Road, Suite 487 | 1236 Redondo Blvd. |
| 18 | Agoura Hills, California 91301-1601 | Los Angeles, California 90019-1546 |
| 19 | Rene & Angela c/o Ivan Rene Moore | Rene Moore Music c/o Ivan Rene Moore |
| | 1236 Redondo Blvd. | 1236 Redondo Blvd. |
| 20 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 21 | Rick Wilson c/o Ivan Rene Moore | Ronald Hills c/o Ivan Rene Moore |
| | 1236 Redondo Blvd. | 1236 Redondo Blvd. |
| 22 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 23 | Rufftown Entertainment Group c/o Ivan Re | Sam Essens c/o Ivan Rene Moore |
| | 1236 Redondo Blvd. | 1236 Redondo Blvd. |
| 24 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 25 | Samayack/New Frontier c/o Ivan Rene Moor | South Central Distribution c/o Ivan Rene |
| | 1236 Redondo Blvd. | 1236 Redondo Blvd. |
| 26 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 27 | Stone Busailah, LLP, Attn: Michael Willi | Strategic Acquisitions, Inc., et al c/o |
| | 200 East Del Mar Boulevard, Suite 350 | 27489 Agoura Rd., Suite 102 |
| 28 | Pasadena, California 91105-2564 | Agoura Hills, California 91301-2481 |

1    Suti Music c/o Ivan Rene Moore          The Estate of IMA Moore c/o Ivan Rene Mo
     1236 Redondo Blvd.                      1236 Redondo Blvd.
2    Los Angeles, California 90019-1546      Los Angeles, California 90019-1546

3    The Moore Family Trust c/o Ivan Rene Moo    The Moore Family Trust c/o Rene Moore
     1236 Redondo Blvd.                      1236 Redondo Blvd
4    Los Angeles, California 90019-1546      Los Angeles, CA 90019-1546

5    United Broadcasting Group C/O Rene Moore    V.J. Chandran c/o Ivan Rene Moore
     1236 Redondo Blvd.                      1236 Redondo Blvd.
6    Los Angeles, CA 90019-1546             Los Angeles, California 90019-1546

7    Vann Johnson c/o Ivan Rene Moore        Wells Fargo Bank
     1236 Redondo Blvd.                      c/o Michele Sabo Assayag
8    Los Angeles, California 90019-1546      Assayag Mauss
                                            2915 Redhill Ave Ste 200
9                                           Costa Mesa CA 92626-5916

10   Wells Fargo Bank                        WELLS FARGO BANK, N.A.
     P.O. Box 25341                          c/o ASSAYAG MAUSS, LLP
11   Santa Ana, California 92799-5341        2915 Redhill Ave., Ste. 200
                                            Costa Mesa, CA 92626-5916
12
     WELLS FARGO, N.A.                       West Viking Studios c/o Ivan Rene Moore
13   c/o Joshua K. Partington               1236 Redondo Blvd.
     ASSAYAG MAUSS, LLP                      Los Angeles, California 90019-1546
14   2915 Redhill Avenue, Suite 200
     Costa Mesa, CA 92626-7978
15
     WRPRJ Investment Group
16   C/O Rene Moore
     1236 Redondo Blvd
17   Los Angeles. Ca 90019-1546

18

19

20

21

22

23

24

25

26

27

28



15

16  Alamode Music c/o Ivan Rene Moore
    1236 Redondo Blvd.
17  Los Angeles, California 90019-1546

American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK  73124-8348

18  Central South Distributions
    1236 Redondo Blvd
19  Los Angeles, CA 90019-1546

Chase
P.O. Box 78420
Phoenix, Arizona 85062-8420

20  Citibank
    Post Office Box 6004
21  Sioux Falls, South Dakota 57117-6004

Deutsche Bank National Trust Company
700 Kansas Lane
Monroe, Arizona 71203-4774

22  Greenberg & Bass, LLP
    16000 Ventura Blvd
23  Encino, California 91436-2762

GS Electronics c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

24  Internal Revenue Service
    300 N. Los Angeles ST  STOP 5022
25  Los Angeles, CA 90012-3478

IRM Productions c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

26  Ivan Rene Moore
    1236 Redondo Blvd
27  Los Angeles, CA 90019-1546

Ivan Rene Moore
1236 Redondo Blvd
Los Angeles, California 90019-1546

28

SNELL & WILMER
600 Anton Blvd. Suite 1400
Costa Mesa California 92626
Attn: Joshua Partington Esq.
Attorney For
Wells Fargo, Assets Reliance, Craig Hanson, Edward Testo

Ronald Hills
1236 Redondo Boulevard
Los Angeles, CA  90019

Leonard Dicker & Schreiber
10940 Wilshire blvd
Suite 2100
Los Amgeles Ca 90024

# EXHIBIT

# A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> **FILED & ENTERED**
>
> **MAY 09 2022**
>
> CLERK U.S. BANKRUPTCY COURT
> Central District of California
> BY fortier      DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

KIMBERLY MARTIN-BRAGG; aka
KIMBERLY BARBOUR,

Debtor(s).

IVAN RENE MOORE,

Plaintiff,

v.

KIMBERLY MARTIN-BRAGG (aka)
KIMBERLY BARBOUR an individual,
GEORGE BARBOUR an individual, LAW
OFFICES OF THOMASINA REED, a
California law office business entity form
unknown, THOMASINA REED an
individual; and DOES 1 through 10,

Defendants.

Case No.: 2:16-bk-22878-BR
Adv. No.: 2:22-ap-01058-BR

Chapter 7

**ORDER DENYING "PLAINTIFF'S REQUEST
FOR EVIDENTIARY HEARING AND OR
DISCOVERY"**

Date: May 10, 2022
Time: 2:00 p.m.
Place: Courtroom 1668
  Roybal Federal Building
  255 East Temple Street
  Los Angeles, California  90012

I

6300401690B012

Case 2:22-ap-01058-BR    Doc 25    Filed 05/20/22    Entered 05/20/22 13:21:36    Desc
Main Document    Page 9 of 9

1       This matter is before the Court regarding the "Plaintiff's Request For Evidentiary

2  Hearing And Or Discovery" filed by Ivan Rene Moore on May 6, 2022 (Docket No. 19).

3       The Court has reviewed the request.  No good cause having been shown, the

4  request is **DENIED.**

5       **IT IS SO ORDERED.**

6

7  ###

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Date: May 9, 2022

26                               Barry Russell
United States Bankruptcy Judge

27

28

2

016892    6300401690 8012

021

Case 2:22-ap-01058-BR    Doc 20    Filed 05/09/22    Entered 05/09/22 14:41:16    Desc
Main Document    Page 1 of 2

FILED & ENTERED

MAY 09 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

|  |  |
|---|---|
| In re:<br><br>KIMBERLY MARTIN-BRAGG; aka<br>KIMBERLY BARBOUR,<br><br>                 Debtor(s). | Case No.: 2:16-bk-22878-BR<br>Adv. No.: 2:22-ap-01058-BR<br><br>Chapter 7 |
| IVAN RENE MOORE,<br><br>                 Plaintiff,<br><br>   v.<br><br>KIMBERLY MARTIN-BRAGG (aka)<br>KIMBERLY BARBOUR an individual,<br>GEORGE BARBOUR an individual, LAW<br>OFFICES OF THOMASINA REED, a<br>California law office business entity form<br>unknown, THOMASINA REED an<br>individual; and DOES 1 through 10,<br><br>                 Defendants. | **ORDER DENYING "PLAINTIFF'S REQUEST FOR EVIDENTIARY HEARING AND OR DISCOVERY"**<br><br>Date:  May 10, 2022<br>Time:  2:00 p.m.<br>Place: Courtroom 1668<br>  Roybal Federal Building<br>  255 East Temple Street<br>  Los Angeles, California  90012 |

1

1      This matter is before the Court regarding the "Plaintiff's Request For Evidentiary

2  Hearing And Or Discovery" filed by Ivan Rene Moore on May 6, 2022 (Docket No. 19).

3      The Court has reviewed the request. No good cause having been shown, the

4  request is **DENIED.**

5      **IT IS SO ORDERED.**

6

7  ###

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Date: May 9, 2022

26  Barry Russell
   United States Bankruptcy Judge

27

28

2

1    IVAN RENE MOORE,
     1236 SOUTH REDONDO BLVD
2    LOS ANGELES, CA 90019

3    PETITIONER, IN PRO PER

**FILED**

MAY - 6 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

4

5

6                    UNITED STATES BANKRUPTCY COURT

7              FOR THE CENTRAL DISTRICT OF CALIFORNIA

8                          LOS ANGELES DIVISION

9                                    ) Case No.: 2:16-bk-22878-BR
                                     )
10   In re: Kimberly Barbour,        ) ADV. NO.: 2:22-ap-01058-BR
                                     )
11                        Debtor.    ) Chapter 7
                                     )
12                                   ) PLAINTIFF'S REQUEST FOR
                                     ) EVIDENTIARY HEARING AND OR
13                                   ) DISCOVERY
                                     )
14                                   )
                                     ) Date: May 10, 2022
15                                   ) Time: 2:00 p.m.
                                     ) Place: Courtroom 1668
16                                   ) 255 East Temple Street Los Angeles, CA
                                     ) 90012
17                                   )
                                     )
18                                   )
                                     )
19                                   )
                                     )
20                                   )          **ORIGINAL**
                                     )
21                                   )
                                     )
22                                   )
                                     )
23                                   )
                                     )
24                                   )
                                     )
25                                   )

26

27

28

024

## REQUEST FOR AN EVIDENTIARY HEARING AND DISCOVERY

PLAINTIFF requests an evidentiary hearing in order to resolve certain disputed facts related to motion to dismiss . Good cause exists for this request as follows:

1.    As a part of their motion to dismiss, the Defendants claim that this adversarial action is nothing more than another attempt at a previous Adversarial action brought by Plaintiff which was dismissed.  (See Defendant's Motion to Dismiss Adversarial Proceeding in Its Entirety Pursuant to FRCP 12 (b)(6)).

2.    In addition, the Federal Rules of Civil Procedure from which the FRBP come contemplate that a district court may sua-sponte grant summary judgment by converting a motion to dismiss filed pursuant to Rule 12(b)(6) into a motion for summary judgment, provided that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56" Fed.R.Civ.P. 12(b)(6); see Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 104-05 (6th Cir.1995). See also, Excel Energy, Inc. v. Cannelton Sales Co., 246 Fed.Appx. 953, 960, 2007 WL 2426436.

3. Because this motion is tantamount to a motion for summary judgment, Plaintiff requests a short evidentiary hearing where Plaintiff will make an offer of proof on the weight and facts supporting his allegations in his complaint and will offer new evidence which will prove to the court that this adversarial action could not relate to or mirror the previous action because the facts supporting this action did not exist in 2017.

4. The Plaintiff requests discovery in lieu of or in addition to an evidentiary hearing.  Plaintiff is the non-moving party and FRCP Rule 56 provides for discovery in this instance:

**FRCP RULE 56**

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by            , the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

5. The Defendants have ignored the new evidence consisting of the Los Angeles County Sheriff's raid upon the residence of the Debtor, and from which a report was made and filed in the Los Angeles County Superior Court.   This Report was made an exhibit to the Complaint and if the court disregards it or fails to look outside the four corners of the complaint, the Court will now have all the evidence to judge the allegations in Plaintiff's complaint. Plaintiff requests a short evidentiary hearing and or discovery on this issue.

026

1  "In evaluating subject matter jurisdiction on a motion to dismiss a court may consider '(1) the

2  complaint alone, (2) the complaint supplemented by undisputed facts 2 evidenced in the record, or

3  (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"

4  Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp., 757 F.3d 481, 483 (5th Cir.

5  2014) (citation and quotation omitted); see also Smith v. Reg'l Transit Auth., 756 F.3d 340, 347

6  
7  (5th Cir. 2014) (the court is free to weigh the evidence and resolve factual disputes to satisfy itself

8  that it has the power to hear the case).

9  
10  6.    Accordingly Plaintiff res respectfully requests the opportunity to take  this and   any   other

11  discovery  necessary  to  resolve  the  disputed  factual  issues as well as an  evidentiary

12  hearing  for  the  Court  to  weigh  the  parties' conflicting evidence.

13  
14  **Dated:    May 4th, 2022**

15  
16  **Respectfully Submitted**

17  
18  **IVAN RENE MOORE**

19  **Creditor/ Plaintiff**

20  
21  
22  
23  
24  
25  
26  
27  
28

1

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
2
**COUNTY OF LOS ANGELES**

3

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and I
4
am not a party to the action within.  My business address is 1236 Redondo Blvd, Los Angeles,
California 90019. On May 4th, 2022, I served the foregoing documents described as:
5

**PLAINTIFF'S REQUEST FOR EVIDENTIARY HEARING AND OR DISCOVERY**
6

7

I served this document on the interested parties in this action by depositing in the US Mail
8
at Los Angeles, California addressed as follows:

9

**SEE SERVICE LIST**
10

11

I declare under penalty of perjury under the laws of the State of California that the
12
foregoing is true and correct. Executed on May 4th , 2022, at Los Angeles, California.

13

14
_____

15
Devra Allen

16

17

18

19

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | Suti Music c/o Ivan Rene Moore | The Estate of IMA Moore c/o Ivan Rene Mo |
| 2 | 1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 | 1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 3 | The Moore Family Trust c/o Ivan Rene Moo | The Moore Family Trust c/o Rene Moore |
| 4 | 1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 | 1236 Redondo Blvd<br>Los Angeles, CA 90019-1546 |
| 5 | United Broadcasting Group C/O Rene Moore | V.J. Chandran c/o Ivan Rene Moore |
| 6 | 1236 Redondo Blvd<br>Los Angeles, CA 90019-1546 | 1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 7 | Vann Johnson c/o Ivan Rene Moore | Wells Fargo Bank |
| 8 | 1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 | c/o Michele Sabo Assayag<br>Assayag Mauss |
| 9 | | 2915 Redhill Ave Ste 200<br>Costa Mesa CA 92626-5916 |
| 10 | Wells Fargo Bank | WELLS FARGO BANK, N.A. |
| 11 | P.O. Box 25341<br>Santa Ana, California 92799-5341 | c/o ASSAYAG MAUSS, LLP<br>2915 Redhill Ave., Ste. 200 |
| 12 | | Costa Mesa, California 92626-5916 |
| 13 | WELLS FARGO, N.A.<br>c/o Joshua K. Partington | West Viking Studios c/o Ivan Rene Moore<br>1236 Redondo Blvd. |
| 14 | ASSAYAG MAUSS, LLP<br>2915 Redhill Avenue, Suite 200<br>Costa Mesa, CA 92626-7978 | Los Angeles, California 90019-1546 |
| 15 | | |
| 16 | WRPRJ Investment Group<br>C/O Rene Moore | |
| 17 | 1236 Redondo Blvd<br>Los Angeles, Ca 90019-1546 | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

15

16    Alamode Music c/o Ivan Rene Moore                American InfoSource LP as agent for
      1236 Redondo Blvd.                               T Mobile/T-Mobile USA Inc
17    Los Angeles, California 90019-1546               PO Box 248848
                                                       Oklahoma City, OK  73124-8848

18    Central South Distributions                      Chase
      1236 Redondo Blvd                                P.O. Box 78420
19    Los Angeles, CA 90019-1546                       Phoenix, Arizona 85062-8420

20    Citibank                                         Deutsche Bank National Trust Company
      Post Office Box 6004                             700 Kansas Lane
21    Sioux Falls, South Dakota 57117-6004             Monroe, Arizona 71203-4774

22    Greenberg & Bass, LLP                            GS Electronics c/o Ivan Rene Moore
      16000 Ventura Blvd                               1236 Redondo Blvd.
23    Encino, California 91436-2762                    Los Angeles, California 90019-1546

24    Internal Revenue Service                         IRM Productions c/o Ivan Rene Moore
      300 N. Los Angeles ST  STOP 5022                 1236 Redondo Blvd.
25    Los Angeles, CA 90012-3478                       Los Angeles, California 90019-1546

26    Ivan Rene Moore                                  Ivan Rene Moore
      1236 Redondo Blvd                                1236 Redondo Blvd
27    Los Angeles, CA 90019-1546                       Los Angeles, California 90019-1546

28

      SNELL & WILMER
      600 Anton Blvd. Suite 1400
      Costa Mesa California 92626
      Attn: Joshua Partington Esq.
      Attorney For
      Wells Fargo, Assets Reliance, Craig Hanson, Edward Testo


      **Ronald Hills**
      **1236 Redondo Boulevard**
      **Los Angeles, CA  90019**


      **Leonard Dicker & Schreiber**
      **10940 Wilshire blvd**
      **Suite 2100**
      **Los Amgeles Ca 90024**

| | | |
|---|---|---|
| 1 | Joe & Helen Easton Invest C/O Rene Moore<br>1236 Redondo Blvd | JP Morgan Chase Bank<br>700 Kansas Lane |
| 2 | Los Angeles, CA 90019-1546 | Monroe , LA 71203-4774 |
| 3 | Kara Financial<br>C/O Rene Moore | Kimberly Barbour<br>6150 Shenandoah Avenue |
| 4 | 1236 Redondo Blvd<br>Los Angeles, CA 90019-1546 | Los Angeles, CA 90056-2021 |
| 5 | | |
| 6 | LADWP<br>c/o National Recovery Agency | Law Offices of Thomasina Reed<br>5777 W. Century Blvd., Suite 1125 |
| 7 | 2491 Paxton Street<br>Harrisburg, PA 17111-1036 | Los Angeles, California 90045-5637 |
| 8 | Lee T Dicker<br>Leonard Dicker & Schreiber LLP | Loren Chaney  c/o Ivan Rene Moore<br>1236 Redondo Blvd. |
| 9 | 9430 Olympic Blvd<br>Beverly Hills, CA 90212-4552 | Los Angeles, California 90019-1546 |
| 10 | | |
| 11 | Los Angeles Police Credit Union<br>16150 Sherman Way | Peter Baer c/o Nussbaum APC<br>27489 Agoura Rd, Suite 102 |
| 12 | Van Nuys, California 91406-3956 | Agoura Hills, California 91301-2481 |
| 13 | Peter M Lively<br>The Law Offices of Peter M Lively | PRA Receivables Management, LLC<br>PO Box 41021 |
| 14 | 11268 Washington Blvd Ste 203<br>Culver City, CA 90230-4647 | Norfolk, VA 23541-1021 |
| 15 | Pro Value Properties, Inc. c/o Nussbaum<br>27489 Agoura Rd, Suite 102 | Pro Value Properties, Inc.<br>5737 Kanan Road, Suite 487 |
| 16 | Agoura Hills, California 91301-2481 | Agoura Hills , California 91301-1601 |
| 17 | Pro Value Propeties, Inc.<br>5737 Kanan Road, Suite 487 | Radio Multi Media Investments c/o Ivan R<br>1236 Redondo Blvd. |
| 18 | Agoura Hills, California 91301-1601 | Los Angeles, California 90019-1546 |
| 19 | Rene & Angela c/o Ivan Rene Moore<br>1236 Redondo Blvd. | Rene Moore Music c/o Ivan Rene Moore<br>1236 Redondo Blvd. |
| 20 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 21 | Rick Wilson c/o Ivan Rene Moore<br>1236 Redondo Blvd. | Ronald Hills c/o Ivan Rene Moore<br>1236 Redondo Blvd. |
| 22 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 23 | Rufftown Entertainment Group c/o Ivan Re<br>1236 Redondo Blvd. | Sam Essens c/o Ivan Rene Moore<br>1236 Redondo Blvd. |
| 24 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 25 | Samayack/New Frontier c/o Ivan Rene Moor<br>1236 Redondo Blvd. | South Central Distribution c/o Ivan Rene<br>1236 Redondo Blvd. |
| 26 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 27 | Stone Busailah, LLP, Attn: Michael Willi<br>200 East Del Mar Boulevard, Suite 350 | Strategic Acquisitions, Inc., et al c/o<br>27489 Agoura Rd., Suite 102 |
| 28 | Pasadena, California 91105-2564 | Agoura Hills. California 91301-2481 |

1  IVAN RENE MOORE
   1236 Redondo Boulevard
2  Los Angeles, California 90019
   Telephone: (323) 932-9439
3  In Propria Persona

4

5

6

7  IN RE KIMBERLY MARTIN-BRAGG;  )    BK CASE NO.   2:16-bk-22878-BR
8  AKA KIMBERLY BARBOUR
                                       ADV. CASE NO.
9

10

11 IVAN RENE MOORE,                 )  DEMAND FOR JURY TRIAL
              Creditor/Plaintiff,   )
12                                  )
                                    )  ADVERSARIAL COMPLAINT FOR:
13                                  )
                                    )   1.  DEBTOR'S FRAUD PURSUANT TO
14    vs.                           )       28 USC 523(a)(2)(A)
                                    )   2.  DEBTOR'S FRAUD PURSUANT TO
15                                  )       28 USC 523(a)(2) (B)
                                    )   3.  DEBTOR'S FRAUD PURSUANT TO
16                                  )       28 USC  523 (a) (4)
                                    )
17                                  )
                                    )   4.  DEBTOR'S FRAUD PURSUANT TO
18                                  )       28 USC 523(a)(6)
                                    )
19                                  )
                                    )   5.  LARCENY/CONTINUING
20                                  )       CONVERSION
                                    )
21                                  )   6. TRESPASS TO
                                    )      CHATTEL/CONTINUING
22                                  )
                                    )   7. FRAUDULENT
23                                  )      TRANSFERS
                                    )
24                                  )   8. CONSTRUCTIVE TRUST
                                    )
25                                  )   9. VIOLATION OF PENAL CODE § 496
26                                  —
                                       RECEIVING AND/OR
27                                     CONCEALING STOLEN PROPERTY
28                                  )

**FILED**

MAR 0 1 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

ORIGINAL

| | | | |
|---|---|---|---|
| 1 | Defendants | ) | ALLEGATION FOR PUNITIVE |
| 2 | | ) | DAMAGES |
| 3 | KIMBERLY MARTIN-BRAGG (aka) | ) | |
| | KIMBERLY BARBOUR an individual, | ) | |
| 4 | GEORGE BARBOUR an individual, | ) | |
| | LAW OFFICES of THOMASINA REED, | ) | |
| 5 | a California law office business entity | ) | |
| | form unknown;  THOMASINA REED, | ) | |
| 6 | an individual; and DOES 1 through 10, | ) | |
| 7 | Defendants. | ) | |
| | | ) | |
| 8 | | ) | |

10  COMES NOW, Plaintiff Ivan Rene Moore and makes the following allegations.

I.

**JURISDICTION AND PARTIES**

1. This action arises under US Bankruptcy law, and California state statutes, as well as US Statutes.  Plaintiff pleads California law only to preserve the causes of action.  Plaintiff objects to any jurisdiction the US Bankruptcy Court may assert over California state causes of action, because the subject of such have been litigated by the California Court of Appeals, and stem from that action, which is the sole jurisdiction of the California Courts. This action is both a core and non-core proceeding.

2. Jurisdiction is proper pursuant to US Bankruptcy statutes 11 USC 523.

3. This action is brought in this Court because as of the commencement of this action, both Plaintiff and all Defendants reside within or conduct business within the jurisdictional area of this Court.  This action arises from the reopening of a bankruptcy in this district.

2

033

4. Plaintiff IVAN RENE MOORE, is an individual living in the County of Los Angeles, State of California, and has been harmed by the fraud, lied, conversion and trespass of the Defendants, and each of them.

5. Defendant Kimberly Martin-Bragg aka Kimberly Barbour ("BRAGG") is an individual, believed to be using other names, business and personal, is a resident of the city and County of Los Angeles State of California and committed the fraud and other harmful actions in this county. She has lied in both of her bankruptcies and is now petitioning this court to reopen her last bankruptcy. She has committed and continues to commit theft and larceny, and has intentionally defrauded this court in order to obtain a discharge. BRAGG is still intentionally converting and trespassing over property belonging to Mr. Moore which was stolen by BRAGG. She is believed to have sold transferred hypothecated and or destroyed or damaged Mr. Moore's property.

6. Defendant George Barbour ("BARBOUR") is an individual, also using other names, both in business and personal, is a resident of the city and county of Los Angeles State of California and has aided and abetted BRAGG's unlawful schemes to harm Plaintiff and others, and has violated court orders, and has committed crimes , and other harmful actions in this county against Mr. Moore and others. BARBOUR has admitted to other third parties about wearing Mr. Moore's watches and jewelry and about BRAGG wearing Mr. Moore's mother's jewelry. BARBOUR is the knowing recipient of the property belonging to Mr. Moore which was stolen by BRAGG. He is believed to have sold transferred hypothecated and or destroyed or damaged Mr. Moore's property.

6. Defendant Law Offices of Thomasina Reed, ("LOTR") is a California law office, business entity unknown, located in Inglewood California. At all times mentioned this Defendant

3

034

1    was in violation of Court Orders, as the attorney for Bragg, to immediately return Mr.

2    Moore's property.

3        7. Plaintiff alleges on information and belief that LOTR was the recipient of Mr. Moore's

4        Property wrongfully stolen by BRAGG is believed to have sold transferred hypothecated

5        and or destroyed or damaged Mr. Moore's property.

6

7    There are other allegations Mr. Moore is currently investigating against this

8    Defendant and he will amend this complaint when they are known.

9        8. Defendant Thomasina Reed, ("Reed") is an individual, is a resident of the city and county

10        of Los Angeles State of California and has aided and abetted BRAGG's unlawful schemes

11        to harm Plaintiff and others, and has violated court orders, and has committed crimes , and

12        other harmful actions in this county against Mr. Moore and others.

13

14    It is believed that this defendant to.have sold transferred hypothecated and or destroyed or

15    damaged Mr. Moore's property.

16    There are other allegations Mr. Moore is currently investigating against this Defendant

17    and he will amend this complaint when they are known.

18

19    9. Venue is proper in this district. Defendants' liability arise in this because defendant has

20        continued to intentionally wrongfully interfered with and took dominion and control over

21        Plaintiff's personal properties; lied to this and other courts about still possessing it;

22        intentionally damaging Plaintiff's vintage vehicle; selling and or hypothecating Plaintiff's

23        properties to pay attorneys fees;  lied to this court about her employment and business;

24

25        and has continuously filed false and fraudulent documents in this and other courts.

26    The properties under BRAGG'S wrongful control currently, some of which belonged to

27    third parties she  kept after an order that she return the property, and she kept after she

28

4

1      claimed to have given it to Wells Fargo Bank, her agent.  Bragg has acted intentionally and

2      maliciously without legal justification.

3

4                                              II.

5

6                   FACTUAL ALLEGATIONS AS TO ALL DEFENDANTS

7      10. Plaintiff IVAN RENE MOORE and Defendant KIMBERLY MARTIN-BRAGG aka

8          BARBOUR ("BRAGG") were litigants in 2011 in an action for BRAGG'S conversion

9          and trespass of Plaintiff's property in the Los Angeles County Courts, entitled

10         Moore vs Bragg BC 480013.

11     11. On July 31, 2013, a unanimous Jury found that BRAGG had converted and trespassed

12         upon personal, business, corporate, and family property (" CONVERTED PROPERTY")

13         owned by Mr. Moore, which was located at 6150 Shenandoah at the time BRAGG illegally

14         evicted Mr. Moore. The jury found that the loss of income from the trespass and

15         conversion at that time was $650,000.00 or over $70,000.00 per month.  They awarded Mr.

16

17         Moore $5,000,000 for the conversion and the trespass.

18     12.. Some of the property was identified in both special verdicts and was reduced to an

19         Interlocutory Judgment written by the Honorable Michelle Rosenblatt,

20         on November 8, 2013, with a specific Order ( " ORDER" ) that BRAGG, her attorneys and

21

22         her agents must return the properties to Mr. Moore immediately.

23     13. That Order is still in force and effect as the California Court of Appeals upheld the

24         award and the Order on or about September 8th , 2017.  BRAGG did not appeal this to the

25         California Supreme Court.  At the time of the November 8th 2013 Order and Interlocutory

26         Judgment BRAGG was represented by the Defendant LAW OFFICES OF THOMASINA

27

28

REED, (" LOTR").   Neither Defendant, LOTR or BRAGG has complied with the

ORDER.

14. At some time since 2011, BRAGG has claimed to have married Defendant GEORGE

BARBOUR ("BARBOUR").  Plaintiff alleges on information and belief that BARBOUR

lives at the 6150 Shenandoah property and has knowingly been the recipient of Mr.

Moore's converted property, and has admitted same to third parties.

15.To avoid the state court judgment Bragg files bankruptcy, BRAGG has filed bankruptcy

twice.  The first was dismissed for cause by Judge Robles.

16. Bragg has hired many lawyers from attorney Defendant  REED, to her present lawyers,

and on information and believe, BRAGG  has sold, hypothecated, pawned and or

transferred the proceeds from Mr. Moore's converted property,  to her attorneys.

All of her attorneys have knowingly accepted proceeds from BRAGG'S transfers of the

converted Property.

17. At no time since the November 8th 2013 ORDER, has BRAGG, her attorneys, her

agents, or her assigns ever returned one item of the CONVERSION 1 PROPERTY  she

was ordered to return.  BRAGG has been represented by other attorneys, and Plaintiff is

investigating

their responsibility and liability and will name these parties in an amendment.

18.  Instead and to avoid collection of the items and monies due to Mr. Moore, BRAGG

began a campaign of deceit, perjury, fraud and misrepresentation to various courts about

the CONVERSION 1 PROPERTY.

19. During the second bankruptcy, the present action recently reopened, Judge Russell,

told the parties to go to the State Court for the CONVERSION PROPERTY, he had no

jurisdiction since the matter was on appeal in the California Court of Appeal.

037

20. To avoid collection and return of the CONVERSION 1 PROPERTY, BRAGG allowed

Wells Fargo Bank to suborn her perjury before the US District Court, about the ownership of the CONVERSION PROPERTY, so that Wells Fargo could take possession of some of the CONVERSION PROPERTY.

21. To avoid collection, BRAGG appealed the 2013 Conversion and Trespass Judgment, claiming under oath in the California Court of Appeal she was the owner.

22. To avoid collection BRAGG identified only some of the CONVERSION PROPERTY in her bankruptcy as property she was holding or her property, but did not identify all of it, just some of it. Bragg deliberately failed to schedule or list millions of dollars of Moore family property and the property of other third parties.

23. The Moore Family Property consisted of items of personal heirlooms, jewelry, deeds, Negotiable Instruments, and cash money.

24. At some time after Wells Fargo and their agents took some of the property, Plaintiff became aware of the list of properties they claimed to have taken. This list omitted millions of dollars of Mr. Moore's family properties, and some properties belonging to innocent third parties.

25. BRAGG has lied to six courts about having the property, and calling it hers, or claiming she is the owner, she believes he is the owner, or she owns everything. Mr. Moore has faced sanctions for calling it his property. Bragg has used this US Bankruptcy Court and the bankruptcy laws as a repository for her theft.

26. Under a suborned perjury signed by BRAGG and her agents, WELLS FARGO defied the California Court of Appeals pending appeal, which Mr. Moore won, and took some of the properties with the aid and assistance of others.

038

27. Previously Judge Beckloff, of the Los Angeles County Superior Court, has told BRAGG and her attorneys to return the personal properties.

28. Plaintiff has consistently demanded the return of his property. Some third parties testified to the ownership of their property at the CONVERSION trial, some questioned BRAGG at her 341 Bankruptcy hearing.   DEFENDANT BARBOUR has admitted to keeping some of Mr. Moore's family heirlooms, identified in the CONVERSION PROPERTY of 2013 for himself.

29. On or about January 2021, Plaintiff MOORE became aware that BRAGG has been secreting some of the CONVERSION 1 PROPERTIES, and has been converting and trespassing upon them since she claims to have given them all to WELLS FARGO.

## RAID ON BRAGG'S RESIDENCE BY LOS ANGELES COUNTY

## SHERIFFS

30. On or about July 7th, 2021, under a California Court's Order and levy power, the Los Angeles County Sheriffs entered the property at 6150 Shenandoah, by breaking the lock. ("RAID").

31. The Sheriffs identified and discovered a 1971/72 Vintage Chevrolet, belonging to the Moore family, and an item specifically identified as a CONVERSION PROPERTY. It was hidden under many layers of tools, boxes and items of material, rugs, clothing and the like. The vehicle was taken by the Sheriffs and returned to Mr. Moore lawfully. It has a value of over $150,000 and has been damaged while in the wrongful possession of BRAGG.   BRAGG pretended not to be home, but was present at the time the Sheriffs entered.

//

//

//

32. At this raid, both Mr. Moore and the Sheriffs witnessed a great amount of the property of Mr. Moore and of others still in Bragg's possession. Because the levy was specific to the vehicle, that property was not levied upon. The Sheriffs advised Mr. Moore to seek other levies.

33. It is clear Bragg has intentionally lied to this court, and her previous bankruptcy court. It is clear from the RAID, that BRAGG has been secreting Mr. Moore's property, subject to the Conversion action. BRAGG has lied to several courts about her continuing wrongful possession of Mr. Moore's properties.

34. Bragg has used this court and her bankruptcy as a fence for Mr. Moore's property and the property of others. This court must certainly now be enlightened as to who was lying.

35. Still to date, a great amount of property, including Mr. Moore's family heirlooms, are remaining converted by BRAGG and her attorneys and assigns.

36. Plaintiff Moore is informed and believes BRAGG has pawned his property and has used it to pay attorneys fees to DEFENDANT REED and to her three or more sets of Bankruptcy and possibly others, including the present attorneys.

35. A neutral accounting is needed to divulge how someone on a retirement from the APD, has two home each valued over $1,000,000.00 and drives Mercedes, and other undisclosed property, both real and otherwise.

36. Bragg unlawfully obtained a discharge from this court on January 9th 2017 under 28 USC 727 by failing to disclose all the CONVERSION PROPERTY she had, and all the additional income both she and her husband were and are making in addition to the reported income.

9

040

37. These actions and the conduct of Defendants and each of them have caused Mr. Moore injury and harm and continues to do so.

38. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff and Plaintiff theretofore sues such Defendant by such fictitious names. Plaintiff will pray for leave of the Court to amend this Complaint to set forth the true names and capacities of the Does when same have been ascertained. Plaintiff alleges upon information and belief that the fictitiously name Defendant/s are in some way liable and responsible for the conduct and damages alleged herein and are subject to the jurisdiction of this Court for the relief prayed for herein.

39. Plaintiff is informed and believes and thereon alleges that all Defendants named herein are responsible for the conduct and damages herein alleged, as among things, the agent, principal, co-partner, alter ego, representative, employee, subsidiary and co-conspirator of each other Defendant and in doing the things alleged herein, acted within the course and scope of said agency, employment or other capacity, and with the permission and consent of the other Defendants.

### III.

### FIRST CAUSE OF ACTION

### DEBTOR'S FRAUD PURSUANT TO

### 523(a)(2)(A)

(Against Debtor/Defendant Bragg)

Plaintiff repeats and repleads and incorporates by reference each and every preceding paragraphs.

10

041

1    40. 11 U.S. Code § 523 - Exceptions to discharge Specifically (a)(2) (A) provides:

2    (a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does

3    not discharge an individual debtor from any debt—

4    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent

5    obtained by—

6

7    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the

8    debtor's or an insider's financial condition;

9        41. Defendants  BRAGG, violated 523(a)(2) (A) with her accomplice BARBOUR, by

10        intentionally lying  on both of her bankruptcy filing, and failed to advise the other courts

11        of California that she was illegally holding Mr. Moore's  and others personal property.

12        No one knew until the Sheriff's raid on   July 7th 2022 . BRAGG was caught holding

13        A $150,000 asset *never disclosed to this court*. BRAGG is holding other properties and

14        Has failed to disclose all of her income.   She has also misrepresented her

15        42.   Bragg intentionally failed to disclose the properties she kept after the California

16        Court of Appeal upheld and affirmed Mr. Moore's verdict for conversion and the Order

17        by Judge Michele Rosenblatt that Bragg her attorneys and assigns return the property to

18        Mr. Moore immediately.   That Order was made on 11/8/2013.    No DEFENDANT has

19        returned one item of property to Plaintiff or to other persons.

20

21    43. This court divested itself of jurisdiction on this matter on January 18th 2017, and told the

22    parties the CONVERSION matter was the rightful subject of the California Court of Appeal.

23    44.   After the Court of Appeals affirmed for Mr. Moore and Bragg tool no other appeal or

24    review, and  instead and in violation of law and  the 11/8/2013  court order, DEFENDANTS

25    and each of them have  knowingly and intentionally kept and secreted Plaintiff's property,

26

27

28

11

1  exercised their own dominion and control over the property, with no right to do so, failing to

2  advise this court as was her duty, that she was still in wrongful possession of property.

3  Plaintiff alleges BRAGG'S discharge under 727 is null and void.

4  45. Instead Bragg with assistance of her husband Defendant Barbour, her attorneys, and

5  agents, Wells Fargo Bank and its attorneys and assigns kept and secreted the property she was

6

7  under a court order to return.

8  46. Plaintiff never consented to this and was harmed by the conversion.

9  47. The conversion is a substantial factor in the damage to Plaintiff.

10  48. The total amount of damage is unknown but arises to the millions of dollars.

11  49. Plaintiff has lost the use of the property, and lost income in addition to the loss of the

12  property.

13  50. Plaintiff alleges this conduct constitutes the crime of US Bankruptcy Fraud under

14

15      1.      18 U.S. Code § 157 - Bankruptcy fraud

16  A person who, having devised or intending to devise a scheme or artifice to defraud and for the

17  purpose of executing or concealing such a scheme or artifice or attempting to do so—

18  (1)

19  files a petition under title 11, including a fraudulent involuntary petition under section 303 of

20  such title;

21

22  (2)

23  files a document in a proceeding under title 11; or

24  (3)

25  makes a false or fraudulent representation, claim, or promise concerning or in relation to a

26  proceeding under title 11, at any time before or after the filing of the petition, or in relation to a

27  proceeding falsely asserted to be pending under such title,

28

12

043

1    shall be fined under this title, imprisoned not more than 5 years, or both.

## IV.
## SECOND CAUSE OF ACTION
## DEBTOR'S FRAUD PURSUANT TO

### 523(a)(2)(B)

(Against Debtor Bragg )

51.    Plaintiff repeats and repleads and incorporates by reference each and every preceding paragraph.

52.    11 U.S. Code § 523 - Exceptions to discharge

Specifically (a)(2) (B) provides:

(a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; or

53.    Defendants BRAGG, violated 523(a)(2) (A) with her accomplice BARBOUR, by intentionally lying on both of her bankruptcy filings. Plaintiff alleges BRAGG'S discharge under 727 is null and void.

54.    Bragg intentionally failed to disclose all the properties she kept after the California Court of Appeal upheld and affirmed Mr. Moore's verdict for conversion and the Order by Judge Michele Rosenblatt that Bragg her attorneys and assigns return the property to Mr.

1   Moore immediately.   That Order was made on 11/8/2013.   No DEFENDANT has

2   returned one item of property to Plaintiff.

3   55. This court divested itself of jurisdiction on this matter on January 18th 2017, and told

4   the parties the CONVERSION matter was the rightful subject of the California Court of

5   Appeal.

6   56. After the Court of Appeals affirmed for Mr. Moore and Bragg tool no other appeal or

7   review, and instead and in violation of law and the 11/8/2013 court order,

8   DEFENDANTS and each of them have knowingly and intentionally kept and secreted

9   Plaintiff's property, exercised their own dominion and control over the property, with no

10   right to do so, failing to advise this court as was her duty, that she was still in wrongful

11   possession of property.

12   57. Instead Bragg with assistance of her husband Defendant Barbour, her attorneys, and

13   Wells Fargo Bank and its attorneys and assigns kept and secreted the property she was

14   under a court order to return.

15   58.    Plaintiff never consented to this and was harmed by the conversion.

16   59.    The conversion is a substantial factor in the damage to Plaintiff.

17   60.    The total amount of damage is unknown but arises to the millions of dollars.

18   61.    Plaintiff has lost the use of the property, and lost income in addition to the loss of

19   the property.

20   62. Plaintiff alleges this conduct constitutes the crime of US Bankruptcy Fraud under

21   1.    18 U.S. Code § 157 - Bankruptcy fraud

22

23   A person who, having devised or intending to devise a scheme or artifice to defraud and for the

24   purpose of executing or concealing such a scheme or artifice or attempting to do so—

25   (1)

26   files a petition under title 11, including a fraudulent involuntary petition under section 303 of

27   such title;

28

14

045

1    (2)

2    files a document in a proceeding under title 11; or

3    (3)

4    makes a false or fraudulent representation, claim, or promise concerning or in relation to a

5    proceeding under title 11, at any time before or after the filing of the petition, or in relation to a

6

7    proceeding falsely asserted to be pending under such title,

8    shall be fined under this title, imprisoned not more than 5 years, or both.

9

10                                    **V.**
                          **THIRD CAUSE OF ACTION**
11                              **DEBTOR'S FRAUD**
                 **PURSUANT TO  DEBTOR'S FRAUD PURSUANT TO**
12                           **28 USC 523 (a) (4)**

13        63.    Plaintiff repeats and repleads and incorporates by reference each and every

14    preceding paragraph.

15

16        64. 28 USC  523 provides at:

17        (a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title

18    does not discharge an individual debtor from any debt—

19                          (1) for a tax or a customs duty—

20    (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether

21    or not a claim for such tax was filed or allowed;

22

23    (B) with respect to which a return, or equivalent report or notice, if required—

24    (i) was not filed or given; or

25    (ii) was filed or given after the date on which such return, report, or notice was last due, under

26    applicable law or under any extension, and after two years before the date of the filing of the

27    petition; or

28

1    (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner

2    to evade or defeat such tax;

3    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent

4    obtained by—

5    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the

6    debtor's or an insider's financial condition;

7

8    (B) use of a statement in writing—

9    (i) that is materially false;

10    (ii) respecting the debtor's or an insider's financial condition;

11    (iii) on which the creditor to whom the debtor is liable for such money, property, services, or

12    credit reasonably relied; and

13    (iv) that the debtor caused to be made or published with intent to deceive; or

14

15    (C)

16    (i) for purposes of subparagraph (A)—

17    (I) consumer debts owed to a single creditor and aggregating more than $500 [2] for luxury goods

18    or services incurred by an individual debtor on or within 90 days before the order for relief under

19    this title are presumed to be nondischargeable; and

20    (II) cash advances aggregating more than $750 that are extensions of consumer credit under an

21    open end credit plan obtained by an individual debtor on or within 70 days before the order for

22    relief under this title, are presumed to be nondischargeable; and

23

24    (ii) for purposes of this subparagraph—

25    (I) the terms "consumer", "credit", and "open end credit plan" have the same meanings as in

26    section 103 of the Truth in Lending Act; and

27

28

16

1  (II) the term "luxury goods or services" does not include goods or services reasonably necessary

2  for the support or maintenance of the debtor or a dependent of the debtor;

3  (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the

4  debtor, of the creditor to whom such debt is owed, in time to permit—

5
6  (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely

7  filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time

8  for such timely filing; or

9  (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing

10  of a proof of claim and timely request for a determination of dis-chargeability of such debt under

11  one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for

12  such timely filing and request;

13
14  (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

15

16

17  **64. California statute describes larceny as follows:**
**California Penal Code Chapter 5. Larceny**
**PENAL CODE  SECTION 484-502.9**

18

19

20  484. (a) Every person who shall feloniously steal, take, carry,
lead, or drive away the personal property of another, or who shall

21  fraudulently appropriate property which has been entrusted to him or
her, or who shall knowingly and designedly, by any false or

22  fraudulent representation or pretense, defraud any other person of
money, labor or real or personal property, or who causes or procures

23  others to report falsely of his or her wealth or mercantile character
and by thus imposing upon any person, obtains credit and thereby

24  fraudulently gets or obtains possession of money, or property or

25  obtains the labor or service of another, is guilty of theft.  In
determining the value of the property obtained, for the purposes of

26  this section, the reasonable and fair market value shall be the test,
and in determining the value of services received the contract price

27  shall be the test.  If there be no contract price, the reasonable
and going wage for the service rendered shall govern.  For the

28

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

purposes of this section, any false or fraudulent representation or pretense made shall be treated as continuing, so as to cover any money, property or service received as a result thereof, and the complaint, information or indictment may charge that the crime was committed on any date during the particular period in question. The hiring of any additional employee or employees without advising each of them of every labor claim due and unpaid and every judgment that the employer has been unable to meet shall be prima facie evidence of intent to defraud.

(b) (1) Except as provided in Section 10855 of the Vehicle Code, where a person has leased or rented the personal property of another person pursuant to a written contract, and that property has a value greater than one thousand dollars (,000) and is not a commonly used household item, intent to commit theft by fraud shall be rebuttably presumed if the person fails to return the personal property to its owner within 10 days after the owner has made written demand by certified or registered mail following the expiration of the lease or rental agreement for return of the property so leased or rented.

(2) Except as provided in Section 10855 of the Vehicle Code, where a person has leased or rented the personal property of another person pursuant to a written contract, and where the property has a value no greater than one thousand dollars (,000), or where the property is a commonly used household item, intent to commit theft by fraud shall be rebuttably presumed if the person fails to return the personal property to its owner within 20 days after the owner has made written demand by certified or registered mail following the expiration of the lease or rental agreement for return of the property so leased or rented.

(c) Notwithstanding the provisions of subdivision (b), if one presents with criminal intent identification which bears a false or fictitious name or address for the purpose of obtaining the lease or rental of the personal property of another, the presumption created herein shall apply upon the failure of the lessee to return the rental property at the expiration of the lease or rental agreement, and no written demand for the return of the leased or rented property shall be required.

(d) The presumptions created by subdivisions (b) and (c) are presumptions affecting the burden of producing evidence.

(e) Within 30 days after the lease or rental agreement has expired, the owner shall make written demand for return of the property so leased or rented. Notice addressed and mailed to the lessee or renter at the address given at the time of the making of the lease or rental agreement and to any other known address shall constitute proper demand. Where the owner fails to make such written demand the presumption created by subdivision (b) shall not apply.

049

484.1. (a) Any person who knowingly gives false information or provides false verification as to the person's true identity or as to the person's ownership interest in property or the person's authority to sell property in order to receive money or other valuable consideration from a pawnbroker or secondhand dealer and who receives money or other valuable consideration from the pawnbroker or secondhand dealer is guilty of theft.

(b) Upon conviction of the offense described in subdivision (a), the court may require, in addition to any sentence or fine imposed, that the defendant make restitution to the pawnbroker or secondhand dealer in an amount not exceeding the actual losses sustained pursuant to the provisions of subdivision (c) of Section 13967 of the Government Code, as operative on or before September 28, 1994, if the defendant is denied probation, or Section 1203.04, as operative on or before August 2, 1995, if the defendant is granted probation or Section 1202.4.

(c) Upon the setting of a court hearing date for sentencing of any person convicted under this section, the probation officer, if one is assigned, shall notify the pawnbroker or secondhand dealer or coin dealer of the time and place of the hearing.

484b. Any person who receives money for the purpose of obtaining or paying for services, labor, materials or equipment and willfully fails to apply such money for such purpose by either willfully failing to complete the improvements for which funds were provided or willfully failing to pay for services, labor, materials or equipment provided incident to such construction, and wrongfully diverts the funds to a use other than that for which the funds were received, shall be guilty of a public offense and shall be punishable by a fine not exceeding ten thousand dollars (,000), or by imprisonment in the state prison, or in the county jail not exceeding one year, or by both such fine and such imprisonment if the amount diverted is in excess of one thousand dollars (,000). If the amount diverted is less than one thousand dollars (,000), the person shall be guilty of a misdemeanor.

65. Plaintiff alleges Bragg committed and was found by a jury to have committed conversion and trespass to chattel, on July 31, 2013. These are intentional torts. Plaintiff alleges BRAGG'S discharge under 727 is null and void.

19

050

66.   Bragg provided a perjury suborned by Wells Fargo to the US District Bank so that

they could "replevin" certain properties under Bragg's possession and control.   Wells Fargo

illegally levied upon this property and the property of other third parties, who had entrusted their

properties with Mr. Moore, and which were at 6150 Shenandoah when Bragg

took possession.   Plaintiff alleges BRAGG'S discharge under 727 is null and void.

67. Wells Fargo, its agents and assigns and Bragg and her attorneys agents and assigns

knew that Bragg was lying.   They knew that Bragg was under a Court Order to

68. After the illegal levy by Wells Fargo, Bragg claimed she had no more of Mr. Moore's

property and the property, or the property of others.     At the same time she told the US

Bankruptcy Court she was transferring it to Wells Fargo.   The Los Angeles Sheriff's RAID

Proves that she was keeping at least $150,000 worth of Moore family property. . Plaintiff alleges

BRAGG'S discharge under 727 is null and void.

69. Bragg told Wells Fargo she had given all of the property to them.   This was not true.

70. Bragg kept the majority of Mr. Moore's family property, and other property,

including the property of others.

71. Bragg intentionally lied on her bankruptcy filings and never amended any of them

to advise the Court she was illegally holding the property of others.

72. Bragg has fenced, hypothecated, pawned and otherwise sold and damaged the

properties she has been illegally holding.

73. On or about May 20th 2021, Mr. Moore obtained a levy to retrieve a vintage Camaro.

74. The Los Angeles Sheriffs raided Bragg's illegal residence at 6150 Shenandoah, and

found and levied upon a vintage Camaro belonging to Mr. Moore.   The vehicle was hidden in the

garage under a mountain of blankets and items to disguise it was a car.

051

1       75. Mr. Moore has discovered that while under the illegal possession of Bragg,

2   his vintage Camaro worth close to $150,000 was damaged by the deposit of sugar in the gas tank,

3   and by other mechanical fixings of the brakes.

4       76. While at the Bragg residence with the Sheriffs, Mr. Moore identified to the Sheriffs

5
    many other items belonging to the Moore family and to others. The Sheriff advised Mr. Moore to
6
7   obtain more levies for these items.

8       77. Defendant BRAGG has used the monies from the sale and from the hypothecation

9   and pawning to pay her Defendant lawyers, both civil and bankruptcy. The lawyers know that

10  Bragg has been under a Court Order to return to Mr. Moore all this property.

11
        78. BRAGG'S husband, DEFENDANT BARBOUR has been bragging to others that he
12
13  has Mr. Moore's watches and that he has and uses the Moore family diamonds.

14      79. Another fraud committed by BRAGG and her husband are her unreported businesses

15  from which she has been deriving incomes. These were not reported to the bankruptcy court when

16  either of Bragg's bankruptcies were pending.

17      80. BRAGG drives a Mercedes. And she lives a luxurious life and has been since she

18  stole the home at 6160 Shenandoah from an elderly lady.

19
        81. Bragg has refinanced both homes. She claims to be retired on a fixed ex police
20
21  retirement. Bragg pays a mortgage of over $6000.00/ per month on both homes. She does not

22  have the income to do this without the theft and selling off of the Moore family property and the

23  property of others she is illegally holding.

24      82. Under California theft laws, Bragg's conduct along with the conduct of Defendant

25  Barbour makes a prima facie case of Larceny.

26

27

28

83. Mr. Moore has been and continues to be harmed by such fraud upon the US Bankruptcy Court and by the wrongful and illegal discharge. Plaintiff alleges the discharge obtained by BRAGG is void.

84. Plaintiff alleges this conduct constitutes the crime of US Bankruptcy Fraud under

1. 18 U.S. Code § 157 - Bankruptcy fraud

A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—

(1)

files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title;

(2)

files a document in a proceeding under title 11; or

(3)

makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title,

shall be fined under this title, imprisoned not more than 5 years, or both.

## VI.
## FOURTH CAUSE OF ACTION
## PURSUANT TO DEBTOR'S FRAUD PURSUANT TO
## 523 (a) (6)

85. Plaintiff repeats and repleads and incorporates by reference each and every preceding paragraph.

86. 11 U.S. Code § 523 - Exceptions to discharge U.S. Code Notes prev | next

22

053

1  (a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does

2  not discharge an individual debtor from any debt—

3  (1) for a tax or a customs duty—

4  (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether

5  or not a claim for such tax was filed or allowed;

6  (B) with respect to which a return, or equivalent report or notice, if required—

7  

8  (i) was not filed or given; or

9  (ii) was filed or given after the date on which such return, report, or notice was last due, under

10 applicable law or under any extension, and after two years before the date of the filing of the

11 petition; or

12 (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner

13 to evade or defeat such tax;

14 

15 (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent

16 obtained by—

17 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the

18 debtor's or an insider's financial condition;

19 (B) use of a statement in writing—

20 

21 (i) that is materially false;

22 (ii) respecting the debtor's or an insider's financial condition;

23 (iii) on which the creditor to whom the debtor is liable for such money, property, services, or

24 credit reasonably relied; and

25 (iv) that the debtor caused to be made or published with intent to deceive; or

26 (C)

27 (i) for purposes of subparagraph (A)—

28

1  (I) consumer debts owed to a single creditor and aggregating more than $500 [2] for luxury goods

2  or services incurred by an individual debtor on or within 90 days before the order for relief under

3  this title are presumed to be nondischargeable; and

4  (II) cash advances aggregating more than $750 2 that are extensions of consumer credit under an

5

6  open end credit plan obtained by an individual debtor on or within 70 days before the order for

7  relief under this title, are presumed to be nondischargeable; and

8  (ii) for purposes of this subparagraph—

9  (I) the terms "consumer", "credit", and "open end credit plan" have the same meanings as in

10  section 103 of the Truth in Lending Act; and

11  (II) the term "luxury goods or services" does not include goods or services reasonably necessary

12  for the support or maintenance of the debtor or a dependent of the debtor;

13

14  (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the

15  debtor, of the creditor to whom such debt is owed, in time to permit—

16  (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely

17  filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time

18  for such timely filing; or

19  (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing

20

21  of a proof of claim and timely request for a determination of dis-chargeability of such debt under

22  one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for

23  such timely filing and request;

24  (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

25  (5) for a domestic support obligation;

26  (6) for willful and malicious injury by the debtor to another entity or to the property of

27  another entity;

28

87. Bragg and her agents, husband, attorneys and assigns have found in 2013 to have committed intentional acts. They are under a court order to return all of the property.

88. None of the defendants have returned any property.

89. Bragg and or her husband intentionally damaged Mr. Moore's vintage vehicle.

90. They have been committing a continuous intentional harm by failing to return anything.

91. Bragg has lied to the US Courts and the California State Courts about her continued illegal use and possession of the property.

92. This has caused and continues to cause injury and harm to Mr. Moore.

93. Plaintiff alleges this conduct constitutes the crime of US Bankruptcy Fraud under

1.    18 U.S. Code § 157 - Bankruptcy fraud

A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—

(1)

files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title;

(2)

files a document in a proceeding under title 11; or

(3)

makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title,

shall be fined under this title, imprisoned not more than 5 years, or both.

25

94. Plaintiff alleges that the discharge Bragg received fraudulently under 727 is null and void.

## VII.

### FIFTH CAUSE OF ACTION-TRESSPASS TO CHATTELS

#### (Against all Defendants)

95. Plaintiff repeats and repleads and incorporates by reference each and every preceding paragraphs.

96. Plaintiff Moore owned possessed and had a right to possess certain personal family properties, and was entrusted with the right to possess the property of others, including but not limited to the CONVERSION PROPERTY.

97. DEFENDANTS AND EACH OF THEM, intentionally interfered with Plaintiff's use and possession of his family properties, and the properties he was entrusted with,. including but not limited to the CONVERSIONPROPERTY, and or damaged it.

98. Plaintiff did not consent to the removal or taking of the personal property.

99. Defendant BRAGG and her Defendant Attorney REED was under a court order to return all the personal property.

100. Plaintiff was harmed and damaged by such trespass by DEFENDANTS AND EACH OF THEM.

101. DEFENDANTS conduct was a substantial factor in causing Plaintiff's harm and damage.

//

//

//

//

//

057

Case 2:22-ap-01058-BR   Doc 1   Filed 03/01/22   Entered 03/01/22 09:56:01   Desc
Main Document   Page 27 of 42

VIII.

**SIXTH CAUSE OF ACTION**

**CONTINUING CONVERSION**

**(As to all Defendants)**

102. Plaintiff repeats and repleads and incorporates by reference each and every preceding paragraphs.

103. Plaintiff MOORE alleges that Defendants Bragg and Barbour wrongfully exercised control over his personal property.

104. Plaintiff alleges that he owned and or possessed and or had a right to possess all items of the personal property.

105. Plaintiff alleges that Defendants BRAGG and BARBOUR substantially interfered with Plaintiff 's and others personal property by knowingly or intentionally taking possession of it; preventing Mr. Moore from having access to it; destroying it; damaging it; and or refusing to return it even after being ordered to do so by a court of law and by failing to return it after Mr. Moore demanded it.

106. Plaintiff Moore did not consent to this.

107. Plaintiff MOORE was harmed by this.

108. The Defendants, and each of them BRAGG and BARBOUR conduct was a substantial factor in causing Plaintiff MOORE'S harm.

//

//

//

//

27

058

## IX.

## SEVENTH CAUSE OF ACTION- FRAUD

### (Against Defendant BRAGG )

109. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs.

110. Plaintiff alleges that in several courts and to several law authorities DEFENDANT BRAGG AND HER ATTORNEY DEFENDANT REED made several false representations that harmed Plaintiff.

111. They represented to the Court of Appeal that DEFENDANT BRAGG owned all this property, and this was not true.

112. At the same time BRAGG in conjunction with WELLS FARGO, represented under oath to the US District Court that she believed it was Mr. Moore's, when they knew some of it was owned by innocent third parties.

113. BRAGG has said under oath once in the US Bankruptcy Court that the property was hers, and once that she was holding it for others.

114. BRAGG knew the property was adjudged to be Mr. Moore's , his family's , and some of it he was holding for others.

115. After Wells Fargo took possession of some of the CONVERSION property and the property of others, BRAGG stated under oath she had no more of Mr. Moore's property, his family property or the property of others. This was not true also, as proven by the levy of the Los Angeles Sheriffs.

116. BRAGG mad these false statements recklessly and without regard for the truth.

117. All the courts BRAGG made these statements to believed her. Only the California Court of Appeals did not, and affirmed for Mr. Moore.   Bragg failed to disclose on her bankruptcy the full amount of CONVERSION property she had and failed to disclose all of her

28

1    income from all sources and from the sale and transfer of Mr. Moore's family property, the

2    property of others and the full extent of the CONVERSION PROPERTY,

3        118. Plaintiff alleges the conduct of BRAGG was found by a California Jury to be

4    intentional harmful conduct. BRAGG'S lies continue as does her continuing CONVERSION,

5    TRESPASS TO CHATTELS, FRAUD, and can be no doubt that BRAGG and her agents,

6
7    attorneys and possibly many others intended to harm Mr. Moore.

8        119. Mr. Moore relied upon this information and the courts relied on that information and no

9    DEFENDANT to date has amended it or told the truth to the court.

10        120. The fact that BRAGG's representations were false did not matter, because they seemed

11    reasonable since they were made under oath.

12        121. Plaintiff has been consistently harmed and damaged , and all known and named

13
14    DEFENDANTS and each of them are a substantial factor in the harm.

15        122. Plaintiff's damages are continuing.

16        123. Plaintiff is unaware of the full extent of damages and parties who has harmed him. His

17    investigation is continuing and he will amend this complaint when all is discovered.

18                                XII.

19                        FRAUDULENT TRANSFERS

20                        ( As to all defendants)

21
22        124. Plaintiff incorporates by reference each and every allegation in the preceding

23    paragraphs.

24        125. Plaintiff alleges on information and belief that Defendant BRAGG and other named

25    and yet unnamed Defendants have violated California's Fraudulent Transfer statute, Section 3439.

26        126. Plaintiff was harmed by the fraudulent transfers made by BRAGG.

27

28

1    127. Plaintiff is still being continuously harmed by the conduct of Bragg and possibly

2    others.

3                                         **XIII**
                                **CONSTRUCTIVE TRUST**
4                         **CALIFORNIA CIVIL CODE 2223, 2224**
                                 **( As to all defendants)**
5

6    128.  Plaintiff incorporates by reference each and every allegation in the preceding

7    paragraphs.

8    129. Plaintiff states that the CONVERSION PROPERTY, the Moore family property and

9
     the property of other third parties currently in the possession of BRAGG  and from BRAGG to
10
     others, is not BRAGG bankruptcy estate property.   It is the property  of Mr.Moore, his family and
11
12   others and must be returned to them.

13   130.  BRAGG others including named defendants and possibly others,  wrongfully

14   acquired or  intentionally and wrongfully retains  Mr. Moore's property, CONVERSION

15   PROPERTY, and the property of third parties,  and now holds the property as an involuntary

16
     constructive trustee for the owners.
17
18   131. Plaintiff and others know and have alleged and fought for this property.

19   132. Plaintiff and others have the right to this property.

20   133. BRAGG and all defendants wrongfully acquired the property.

21   134. The wrongful holders of this property hold it in a constructive trust for the right full owners.
     //
22   //
     //
23   //
     //
24   //
     //
25   //
     //
26   //
     //
27   //
     //
28   //

30

**XIV**
**NINTH CAUSE OF ACTION**
**VIOLATION OF PENAL CODE § 496 –**
**RECEIVING AND/OR CONCEALING STOLEN PROPERTY**
( Against all defendants )

135.    Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

136.  Plaintiff is informed and believe, and thereon allege, that at all times relevant to this Complaint, Defendants violated California Penal Code section 496 by obtaining property belonging to Plaintiffs by theft and knowingly withholding the property from Plaintiffs or by aiding in obtaining and knowingly withholding said property.

137.    Plaintiff has been injured by Defendants' violation of California Penal Code section 496.

49) Pursuant to California Penal Code section 496(c), Plaintiff is  entitled to three times the amount of his actual damages, an amount to be proven at trial, cost of suit, and his reasonable attorneys' fees for prosecuting this action.


**PUNITIVE DAMAGE ALLEGATION**

138.    Plaintiff alleges DEFENDANTS AND EACH OF THEM  was guilty of malice, fraud, oppression, intentional harm, as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.   Facts to establish this claim are plead above but include the  DEFENDANTS AND EACH OF THEIR intentional deceit, theft, secreting, and lying to courts about their wrongful possession over ten years.

//

//

31

062

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against all Defendants, and each of them, as follows:

1) For damages in the amount of $18,500,000 or such amounts as may be proven at trial
2) For costs of suit; and
3) For such other and further relief as the Court deems appropriate.
4) For Punitive Damages in the amount of $36,000,00
5) For a constructive trust for Plaintiffs.

Dated: February 28th, 2022

Respectfully Submitted

IVAN RENE MOORE

063

1

## DEMAND FOR JURY TRIAL

2

3   Plaintiff hereby demands a trial by jury on all causes of action in this complaint.

4

5

6   Dated: February 28th, 2022

7

8

9

10                                                      Respectfully Submitted

11

12

13                                                      _____

14                                                      IVAN RENE MOORE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, IVAN RENE MOORE, am the Plaintiff in this action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe the foregoing to be true to the best of my knowledge.

DATED: February 28th, 2022

_____
Ivan Rene Moore

34

065

Case 2:22-ap-01058-BR    Doc 1    Filed 03/01/22    Entered 03/01/22 09:56:01    Desc
Main Document    Page 35 of 42

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET <br> (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER <br> (Court Use Only) |
|---|---|

**RECEIVED**
MAR 01 2022
U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ Deputy Clerk

| PLAINTIFFS <br><br> IVAN RENE MOORE | DEFENDANTS <br> KIMBERLY MARTIN-BRAGG (aka) <br> KIMBERLY BARBOUR an individual, <br> (See Attachment) |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) <br><br> Ivan Rene Moore Pro Se (323) 932 9439 <br> 1236 Redondo Blvd <br> Los Angeles, California 90019 | ATTORNEYS (If Known) <br><br> Steven Schuman & Lee Dicker (310) 551-1987 <br> 10904 Wilshire Blvd Suite 2100 <br> Los Angeles, California 90024 |
| PARTY (Check One Box Only) <br> □ Debtor   □ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor   □ Other <br> □ Trustee | PARTY (Check One Box Only) <br> ☒ Debtor   □ U.S. Trustee/Bankruptcy Admin <br> □ Creditor   □ Other <br> □ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 USC 523  CAUSES OF ACTION AND OTHERS , FRAUD, LARCENY, RECEIVING STOLEN GOODS,
CONTINUED CONVERSION, GRAND THEFT, CONTINUED  TRESPASS TO CHATTEL, AND OITHERS

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property – §542 turnover of property
□ 12-Recovery of money/property – §547 preference
□ 13-Recovery of money/property – §548 fraudulent transfer
□ 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims
(3) ☒ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
(1) ☒ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability – §523(a)(5), domestic support
(2) ☒ 68-Dischargeability – §523(a)(6), willful and malicious injury
□ 63-Dischargeability – §523(a)(8), student loan
□ 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support)
(4) ☒ 65-Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $  $56,000,000.00 |
| Other Relief Sought <br><br> DAMAGES, ORDERS, AND CONSTRUCTIVE TRUSTS | |

066

Case 2:22-ap-01058-BR    Doc 1    Filed 03/01/22    Entered 03/01/22 09:56:01    Desc
Main Document    Page 36 of 42

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>KIMBERLY MARTIN-BRAGG (aka) KIMBERLY *Bragg* | BANKRUPTCY CASE NO.<br>2:16-bk-22878-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE | NAME OF JUDGE<br>B. RUSSEL |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>NONE | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>March 1 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>IVAN RENE MOORE | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

067

## ATTACHMENT TO ADVERSARIAL COVER SHEET

Additional defendants:

GEORGE BARBOUR an individual,

LAW OFFICES of THOMASINA REED,

a California law office business entity

form unknown;  THOMASINA REED,

an individual; and DOES 1 through 10,

                                        Defendants

### ADDRESS OF PLAINTIFF:

IVAN RENE MOORE

1236 Redondo Boulevard
Los Angeles, California 90019
Telephone: (323) 932-9439

### ADDRESS OF DEFENDANTS:

KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR
6150 Shenandoah Avenue
Los Angeles, California   90056
(310) 418-9477

GEORGE BARBOUR
6150 Shenandoah Avenue
Los Angeles, California   90056
(310) 418-9477

THOMASINA REED
5926 Damask Avenue
Los Angeles, California 90056
(310)  869-8261

LAW OFFICE OF THOMASINA REED
3926 Damask Avenue
Los Angeles, California 90056
(310) 869-8261

Case 2:22-ap-01058-BR   Doc 1   Filed 03/01/22   Entered 03/01/22 09:56:01   Desc
Main Document     Page 39 of 42

B2500A (Form 2500A) (12/15)

**RECEIVED**

MAR 0 1 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# United States Bankruptcy Court

_____CENTRAL_____ District Of _____CALIFORNIA_____

In re  Kimberly Martin Bragg (aka)Kimberly Barbour

Debtor

Ivan Rene Moore

Plaintiff

v.

Kimberly Martin-Bragg (See Attachment)

Defendant

Case No. _____2:16-BK-22878-BR_____

Chapter _____7_____

Adv. Proc. No. _____

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk:

**ORIGINAL**

255 East Temple Street
Los Angeles, 90012

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:

Ivan Rene Moore 1236 Redondo Blvd Los Angeles, Ca 90019

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____   By: _____ (Deputy Clerk)

070

## ATTACHMENT TO ADVERSARIAL COVER SHEET

Additional defendants:

GEORGE BARBOUR an individual,

LAW OFFICES of THOMASINA REED,

a California law office business entity

form unknown; THOMASINA REED,

an individual; and DOES 1 through 10,

Defendants

### ADDRESS OF PLAINTIFF:

IVAN RENE MOORE

1236 Redondo Boulevard
Los Angeles, California 90019
Telephone: (323) 932-9439

### ADDRESS OF DEFENDANTS:

KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR
6150 Shenandoah Avenue
Los Angeles, California  90056
(310) 418-9477

GEORGE BARBOUR
6150 Shenandoah Avenue
Los Angeles, California  90056
(310) 418-9477

THOMASINA REED
5926 Damask Avenue
Los Angeles, California 90056
(310) 869-8261

LAW OFFICE OF THOMASINA REED
5926 Damask Avenue
Los Angeles, California 90056
(310) 869-8261

B2500A (Form 2500A) (12/15)

## CERTIFICATE OF SERVICE

I, _____(name), certify that service of this summons and a copy of the complaint was made _____(date) by:

❑    Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

❑    Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

❑    Residence Service: By leaving the process with the following adult at:

❑    Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

❑    Publication: The defendant was served as follows: [Describe briefly]

❑    State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____.          Signature _____

        Print Name:          _____

        Business Address:    _____

                             _____

073

**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

JAN 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

IVAN RENE MOORE,

Plaintiff-Appellant,

v.

WELLS FARGO BANK, N.A.; et al.,

Defendants-Appellees.

---

No.   18-55768

D.C. No. 2:17-cv-04828-ODW-GJS

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted January 15, 2019[**]

Before:   TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Ivan Rene Moore appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional and statutory

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal on the basis of res judicata, *Mpoyo v. Litton Electro–Optical Sys.*, 430

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Case: 22-55914, 03/22/2023, ID: 12679198, DktEntry: 9, Page 75 of 196
Case: 18-55768, 01/23/2019, ID: 11163144, DktEntry: 20-1, Page 2 of 3

(2 of 7)

F.3d 985, 987 (9th Cir. 2005), and for an abuse of discretion a pre-filing order, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007). We affirm.

The district court properly dismissed as barred by res judicata Moore's federal claim against defendants Wells Fargo Bank, N.A., Asset Reliance, Inc., Hansen, and Testo. *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003) (elements of res judicata).

The district court did not abuse its discretion in declaring Moore to be a vexatious litigant and imposing pre-filing restrictions because the district court gave Moore notice and the opportunity to oppose the pre-filing order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct. *See Molski*, 500 F.3d at 1056-58 (setting forth factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant). Contrary to Moore's contentions, the magistrate judge did not act without jurisdiction because the district judge entered the final order, *see* 28 U.S.C. § 636(b)(1); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (discussing scope of magistrate judge's authority under § 636(b)(1)(B)), and the district court's pre-filing restrictions on

Moore's future filings are specific and clear.

The district court did not abuse its discretion by denying Moore's request for

recusal of the magistrate judge because Moore failed to establish extrajudicial bias

or prejudice. *See* 28 U.S.C. § 144 (requirements for recusal); § 455 (circumstances

requiring recusal); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)

(standard of review; "recusal will be justified either by actual bias or the

appearance of bias").

To the extent Moore challenges the district court's judgment as a

representative of third party bailors, the appeal is dismissed because Moore, as a

non-attorney, "has no authority to appear as an attorney for others than himself."

*C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Moore's request for oral argument, set forth in his opening brief, is denied.

Moore's request for an extension of time to file a reply brief (Docket Entry

No. 19) is denied.

**AFFIRMED.**

## United States Court of Appeals for the Ninth Circuit

**Office of the Clerk**
95 Seventh Street
San Francisco, CA 94103

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case.
  Fed. R. App. P. 36.  Please note the filed date on the attached
  decision because all of the dates described below run from that date,
  not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for
  filing a petition for rehearing or 7 days from the denial of a petition
  for rehearing, unless the Court directs otherwise.  To file a motion to
  stay the mandate, file it electronically via the appellate ECF system
  or, if you are a pro se litigant or an attorney with an exemption from
  using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1)   A.   Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following
  grounds exist:
  - ▶ A material point of fact or law was overlooked in the decision;
  - ▶ A change in the law occurred after the case was submitted which
    appears to have been overlooked by the panel; or
  - ▶ An apparent conflict with another decision of the Court was not
    addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B.   Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following
  grounds exist:

▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or

▶ The proceeding involves a question of exceptional importance; or

▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)** **Deadlines for Filing:**

- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3)** **Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)** **Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

## Attorneys Fees

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari

- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions

- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Siguature**                **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st. 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | TOTAL: | $ |

*__Example:__ Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10**                                   *Rev. 12/01/2018*

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RENE MOORE, | Case No. 2:17-cv-04828-ODW (GJS) |
| Plaintiff | **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PLAINTIFF TO BE A VEXATIOUS LITIGANT; AND ENTERING PRE-FILING ORDER** |
| v. | |
| WELLS FARGO BANK, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and all pleadings, motions, and other documents filed in this action; the Report and Recommendation of United States Magistrate Judge [Dkt. 27 ("Report")]; Plaintiff's Objections to the Report [Dkt. 28]; Plaintiff's two Requests for Judicial Notice [Dkts. 29, 30]; the Reply of Defendants Wells Fargo Bank, N.A., Asset Reliance, Craig Hansen, Edward D. Testo (collectively "Bank Defendants") [Dkt. 31]; Bank Defendants' Supplemental Request for Judicial Notice [Dkt. 32]; and Bank Defendants' Motion to Strike Plaintiff's Requests for Judicial Notice [Dkt. 33]. Defendant Gregory Barbour did not file objections or a reply.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

1        Plaintiff's Objections appear to be an attempt to obfuscate the issues relevant

2    to the only matters before the Court, namely, the two Dismissal Motions brought by

3    the Bank Defendants and Defendant Barbour and the Vexatious Litigant Motion

4    brought by the Bank Defendants. Plaintiff first reiterates his bailment theory,

5    proffered in response to the Dismissal Motions, which constitutes a belated attempt

6    to try out a completely new and inconsistent position with respect to Plaintiff's

7    ownership (or lack thereof) of the personal property at issue in this action. As the

8    Report correctly concludes, the issue of Plaintiff's ownership of the personal

9    property at issue here already had been resolved against him repeatedly in several

10    prior actions and, thus, is barred from re-litigation in this case by the doctrine of res

11    judicata. Plaintiff's attempt to avoid the res judicata effect of these prior lawsuits by

12    proffering here factual assertions that directly contradict those he made in the prior

13    lawsuits, not only is ineffective to avoid the res judicata doctrine but raises

14    substantial concerns under Rule 11 of the Federal Rules of Civil Procedure.

15        Plaintiff next objects to the Magistrate Judge's finding that a hearing on the

16    Dismissal Motions and Vexatious Litigant Motion was not necessary [Dkts. 12, 16].

17    The Court finds that the procedure followed was appropriate and consistent with

18    Local Rule 7-15. If Plaintiff believed a hearing was needed, he could have sought

19    reconsideration from the Magistrate Judge or District Judge, but failed to do so. His

20    belated complaint is not persuasive.

21        Plaintiff's position that he was "reluctant" or "hesitant" to inform the Court

22    that he had allegedly encountered difficulty serving the U.S. Marshals Service is

23    equally unconvincing. According to the declaration from the process server,

24    Plaintiff attempted to serve the U.S. Marshals Service on July 12, 2017; just twelve

25    days after the ninety-day deadline began to run under Rule 4(m). Plaintiff,

26    therefore, had seventy-eight days after the alleged refusal of service by the U.S.

27    Marshals Service to request assistance from the Court or to seek an extension of the

28    Rule 4(m) deadline. Instead, Plaintiff did nothing, allowed the Rule 4(m) deadline

2

1  to expire, and then over six months later, when these Objections were filed, finally

2  noted the issue.  Given Plaintiff's active litigation in various state, federal, and

3  bankruptcy courts—a litigation history so active that it has prompted the instant

4  Vexatious Litigant Motion—the Court finds Plaintiff's allegation that he was

5  hesitant to contact the Court to be wholly unpersuasive.  Moreover, and as noted in

6  the Report, given that Plaintiff's two claims against the U.S. Marshals Service are

7  premised on a violations of 42 U.S.C. § 1983, and thus are not cognizable against

8  this federal agency, good cause for an extension of time to serve a Defendant whose

9  dismissal would be required simply does not exist.  Accordingly, Plaintiff has failed

10  to meet his burden of showing good cause for his failure to effect service of process

11  on the U.S. Marshals Service and the Report did not err in concluding that this

12  Defendant should be dismissed.

13  　　　Aside from the above matters, nothing else set forth in the Objections

14  warrants discussion, as the remainder of the Objections do not affect, alter, or call

15  into question anything in the Report.

16  　　　The Court now turns to the three Requests for Judicial Notice [Dkts 29, 30,

17  32].  Plaintiff's two Judicial Notice Requests [Dkts. 29, 30] are DENIED, because,

18  while the Court may take judicial notice of court filings and other pleadings under

19  Federal Rule of Evidence 201, the documents submitted by Plaintiff are not relevant

20  to the two Dismissal Motions or Vexatious Litigant Motion currently pending before

21  this Court.  Rather, the court filings and pleadings proffered by Plaintiff concern a

22  separate, closed case that is currently on appeal to the Ninth Circuit.  [*See Moore v.*

23  *Bragg*, C.D. Cal. Case No. 2:15-cv-8021-ODW (GJS).]  The Court is not going to

24  consider whether rulings made in a prior case were proper or not, because, at this

25  juncture, the Ninth Circuit is the proper forum to consider issues relating to this

26

27

28

1   closed matter.[1]  The Bank Defendants request that the Court judicially notice three

2   recent bankruptcy court filings and pleadings in support of their Vexatious Litigant

3   Motion [Dkt. 32].  This request is GRANTED, as the documents are the type of

4   which judicial notice may be taken and are relevant to, and underscore, the reasons

5   why the Magistrate Judge concluded that designating Plaintiff as a vexatious

6   litigant, and issuing a pre-filing order, is appropriate.

7        Lastly, the Court has considered Defendants' request that the Court require

8   Plaintiff to post a security as part of any pre-filing order to be issued.  The Court

9   declines to impose a security at this time, but notes that this issue may be revisited if

10  circumstances change.

11       Having completed its review, the Court accepts the findings and

12  recommendations set forth in the Report.  Accordingly, **IT IS ORDERED** that:

13       (1) the Report is accepted;

14       (2) Defendants Wells Fargo Bank, Craig Hansen, Edward Testo, and Asset

15            Reliance, Inc.'s Motion to Dismiss is GRANTED as follows [Dkt. 13]:

16                 a. the federal claim against Wells Fargo is dismissed with prejudice;

17                    and

18                 b. all state law claims are dismissed without prejudice.

19       (3) all claims against the United Marshals Service are dismissed without

20            prejudice;

21       (4) George Barbour's Motion to Dismiss without prejudice is DENIED AS

22            MOOT [Dkt. 10];

23       (5) Defendants' Vexatious Litigant Motion [Dkt. 14] is GRANTED as set

24            forth in the Report;

25       (6) Plaintiff is hereby declared to be a vexatious litigant;

26

27  [1] Bank Defendants' Motion to Strike Plaintiff's Requests for Judicial Notice [Dkt

28  33] is DENIED AS MOOT in light of the Court's ruling above.

4

1     (7) A pre filing Order shall be issued as set forth below; and

2     (8) Judgment shall be entered dismissing this action consistent with the

3         foregoing.

4 **PRE-FILING ORDER**

5     The Court enters the following Pre-Filing Order against Plaintiff:

6      (1) Any case-initiating pleading submitted by Plaintiff must be screened to

7 determine if does any of the following: seeks to raise any of the claims

8 alleged in this action; attacks, seeks to vacate, void or expunge, or otherwise

9 seeks to challenge in any way – whether directly or indirectly – Wells Fargo's

10 $7.1 million judgment lien or Wells Fargo's right to levy and sell personal

11 property of Moore and the other Judgment Debtors; or seeks to litigate

12 ownership of 6150 Shenandoah Avenue, Los Angeles, California 90065

13 ("Shenandoah Residence") or the personal property at the Shenandoah

14 Residence.

15     (2) Any case-initiating pleading submitted by Plaintiff raising any such

16 matter(s) is presumptively barred by reason of Plaintiff's vexatious litigant

17 status and therefore will not be filed unless:  Plaintiff concurrently submits a

18 motion seeking leave to file the pleading that sets forth adequate justification

19 for its filing and the initiation of the new case; and a District Judge or

20 Magistrate Judge of this Court grants such leave and directs that the pleading

21 be filed and the new case be initiated.

22     (3) To effectuate this Pre-Filing Order, the Clerk of the Court:  shall no

23 longer file any case-initiating pleading of any type submitted by Plaintiff

24 without first obtaining written authorization of a District Judge or Magistrate

25 Judge of this Court; and shall present any case-initiating pleading of any type

26 proffered by Plaintiff first to a District Judge or Magistrate Judge for

27 screening review prior to filing and a determination of whether such pleading

28 falls within, or outside of, the scope of the Pre-Filing Order.

1        (4) Plaintiff is ordered to submit a copy of this Pre-Filing Order with any

2    case-initiating pleading he proffers to this Court.

3

4    **IT IS SO ORDERED.**

5

6    DATE: <u>May 17, 2018</u>

7                                OTIS D. WRIGHT II
                                  UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

```
FILED

DEC 09 2016

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk
```

1  IVAN RENE MOORE
2  1236 South Redondo Blvd
   Los Angeles, CA 90019
3
4  Ivan Rene Moore., Pro. se

5           UNITED STATES BANKRUPTCY COURT
6           CENTRAL DISTRICT OF CALIFORNIA

7  In re:                          ) Chapter
                                   )
8                                  ) Case No.: 2:16-bk-22878-BR
   Kimberly Martin-Bragg,          )
9                         Debtor,  ) Adversary Proceeding No._____
                                   )
10                                 ) [Hon. ]
                                   )
11 _____)
                                   )
12 IVAN RENE MOORE,                ) VERIFIED ADVERSARY PROCEEDING
                                   ) COMPLAINT FOR:
13          Plaintiff/Creditor,    )
                                   )  1. FRAUDULENT BANKCRUPTCY
14                                 )     FILING IN VIOLATION OF 18
                                   )     U.S.C. § 157;
15 v.                              )  2. NONDISCHARGEABILITY OF
                                   )     DEBT PURSUANT TO 11 U.S.C.
16 KIMBERLY BARBOUR, aka           )     § 523 (A)(2), (4), (6) AND (11)
17 KIMBERLY MARTIN- BRAGG, aka,    )  3. CONVERSION
   KIMBERLY MARTIN, aka KIMBERLY   )  4. EMBEZZLEMENT
18 BRAGG aka KIM MARTIN aka KIM    )  5. FRAUDULENT TRANSFERS.
   BARBOUR; GEORGE BARBOUR, KEITH  )  6. REPLEVIN
19 ROUSTER; ROBERT PITTS; ROBERT   )  7. FALSE LIGHT
20 PITTS ESTATES; PETER M. LIVELY, THE ) 8. TORTUOUS INTERFERENCE
   LAW OFFICES OF PETER M. LIVELY  )     WITH PROSPECTIVE
21 AND DOES 1 THROUGH 10, INCLUSIVE, )    ECONOMIC ADVANTAGE
                                   )  9. COMMON LAW FRAUD
22          Defendants.            ) 10. DEFAMATION
                                   ) 11. CONSTRUCTIVE TRUST
23                                 ) 12. NEGLIGENT
                                   )     MISREPRESENTATION
24                                 )
                                   )
25                                 )     DEMAND FOR JURY TRIAL
                                   )
26                                 )   ( VERIFIED COMPLAINT)
                                   )
27                                 )      ☐ ORIGINAL

28

─────────────────────────────────────────────
            ADVERSARY PROCEEDING COMPLAINT
                        1
```

1    Plaintiff, Ivan Rene Moore, ("Creditor" or "Mr. Moore"), appearing *pro se,* herein, files

2    this *adversary proceeding* and complaint of Debtor and Defendant, KIMBERLY BARBOUR,

3    aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;

4    ("Debtor"), GEORGE BARBOUR, (Debtor's Spouse), **KEITH ROUSTER,** ("Agent and a well

5    known representative of the Debtor"),  **ROBERT PITTS,** ("Agent and a well known

6    representative of the Debtor"), **ROBERT PITTS ESTATES,** ("Agent and a well known

7    representative of the Debtor"), **PETER M. LIVELY,** and **THE LAW OFFICES OF PETER

8    M. LIVELY,** as follows:

9

10    **I**

11    **JURISDICTION AND VENUE**

12

13    1.    This Court has jurisdiction over subject matter of this adversary proceeding

14    Pursuant to the provision of 28 U.S.C. § 1334.

15    2.    This adversary proceeding relates to the Chapter 7 (Seven) case of Kimberly Martin-

16    Bragg in Case No. **2:16-bk-22878-BR,** now pending in the United States.

17    Bankruptcy Court for the Central District of California.    The matter is a core proceeding

18    pursuant to 28 U.S.C. § 157.

19

20    3.    Venue is proper pursuant to the provisions of **28 U.S.C. § 1409.**

21    **II**

22    **PARTIES**

23    4.    Plaintiff, Creditor, **IVAN RENE MOORE,** ("Plaintiff/Creditor"), is now, and at

24    all times relevant to this Adversary proceeding complaint, resident of the County of Los Angeles,

25    State of California.    Plaintiff /creditor was in litigation against the debtor and the cases in which

26    the creditor sued the debtor was about to go to trial for possession of Creditor's home wrongfully

27

28

---

ADVERSARY PROCEEDING COMPLAINT

2

088

held by the Debtor, when the debtor commenced her fraudulent bankruptcy to prevent Creditor

from having access of his home.

5.  Defendant, Debtor KIMBERLY BARBOUR, aka KIMBERLY MARTIN-

BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; ("Debtor"), is now, and at all

times relevant to this Adversary proceeding complaint, a resident of the County of Los Angeles,

State of California.   Defendant, is a participant in the fraudulent Bankruptcy filling and a

participant in the false or fraudulent misrepresentation in Case No. **2:16-bk-22878-BR**, filed in

the United States Bankruptcy Court, Central District of California.   Defendant's conduct and

participation herein alleged was not privileged and was outside the scope of constitutionally

protected right.

6.  Defendant, **GEORGE BARBOUR**, ("Spouse of the Debtor"), is now, and at all

times relevant to this Adversary proceeding complaint, a resident of the County of Los Angeles,

State of California.   Defendant is a participant in the fraudulent Bankruptcy filling and a

participant in the false or fraudulent misrepresentation in Case No. **2:16-bk-22878-BR**, filed in

the United States Bankruptcy Court, Central District of California.   Defendant participated in

fraudulent transfer and concealing assets of the bankrupt Kimberly Martin-Bragg in this

bankruptcy proceeding.  Defendant's conduct and participation herein alleged was not privileged

and was outside the scope of constitutionally protected right.

7. Defendant, **KEITH ROUSTER**, ("Agent and a well known representative of the

Debtor"), is now, and at all times relevant to this Adversary proceeding complaint, a resident of

the County of Los Angeles, State of California.   Defendant is a participant in the fraudulent

Bankruptcy filing and a participant in the false or fraudulent misrepresentation in Case No. **2:16-**

**bk-22878-BR**, filed in the United States Bankruptcy Court, Central District of California.

089

Defendant participated in fraudulent transfer and concealing assets of the bankrupt Kimberly Martin-Bragg from this bankruptcy proceeding. Defendant's conduct and participation herein alleged was not privileged and was outside the scope of constitutionally protected right.

8.  Defendant, **ROBERT PITTS**, ("Agent and a well known representative of the Debtor"), is now, and at all times relevant to this Adversary proceeding complaint, a resident of the County of Los Angeles, State of California. Defendant is a participant in the fraudulent Bankruptcy filing and a participant in the false or fraudulent misrepresentation in Case No. **2:16-bk-22878-BR**, filed in the United States Bankruptcy Court, Central District of California. Defendant participated in fraudulent transfer and concealing assets of the bankrupt Kimberly Martin-Bragg from this bankruptcy proceeding. Defendant's conduct and participation herein alleged was not privileged and was outside the scope of constitutionally protected right.

9.  Defendant, **ROBERT PITTS ESTATES**, ("Agent and a well known representative of the Debtor"), is now, and at all times relevant to this Adversary proceeding complaint, conducting business in the County of Los Angeles, State of California. Defendant is a participant in the fraudulent Bankruptcy filing and a participant in the false or fraudulent misrepresentation in Case No. **2:16-bk-22878-BR**, filed in the United States Bankruptcy Court, Central District of California. Defendant participated in concealing of assets of the bankrupt, Kimberly Martin-Bragg from this bankruptcy proceeding. Defendant's conduct and participation herein alleged was not privileged and was outside the scope of constitutionally protected right.

10. Defendant, **PETER M. LIVELY** is now, and at all times relevant to this Adversary proceeding complaint, an attorney dully licensed to practice law in the United States State Bankruptcy Court, Central District of California. Defendant is a participant in the fraudulent Bankruptcy filling and a participant in the false or fraudulent misrepresentation in Case No.

---

ADVERSARY PROCEEDING COMPLAINT

4

2:16-bk-22878-BR, filed in the United States Bankruptcy Court, Central District of California. Defendant's conduct and participation herein alleged was not privileged and was outside the scope of constitutionally protected right.

11.    Defendant **THE LAW OFFICES OF PETER M LIVELY,** a law corporation is now, and at all times relevant to this Adversary proceeding complaint, conducting business in the County of Los Angeles, State of California.    Defendant is a participant in the fraudulent Bankruptcy filling and a participant in the false or fraudulent misrepresentation in Case No. **2:16-bk-22878-BR**, filed in the United States Bankruptcy Court, Central District of California. Defendant's conduct and participation herein alleged was not privileged and was outside the scope of constitutionally protected right.    .

12. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as DOES 1 through 10, inclusive, as each fictitiously named Defendant is in some manner are liable to Plaintiff, or claims some rights, title, or interest in the Property which is the subject property, including interests in the subject property, personal and business properties. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

13. Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendant(s), is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

14. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein

091

1  below, were acting within the course and scope of such agency, employment and/or joint venture

2  and enterprise.

3  II

4  GENERAL ALLEGATION

5

6  15.  On September 28, 2016, the Debtor and Defendant, **KIMBERLY BARBOUR, aka**

7  **KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;**

8

9  **together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse),**

10  **KEITH ROUSTER ( agent for the Debtor)  PETER M. LIVELY, and THE LAW**

11  **OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF**

12  **PETER M LIVELY,** filed false or fraudulent voluntary petition for relief under the provisions

13

14  of chapter 7 of the United States Bankruptcy Code in their quest to circumvent a lawful Court

15  Order of a Los Angeles Superior Court ("LASC") Judge, Judge Michelle Rosenblatt arising from

16  intentional Tort and jury verdict in LASC case number BC 480013.

17  16.  Creditor/Plaintiff further alleges that on information and belief and personal

18  knowledge, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG,**

19

20  **aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with**

21  **Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the**

22  **Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M.**

23  **LIVELY, and THE LAW OFFICES OF PETER M. LIVELY,** were agents, employees,

24

25  servants and/or the joint-ventures of the remaining Defendants, and each of them, and were

26  acting within the course and scope of such agency, employment and/or joint venture and

27  enterprise in the filing of false or fraudulent voluntary petition for relief under the provisions of

28

092

chapter 7 to unlawfully deprive the Creditor of his personal properties that Defendants knew are

not subject to consumer transaction and not subject to Bankruptcy estate.

17. Plaintiff alleges that on information and belief and personal knowledge, Defendant,

**GEORGE BARBOUR, KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** were

participants in the false or fraudulent misrepresentation and participant in the concealing and

fraudulently transferring and liquidating assets of the Bankrupt, Kimberly Martin-Bragg.

Particularity, **GEORGE BARBOUR, KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, misrepresented and willfully omitted the income the Debtor makes within the past two

years from her real estate transactions and sales derived from the Debtor's association with

**ROBERT PITTS and ROBERT PITTS ESTATES.** Plaintiff contends that, Concealing

assets can be committed by person other than bankrupt. Please see for example, *United States v*

*Joyner,* (1927, DC La) 23 F2d 884.

18. On or about September 28, 2016, Defendants, **KIMBERLY MARTIN- BRAGG**,

along with Defendants, **GEORGE BARBOUR, PETER M. LIVELY** and **THE LAW**

**OFFICES OF PETER M LIVELY**, knowingly, willfully and deliberately made false or

fraudulent misrepresentation in the Debtor's chapter 7 Bankruptcy petition in their zeal to

unlawfully deprive the creditor, Ivan Rene Moore, of all beneficial interests in his personal

properties, business, family, and real properties and in their quest to interfered with and delay the

creditor Ivan Rene Moore's litigation against the debtor Kimberly Martin-Bragg which is now

pending in the Superior Court of California, County of Los Angeles. Defendants' conduct

093

mentioned above were ratified by **KEITH ROUSTER; ROBERT PITTS; and ROBERT PITTS ESTATES.**

19. Plaintiff alleges that on information and belief and personal knowledge, Defendant, **GEORGE BARBOUR, KEITH ROUSTER; ROBERT PITTS; and ROBERT PITTS ESTATES, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY,** were participants in the false or fraudulent misrepresentation of Debtor's income from real estate transactions and participated in concealing assets of the debtor in Bankrupt's chapter 7 bankruptcy filing.

20. When Defendant ("Debtor"), filed her bankruptcy petition, Defendant owe Plaintiff/creditor Three Million One Hundred Fifty Thousand dollars (**US$3,150, 000.00**) from a $5.6 Million Special Jury Verdict in the Los Angeles Superior Court ("LASC") case number BC480013 on a Special Jury Verdict for Intentional Tort of _**Conversion and Trespass to Chattel**_ of Plaintiff's personal properties.   The true and correct copies of the Special jury Verdicts are collectively attached herein and incorporated hereto as Plaintiff's **Exhibit "A".**

21. On November 8th, 2013, Judge Michelle Rosenblatt, Judge of the LASC merged the Conversion and Trespass Chattel and thereafter reduced the Special jury Verdict award to Three Million One Hundred Thousand dollars (**US$3,100, 000.00**). The true and correct copies of the judgment from the Special jury Verdicts are collectively attached herein and incorporated hereto as Plaintiff's **Exhibit "B".**

22. On or about November 08, 2013, Judge Michelle Rosenblatt, Judge of the LASC ordered Defendant Kimberly Martin-Bragg to return a; of plaintiff's property  (Exhibit B).  As of the filing of the this Adversary proceeding complaint, Defendant debtor  continue to unlawfully maintain dominium and control over creditor Ivan Rene Moore's personal properties

094

1   and failed to disclose the Debtor's personal properties in her possession.   Further, Defendant

2   ("Debtor"), filed her bankruptcy petition, Defendant disobeyed the Order of the Los Angeles

3   Superior Court and refused to turn over Plaintiff's personal properties.

4       23.     When Defendant ("Debtor"), filed her bankruptcy petition, Defendant dissipated

5   her assets and refused to pay Plaintiff the jury award and the Court ordered judgment from the

6

7   Special jury verdict.

8       24.     Plaintiff alleges on information and belief and personal knowledge that

9   Defendant, Debtor, filed her bankruptcy petition in her zeal to avoid paying Plaintiff the Three

10  Million One Hundred Thousand dollars (US$3,100, 000.00) plus 10% interest Court Ordered

11

12  Judgment and in her zeal to continue to exercise dominium and control over creditor Ivan Rene

13  Moore's personal properties.

14      25.  Defendant, Debtor, filed her bankruptcy petition to circumvent the California

15  Superior Court Order, ordering her to return the creditor Ivan Rene Moore's personal and Real

16  properties.

17

18      26.     Defendant, Debtor **KIMBERLY MARTIN- BRAGG,** and Defendants **PETER**

19  **M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY,** knowingly and willfully

20  omitted to include creditor Ivan Rene Moore's personal properties the debtor was ordered to

21  return to Plaintiff Creditor by California Superior Court Judge (Judge Rosenblatt).

22      27.     Defendant, Debtor, filed her bankruptcy petition to avoid paying Plaintiff the

23  Three Million One Hundred Thousand dollars (US$ 3,100, 000.00) plus 10% interest Court

24

25  Ordered Judgment.

26      28.     When Defendant ("Debtor"), filed her bankruptcy petition, she was in the middle

27  of legal proceedings in the Superior Court of California, Central District of Los Angeles County

28

095

in action for Motion For Receiver of Creditor, Ivan Rene Moore's Personal Properties Which Are In Wrongful Possession of The Debtor, Debts For Willful And Malicious Injury to Creditor by the Debtor Under 11 U.S.C. § 523(A)(6) from the Intentional Tort of Trespass to Chattel and Conversion of The Creditor, Ivan Rene Moore's Personal Properties by The Debtor.

29. When Defendant ("Debtor"), filed her bankruptcy petition, she was in the middle of legal proceedings in the Superior Court of California, Central District of Los Angeles County for the remaining cause of action in BC459449 to set a trial date for the matter involving Possession of 6150 Shenandoah property which had been in Mr. Moore's family for over 20 years.

30. When Defendant ("Debtor"), filed her bankruptcy petition, she was in the middle of legal proceedings in the Superior Court of California, Central District of Los Angeles County in LASC case number **BC459449**, for possession of 6150 Shenandoah property and for damages for extrinsic fraud and other related matter.

31. In 2011, prior to filing her bankruptcy petition, Defendant initiated a Fraudulent Unlawful Detainer Action on the 6150 Shenandoah Avenue, Los Angeles, CA 90056 where Defendant /Debtor now reside.

32. The 6150 Shenandoah property ("the subject property") had been in Plaintiff Ivan Rene Moore's family, many years. Plaintiff and his corporations paid mortgage and taxes on the subject property before Defendant debtor, and for former domestic partner, instituted her fraudulent unlawful detainer action.

33. On August 01, 2013, the Second Appellate District Court in California, in an unanimous decision revered in Full the fraudulent unlawful detainer action, and further found that the unlawful detainer action was a miscarriage of justice and a trial my ambush. The Court

---

ADVERSARY PROCEEDING COMPLAINT

Case 2:16-ap-01543-BR    Doc 1    Filed 12/09/16    Entered 12/09/16 13:29:33    Desc
Main Document        Page 11 of 53

of Appeals decision in that case is now a case law in the State of California.  The true and

correct copy of the Court of Appeals decision is attached herein and incorporated hereto as

Plaintiff's **Exhibit "C"**.

34. After the California Second district Court of Appeals, reversed Defendant's

fraudulent unlawful detainer action, Defendant, Debtor, Kimberly Martin-Bragg dismissed her

fraudulent unlawful detainer action.  In her dismissal, Defendant Debtor made false and

misrepresentation on ***Public land***, claiming that Plaintiff Ivan Rene Moore, waived all fees

relating to Defendant, Debtor's fraudulent unlawful detainer action.    A true and correct copy of

the Defendant/Debtor's dismissal of her unlawful detainer action is attached herein and

incorporated hereto as Plaintiff's **Exhibit "D"**.  Plaintiff, further allege that, in 2016, the LASC

judge found the Debtor and her lawyer Allen King to have committed extrinsic fraud when they

dismissed.

35.    In her fraudulent Bankruptcy petition, Defendant Debtor **KIMBERLY**

**MARTIN- BRAGG**, and Defendants **PETER M. LIVELY** and **THE LAW OFFICES OF**

**PETER M LIVELY** devised or intended to devise a scheme to defraud Creditor, Ivan Rene

Moore, by making false or fraudulent representation pertaining to the creditor's corporations,

real property located at 6150 Shenandoah Los Angeles California in violation of 18 U.S.C. §

157.

36.  Plaintiff/Creditor alleges that on information and belief and personal knowledge, the

Debtor/ Defendant, KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka,

KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with

Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW

OFFICES OF PETER M. LIVELY, knowingly and fraudulently made false oath and willful

---

ADVERSARY PROCEEDING COMPLAINT

11

097

Case 2:16-ap-01543-BR   Doc 1   Filed 12/09/16   Entered 12/09/16 13:29:33   Desc
Main Document     Page 12 of 53

1   misrepresentation in <u>Form 106</u> and other related Forms of the United States Bankruptcy in their

2   zeal to deprive the Creditor of all beneficial interests and enjoyment in his real property and in

3   the Creditor's personal properties.

### <u>FIRST CAUSE OF ACTION.</u>

### (FRAUDULENT BANKRUPTCY FILING 18 U.S.C. § 157)

### (Against all Defendants)

9   37.   Plaintiff re-alleges on information and belief and personal knowledge and

10  incorporates by reference all preceding paragraphs as though fully set forth herein.

12  38.   On or about September 28<sup>th</sup>, 2016, Debtor/ Defendant, **KIMBERLY BARBOUR,**

13  **aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY**

14  **BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's**

15  **Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY,** made

16  false or fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and

18  fraudulently made false oath and willful misrepresentation in <u>Form 106</u> and other related Forms

19  of the United States Bankruptcy in their zeal to deprive the Creditor of all beneficial interests and

20  enjoyment in his real property and in the Creditor's personal properties.  **PETER M. LIVELY**

21  **and THE LAW OFFICES OF PETER M LIVELY** and the debtor falsely and misrepresented

22
23  that, 6150 Shenandoah Avenue property, belong to the Debtor.  The 6150 Shenandoah Avenue

24  property is the Creditor, Mr. Moore's Home where Mr. Moore and his corporations paid

25  mortgage and taxes for over 20 years and prior to the Debtor filing her fraudulent unlawful

26  detainer action.  The 6150 Shenandoah Avenue property is currently in litigation and the Debtor

27
28

098

1   is not the rightful owner of the 6150 Shenandoah Avenue property. Further, the Debtor has no

2   pecuniary or any beneficial interest in the 6150 Shenandoah Avenue property.

3   39. On or about September 28th, 2016, Debtor/ Defendant, KIMBERLY BARBOUR, aka

4   KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;

5   together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse),

6   PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, made false or

7

8   fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently

9   made false oath and willful misrepresentation in Form 106 and other related Forms of the United

10  States Bankruptcy when they claimed that the Debtor has interests in Rene Moore Music, Inc;

11

12  Rufftown Entertainment Group, Inc and Radio Multimedia, Inc. These corporations are or were

13  owned and controlled by the Creditor Ivan Rene Moore. Ronald Hills is the Secretary of these

14  various corporations since inceptions. The Debtor neither own nor have any interest in the

15  Creditor's corporations.

16  40. On or about September 28th, 2016, Debtor/ Defendant, KIMBERLY BARBOUR, aka

17

18  KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;

19  together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse),

20  PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, made false or

21  fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently

22

23  made false oath and willful misrepresentation in Form 106 and other related Forms of the United

24  States Bankruptcy when they claimed that the Debtor has interests in Various Master Recording

25  Secured via Wells Fargo Bank UCC-1 related to Wells Fargo Loan to Ivan Rene Moore.

26  Creditor contends that the Debtor and **PETER M. LIVELY, and THE LAW OFFICES OF**

27

28

PETER M. LIVELY assertions were false and Defendants knew that to me false when they made these claims in FORM 106 A/B page 7.

41.  Additionally, on or about September 28th, 2016, Debtor/ Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY,** made false or fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently made false oath and willful misrepresentation in Form 106 and other related Forms of the United States Bankruptcy when they claimed that the Debtor provided Loans and advances to the Creditor, Ivan Rene Moore, Rene Moore Music, Rufftown Entertainment Group, Inc and G&S Electronics in the amount of $2,42,000.00.  Creditor contends that the Debtor and **PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** assertions were false and Defendants knew that to be false when they made these claims in FORM 106 A/B page 7.

42.  Creditor/Plaintiff alleges that on information and belief and personal knowledge, at the time KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, **PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY** knew the statement they made in Form 106 and other related Forms of the United States Bankruptcy were false.

43. Creditor/Plaintiff alleges that on information and belief and personal knowledge, at the time **KIMBERLY BARBOUR, aka KIMBERLY  MARTIN- BRAGG, aka, KIMBERLY**

MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants,

GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW

OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES

OF PETER M LIVELY made the false statements in Form 106 and other related Forms of

the United States Bankruptcy with the intention and purpose of deceiving the Creditor to

deprive the Creditor of all use and enjoyment in his real property and in his personal

properties.

44.  Furthermore, the creditor, Ivan Rene Moore justifiably relied the misrepresentation

and representations by KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG,

aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with

Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE

LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES

OF PETER M LIVELY.

45.  As a direct and proximate result of the misrepresentation and representations by

KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY

MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants,

GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES

OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M

LIVELY, creditor, Ivan Rene Moore sustained loss and damage and the sum to be determined at

trial.

## SCHEDULE A - REAL PROPERTY

46. Defendant, Debtor, Kimberly Martin-Bragg made false or fraudulent representation, in violation of 18 U.S.C. §§ 152, 157 when she claimed in her Bankruptcy filing that she owns the 6150 Shenandoah Property. (**SCHEDULE A - REAL PROPERTY**).

47. Debtor Kimberly Martin-Bragg's claim that she owned as or has a life estate or holds rights and powers exercisable for the debtor's own benefit in the 6150 Shenandoah Avenue, property is false.   Defendant Debtor is merely a trespasser, further a proceeding to remove the Debtor Kimberly Martin-Bragg from the Creditor's home commonly described as: 6150 Shenandoah property, was in process in LASC case number BC 459449 and scheduled for September 29, 2016 just a day preceding the filing of the Debtor Fraudulent Bankruptcy filing. Coincidently, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY** purposely, knowingly and willfully failed to disclose this information on FORM 107 as one of the litigations THE Debtor is or was a Party within one year before filing of this Bankruptcy.

48. On or about September 28, 2016, Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY** obtained legal fees from the debtor that was this plaintiff's money, and thereafter on or about September 28, 2016, conspired with and acted in concert with the debtor to make false or fraudulent representation that the Debtor Kimberly Martin-Bragg's owns the 6150 Shenandoah Avenue property.   Further, Plaintiff/Creditor alleges that, Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY** intentionally and deliberately omitted and failed to disclose the case number BC 459449 in which the LASC Judge found that, the Debtor had committed Extrinsic Fraud in her attempt to

deprive the Creditor obtaining his cost on Appeal and the matter concerning the re-turn of

possession of the 6150 Shenandoah to the Creditor was set for September 29, 2016.

49.   Plaintiff alleges that on information and belief and personal knowledge, Defendants

**PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY conspired with**

**the Debtor Defendants PETER M. LIVELY, THE LAW OFFICES OF PETER M.**

**LIVELY** knew or should have known that the Debtor Kimberly Martin-Bragg does not own the

6150 and said property is still subject to dispute and that there is currently an Appeal pending on

the matter relating to 6150 Shenandoah property.

50.   Defendants, **PETER M. LIVELY, THE LAW OFFICES OF PETER M.**

**LIVELY** knew or should have know that the Debtor paid no mortgage or taxes for the

Shenandoah property that any money she paid after her fraudulent unlawful detainer action was

to satisfy the loans she fraudulently obtained from Chase bank, a national association.

51. Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY**

knew or should have known that the Debtor does not own the 6150 Shenandoah property and

that the Debtor's fraudulent unlawful detainer action that touch and concern the 6150

Shenandoah property was reversed in full by California Second Appellate District in *Martin-*

*Bragg v. Moore*, 219 Cal. App. 4th 367; 161 Cal. Rptr. 3d 471; 2013 Cal. App. LEXIS 704.

52.   Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY**

and the Debtor Kimberly Martin-Bragg intentional represented to the United States Bankruptcy

Court that the Debtor own the 6150 **Shenandoah property when they knew that to be false.**

Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY** and the

Debtor's conduct was in contravention of 18 U.S.C. §§ 152 and 157.

103

53.  On or about September 28, 2016, Defendant, Debtor, Kimberly Martin-Bragg made

several false or fraudulent representation, in violation of **18 U.S.C. §§ 152, 157** when, for

example, she claimed in her Bankruptcy filing (p.5) **(SCHEDULE A/B - PROPERTY)** that she

has FINANCIAL ASSESTS IN:

    (a)    Rene Moore Music, Radio Multi Media,
    (b)    Rufftown Entertainment Group and
    (c)    Radio Multi Media investments,

54.  Debtor's claim is false in that, Rene Moore Music, Inc., Radio Multi Media, and

Rufftown Entertainment Group are all Creditor Ivan Rene Moore's corporations.   Defendants

**PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY** and the Debtor

Kimberly Martin-Bragg knew that, Kimberly Martin Bragg has no ownership interest in the

Creditor Ivan Rene Moore's corporations yet, they made false representation under the penalty of

perjury.

55.  Defendants **PETER M. LIVELY and THE LAW OFFICES OF PETER M**

**LIVELY** knew or should have known that the Debtor Kimberly Martin-Bragg does not have any

Ownership interest in Rene Moore Music, Radio Multi Media, and Rufftown Entertainment

Group.

56. Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY**

and the Debtor Kimberly Martin-Bragg intentional represented to the United States Bankruptcy

Court that the Debtor has Ownership in Rene Moore Music, Radio Multi Media, and, Rufftown

Entertainment Group when they know that to be false.

57.  Plaintiff/Creditor alleges that on information and belief and personal knowledge,

Defendants, **PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY's**

104

conduct of misrepresentation in a bankruptcy filing was in contravention of 18 U.S.C. §§ 152 and 157.

58. On or about September 28, 2016, Defendant, Debtor, Kimberly Martin-Bragg made false or fraudulent representation, in violation of 18 U.S.C. §§ 152, 157 when she claimed in her Bankruptcy filing that Ivan Rene Moore, is a co- Debtor in Defendant/Debtor fraudulent bankruptcy filing.

59. Defendants, **PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY's** conduct of misrepresentation in a bankruptcy filing that Ivan Rene Moore, is a co-debtors of the Debtor Kimberly Martin-Bragg when they knew that to be false, is in violation of 18 U.S.C. §§ 152 and 157.

60. Defendant, debtor, Kimberly Martin-Bragg hold and control the creditor's real property located at 6150 Shenandoah Ave to which the creditor has constitutionally protected property interest. Defendant, Debtor continues to hold and control the 6150 Shenandoah property after the California Second Appellate District dismissed her fraudulent unlawful detainer action. Please see, *Martin-Bragg v. Moore,* **219 Cal. App. 4th 367; 161 Cal. Rptr. 3d 471; 2013 Cal. App. LEXIS 704.**

61. In BC480013, **IVAN RENE MOORE VS KIMBERLY MARTIN-BRAGG,** for Intentional Tort of Trespass to chattel and Conversion lawsuit, the jury, on a special jury verdict, found that Defendant, Debtor Kimberly Martin-Bragg was/is in possession and control of Creditor's personal properties and that Kimberly Martin-Bragg, intentionally to permanently to deprived the Creditor /Plaintiff Ivan Rene Moore of use and enjoyment of his personal properties.

105

62. Consistent with the evidence provided at trial, the debtor holds and control the creditor

Ivan Rene Moore's personal business and family properties referenced below:

**SSL Solid State Recording Console (K) Series valued over $450,000.00;Tape recorders; analog and Sony digital 3348 HR, 80 Channel Pro tools system; rare and vintage microphone collections valued over $350,000,00**; 100k of various software, $225k of touring equipment, cash of over 250k; Classic Guitars Fender and Gibson and fender; Kramer Music man Basses; most every keyboard and synthesizer; 6 Fender Rhodes keyboards; 3 Wurlitzer keyboard; Hammond b-3 organ 2 Leslie speakers, **35mm film cameras w lenses; (16) Neve Eq,; all of my clothes and jewelry, complete home furnishings, paintings; (9) Rolex men's watches (6) Rolex, Paiget, Hamilton female watches** that belong to my mother (now deceased), my deceased mother and father's jewelry, **loose diamonds, (18) Gold Bars, female (5) Carat pair shape diamond ring** that belonged to my now deceased mother; **family bearer bonds; family Pictures, family birth certificates, Silver wear, China, Crystal, legal documents, deed to properties in other states, complete set of California Practices Guides law book, legal court documents** for all of my cases past and present, **court transcripts, radio stations clients files, Los Angeles Philharmonic 150 page complete orchestration score** of the song Somewhere Far Away written by **Rene Moore and Joe Westmoreland** performed by **Rene Moore with Zubin Mehta conducting;** written music and string orchestrations of over 350 recorded songs, work tapes and documentation for over 750 songs, master recordings, unreleased films purchased by the judgment creditor, **(25) video** footage of artists sign to label and final masters, film footage, master recording and work tapes of **Michael Jackson, Janet Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal, Maxie Priest, Ivy Lies, Rene & Angela, Notorious Big, Jay-Z** certificate of deposits, 25 movie footage sound effect library, (2) motorcycles, racing car parts, (3) Mikes racing transmissions 3 power glide, (4 )Turbo 400 transmission , 600 cubic (5) Chevy racing engines, (5) set of big Chief big block racing heads,(6) continental racing converters, Hi-toque big block starters, (5) Pro tool systems HD and many others items missing.

63. Defendants, **KIMBERLY MARTIN- BRAGG**, along with Defendants, **GEORGE BARBOUR, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY,** and each of them knowingly and willfully made false or fraudulent misrepresentation in the debtor's bankruptcy filing when Defendants and each of them misrepresented material facts on FORM 106 of the United Bankruptcy Court.

64. Plaintiff/Creditor alleges that on information and belief and personal knowledge, Defendants, **GEORGE BARBOUR, PETER M. LIVELY** and THE LAW OFFICES OF

1  PETER M LIVELY purposely and maliciously concealed assets of the Debtor, Defendants,

2  KIMBERLY MARTIN- BRAGG.     Plaintiff/Creditor further alleges that Assets can be

3  committed by person other than bankrupt. United States v Joyner (1927, DC La) 23 F2d 884.

4  Further, Attorney for bankrupt was guilty of concealing real estate of bankrupt from trustee.

5
   Ruby v United States (1932, CA6 Mich) 61 F2d 617, cert den (1933) 288 US 617, 77 L Ed 989,
6
7  53 S Ct 507.

8      65.  As a direct and proximate result of the misrepresentation and representations by

9  KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN,

10  aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE

11
   BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M.
12
13  LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY, creditor,

14  Ivan Rene Moore sustained loss and damage and the sum to be determined at trial

15
16                    SECOND CAUSE OF ACTION,

17          (NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C.
                      § 523 (a)(2), (4), (6) and (11))
18
19                     (Against all Defendants)

20
   66.     Plaintiff on information and belief and personal knowledge re-alleges and
21
22  incorporates by reference all preceding paragraphs as though fully set forth herein.

23     67.  On or about February 9$^{th}$ 2012 , the Debtor Kimberly Martin-Bragg trespassed upon

24  and converted the creditor Ivan Rene Moore's personal properties.

25     68.  After several demands for the return of the creditor's personal properties which the
26
27  debtor vehemently refused to return said personal properties, the creditor instituted a lawsuit

28  against the debtor in LASC BC480013.

69.  Consistent with evidence at the trial for trespass and conversion, the debtor was in

possession and control of the creditor's personal properties referenced below:

**SSL Solid State Recording Console (K) Series valued over $450,000.00;Tape recorders; analog and Sony digital 3348 HR, 80 Channel Pro tools system, 9 sets of Westlake speakers, 2 sets George Augsburg speakers,7 sets of JBL speakers, JBL sub woofers, Tanony speakers, and parts;** rare and vintage microphone collections valued over $350,000,00; 100k of various software, **$225k of touring equipment,;** Classic Guitars Fender and Gibson and fender;  **Kramer Music man Basses;** most every keyboard and synthesizer; **6 Fender Rhodes keyboards;  3 Wurlitzer keyboard;** Hammond b-3 organ 2 Leslie speakers, **35mm film cameras w lenses; (16) Neve Eq,;** all of my **clothes and jewelry, complete home furnishings, paintings; all of Moore clothes, shoes, shirts, ties, boot, coats, long and short, suits, ect. (9) Rolex men's watches (6) Rolex, Paiget, Hamilton female watches** that belong to my mother (now deceased), my deceased mother and father's jewelry, **loose diamonds, (18) Gold Bars,** female **(5) Carat pair shape diamond ring** that belonged to my now deceased mother; **family bearer bonds; family Pictures, family birth certificates, Silver wear, China, Crystal,  legal documents, deed to properties in other states, complete set of California Practices Guides law book, legal court documents** for all of my cases past and present, **court transcripts, radio stations clients files, Los Angeles Philharmonic 150 page complete orchestration score** of the song **Somewhere Far Away** written by **Rene Moore and Joe Westmoreland** performed by **Rene Moore with Zubin Mehta conducting;** written music and string orchestrations of over 200 recorded songs, work tapes and documentation for over 750 songs, master recordings, unreleased films purchased by the judgment creditor, **(25) video** footage  of artists sign to label and final masters, film footage, master recording and work tapes of **Michael Jackson, Janet Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal, Maxie Priest, Ivy Lies, Plush, Jane Doe, Rene project, Rene & Angela, Notorious Big, Jay-Z  Notorious Big, Jay-Z** certificate of deposits, 25 movie footage sound effect library, **(2) motorcycles, racing car parts, (3) Mikes racing transmissions 3 power glide, (4 )Turbo 400 transmission , 600 cubic (5) Chevy racing engines, (5) set of big Chief big block racing heads,(6) continental racing converters, Hi- toque big block starters, (5) Pro tool systems HD**  and many others items missing. .

70.  On or about September 28, 2016, Defendants, **PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY** and Kimberly Martin-Bragg, and each of them knowingly

and willfully failed to disclose the creditor's personal properties referenced above as the

creditor's properties the debtor hold and control.

71.  Plaintiff/Creditor alleges on information and belief and personal knowledge that,
**GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES**
**OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M**
**LIVELY** knew or should have known that, the Defendant/Debtor, **KIMBERLY BARBOUR,**
**aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY**
**BRAGG**; unlawfully took dominium and control of the Plaintiff/ Creditor's personal properties,
by false pretenses, a false representation, or actual fraud in violation of the 11 U.S.C.
523(a)(2)(A).

72.  After a two week jury trial, the jury found that the debtor was in possession of the
creditor's personal properties and additionally awarded the creditor 5.6 Million dollars in
damages against the debtor Kimberly Martin- Bragg for the trespass and conversion of creditor's
personal properties by the debtor Kimberly Martin- Bragg.

73.  Plaintiff/creditor attests that his personal properties which the debtor hold and control
are non dischargeable in the debtor bankruptcy filing.

74.  On or about September 03, 2013 and on November 08, 2013, Judge Michelle R.
Rosenblatt, Judge of the Superior Court of California, awarded judgment to Plaintiff Ivan Rene
Moore (creditor) against Defendant Kimberly Martin-Bragg, (Debtor) in the sum of three
million, one hundred and fifty thousand dollars ($3,150,000.00) with interest thereon with cost.

75.  Plaintiff/creditor attests that final judgment order of ($3,150,000.00) by the California
Superior Court judge from the special jury verdict against the debtor in favor of the creditor for
the trespass to chattel and conversion is non-dischargeable under 11 U.S.C. § 523 (a)(2), (4), (6)
and (11)).

76.    Plaintiff/Creditor alleges on information and belief and personal knowledge that , in spite of their knowledge about the Debtor's, false pretenses, a false representation, or actual fraud and Intentional Tort **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY** encouraged the Debtor to file bankruptcy to deprive Plaintiff/ Creditor access to his personal properties.

77.    As a direct and proximate result of the Intentional Tort by **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG,** creditor, Ivan Rene Moore sustained loss and damage and the sum to be determined at trial.

78.    As a direct and proximate result of the Intentional Tort by **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG,** the judgment in the LASC case number: BC480013 is **NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. § 523 (a)(2), (4), (6) and (11)).**

### THIRD CAUSE OF ACTION.

### (CONVERSION)

#### (Against all Defendants)

79.    Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.    At all times herein mentioned, Plaintiff/Creditor was, and still is, the owner of cash, personal properties, books, cash receipts, radio station equipments, records, computers,

intellectual properties, transmitters, mixers, Power amplifiers, microphones, compressors, and other tangible personal properties and 1969 Camaro Z-28.

81. Plaintiff / Creditor alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants, **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY,** wrongfully took dominium and control over Plaintiff's cash, personal properties, books, cash receipts, radio station equipments, records, computers, intellectual properties, transmitters, mixers, Power amplifiers, microphones, compressors, and other tangible personal properties and 1969 Camaro Z-28 and failed to list these properties in the Debtor's Chapter 7 Bankruptcy as assets belonging to the Plaintiff/ creditor which the Debtor is holding.

82. Plaintiff / Creditor further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants, **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY,** continue to wrongfully take dominium and control over Plaintiff's personal properties that were ordered returned by the LASC Judge Hon. Michelle Rosenblatt.

83. Plaintiff/ creditor alleges on information and belief and personal knowledge that, Defendants act of wrongful dominion and control and willful interference with Plaintiff's properties have substantially interfered with Plaintiff's right of possession and enjoyment of his personal properties.

111

84. Plaintiff orally and in writing demanded the immediate return of the above-mentioned

properties but Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG,**

**aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with

Defendants, **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE**

**LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES**

**OF PETER M LIVELY,** has failed and refused, and continues to fail and refuse, to return the

properties to plaintiff.

85. The Defendants' acts alleged above were willful, wanton, malicious, and oppressive,

and were undertaken with the intent to defraud, and justify the awarding of exemplary and

punitive damages.

86. As a proximate result of Defendants' conversion and the wrongful acts herein alleged,

Plaintiff has been harmed and damaged in the sum of not less than $12,000,000.00.(twelve

million dollars) and such other amounts to be proven at trial.

<u>FOURTH CAUSE OF ACTION</u>

**(EMBEZZLEMENT)**

**(Against the Debtor)**

87. Plaintiff on information and belief and personal knowledge re-alleges and incorporates

by reference all preceding paragraphs as though fully set forth herein.

88. The Creditor, Ivan Rene Moore entrusted the Debtor, Kimberly Barbour with the

Creditor's money in excess of $500, 000.00.

89. Plaintiff and creditor further alleges on information and belief and personal knowledge

that the Creditor entrusted the Debtor, Kimberly Barbour with the money in excess of $1,500,

000.00 belonging to his corporations, Rufftown Entertainment Group, and Rene Moore Music, Inc.

90. Plaintiff alleges on information and belief and personal knowledge that the Debtor, Kimberly Barbour breached the trust bestow on her and breached her fiduciary duties when she converted the corporations' money and monies own by the Creditor to her own personal use.

91.    As a proximate result of Defendant/Debtor's embezzlement, the Creditor has been harmed in the amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (FRAUDULENT TRANSFER)

### (Against all Defendants)

92.  Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.  Plaintiff/Creditor is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture and enterprise.

94.    Plaintiff/Creditor alleges on information and belief and personal knowledge that, Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES**

**OF PETER M LIVELY**, caused fraudulent conveyance of Plaintiff/Creditor's personal and business properties herein alleged in this adversary proceeding complaint, to GEORGE BARBOUR with the intent to prevent a Plaintiff/Creditor from reaching that interest to satisfy his debts to others.

95.   Plaintiff/Creditor further alleges on information and belief and personal knowledge that the fraudulent conveyance, and fraudulent transfer, was made in an attempt to avoid debt by transferring money to GEORGE BARBOUR and another person or company with reference to insolvent debtor, Kimberly Barbour.

96.   Plaintiff alleges on information and belief and personal knowledge that the transfers were made with the actual intent to hinder, delay or defraud Plaintiff, Ivan Rene Moore, creditor of the debtor in violation of California's Uniform Fraudulent Transfer Act ("UFTA"). Cal. Civ. Code § 3439.04; see Mejia v. Reed, 31 Cal.4th 657, 664 (2003).

97.   Plaintiff/Creditor further alleges that on information and belief and personal knowledge, Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;** *together with and in concert with* **Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY caused** fraudulent conveyance of Debtor's properties to GEORGE BARBOUR and other third parties with the intent to prevent a Plaintiff/Creditor from reaching that interest to satisfy his claim.

98.   Plaintiff alleges on information and belief and personal knowledge that the transfers were made an insider and that debtor retained possession or control of the properties of the Creditor after the transfer.

99.   Plaintiff alleges on information and belief and personal knowledge that the transfer further alleges that the transfer or obligation was disclosed or concealed and that the debtor Kimberly Barbour was sued and threatened with more lawsuit before the transfer was made.

100.   Plaintiff alleges on information and belief and personal knowledge that the transfer were substantially all of the debtor's assets.

101. Plaintiff/Creditor further alleges on information and belief and personal knowledge that the debtor absconded the assets in her zeal to avoid payment to the Creditor for the money owed by the Debtor.

102.   As a proximate result of Defendant/Debtor's fraudulent transfer, the Creditor has been harmed in the amount to be determined at trial.

## SIXTH CAUSE OF ACTION.

### (REPLEVIN)

### (Against all Defendants)

103.   Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104.   Plaintiff/Creditor, Ivan Rene Moore ("Mr. Moore") alleges that the Debtor, Kimberly Barbour unlawfully seized goods or personal properties belonging to Mr. Moore.

105.   Plaintiff/Creditor, further alleges on information and belief and personal knowledge that, Defendant/Debtor, **KIMBERLY BARBOUR**, along with Defendants, **KEITH ROUSTER,** ("Agent and a well known representative of the Debtor"), **ROBERT PITTS,** (**"Agent and a well known representative of the Debtor"**), ROBERT PITTS ESTATES, (**"Agent and a well known representative of the Debtor"**), PETER M. LIVELY, and **THE**

**LAW OFFICES OF PETER M. LIVELY,** unlawfully conspired to kept from and seized goods or personal properties belonging to Mr. Moore.

106.    Plaintiff/Creditor, further alleges on information and belief and personal knowledge that, the above named Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture and enterprise when they kept from and seized goods or personal properties belonging to Mr. Moore.

107.    Plaintiff/Creditor, further alleges on information and belief and personal knowledge that, the above named Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture and enterprise when they kept from and seized goods or personal properties belonging to Mr. Moore listed below:

> **SSL Solid State Recording Console (K) Series valued over $450,000.00;**Tape recorders; **analog and Sony digital 3348 HR, (7) 80 Channel Pro tools system, 9 sets of Westlake speakers, 2 sets George Augsburg speakers,7 sets of JBL speakers, JBL sub woofers, Tanony speakers, and parts;  rare and vintage microphone collections valued over $350,000,00;**  100k of various software, $225k of touring equipment,; Classic Guitars Fender and Gibson and fender;  Kramer Music man Basses; most every keyboard and synthesizer;  6 Fender Rhodes keyboards;  3 Wurlitzer keyboard; Hammond b-3 organ 2 Leslie speakers, **35mm film cameras w lenses; (16) Neve Eq,;** all of my **clothes and jewelry, complete home furnishings, paintings; all of Moore clothes, shoes, shirts, ties, boot, coats, long and short, suits, ect. (9) Rolex men's watches (6) Rolex, Piaget, Hamilton female watches** that belong to my mother (now deceased), my deceased mother and father's jewelry, **loose diamonds, (18) Gold Bars,** female **(5) Carat pair shape diamond ring** that belonged to my now deceased mother; **family bearer bonds; family Pictures, family birth certificates, Silver wear, China, Crystal, legal documents, deed to properties in other states, complete set of California Practices Guides law book, legal court documents** for all of my cases past and present, **court transcripts, radio stations clients files, Los Angeles Philharmonic 150 page complete orchestration score** of the song **Somewhere Far Away** written by **Rene Moore and Joe Westmoreland** performed by **Rene Moore with Zubin Mehta** conducting; written music and string orchestrations of over 200 recorded songs, work

116

tapes and documentation for over 750 songs, master recordings, unreleased films purchased by the judgment creditor, **(25)** video footage of artists sign to label and final masters, film footage, master recording and work tapes of **Michael Jackson, Janet Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal, Maxie Priest, Ivy Lies, Plush, Jane Doe, Rene project, Rene & Angela, Notorious Big, Jay-Z Notorious Big, Jay-Z** certificate of deposits, 25 movie footage sound effect library, (2) motorcycles, racing car parts, (3) Mikes racing transmissions 3 power glide, (4 )Turbo 400 transmission , 600 cubic (5) Chevy racing engines, (5) set of big Chief big block racing heads,(6) continental racing converters, Hi- toque big block starters, (5) Pro tool systems HD,  cash, books, cash receipts, radio station equipments, records, computers, intellectual properties, transmitters, mixers, Power amplifiers, microphones, compressors, and other tangible personal properties  and 1969 Camaro Z-28.

108.   Plaintiff/Creditor, has made demand for the return of these properties, however,

Defendants and each of them has refused to return Plaintiff/Creditor's properties.

109.   Through this action, Plaintiff, sought recovery of the specific items of property in

dispute rather than monetary damages.

110.   Plaintiff / Creditor alleges on information and belief and personal knowledge that,

Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka,**

**KIMBERLY MARTIN, aka KIMBERLY BRAGG;** together with and in concert with

Defendants, **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY,** and **THE**

**LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES**

**OF PETER M LIVELY,** wrongfully took dominium and control over Plaintiff's cash, personal

properties, books, cash receipts, radio station equipments, records, computers, intellectual

properties, transmitters, mixers, Power amplifiers, microphones, compressors, and other tangible

personal properties  and 1969 Camaro Z-28 and failed to list these properties in the Debtor's

Chapter 7 Bankruptcy as assets belonging to the Plaintiff/ creditor which the Debtor is holding.

111.   Plaintiff / Creditor further alleges that on information and belief and personal

knowledge, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG,**

117

aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY, continue to wrongfully take dominium and control over Plaintiff's personal properties that were ordered returned by the LASC Judge Hon. Michelle Rosenblatt.

112.   Plaintiff/ creditor alleges that on information and belief and personal knowledge, Defendants act of wrongful dominion and control and willful interference with Plaintiff's properties have substantially interfered with Plaintiff's right of possession and enjoyment of his personal properties.

113.   Plaintiff orally and in writing demanded the immediate return of the above-mentioned properties but Defendants, KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY, has failed and refused, and continues to fail and refuse, to return the properties to plaintiff.

114.   The Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

115.   As a proximate result of Defendants' conversion and the wrongful acts herein alleged, Plaintiff has been harmed and damaged in the sum of not less than $12,000,000.00.(twelve million  dollars)  and such other amounts to be proven at trial.

## SEVENTH CAUSE OF ACTION.

### (FALSE LIGHT)

### (Against all Defendants)

116.   Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

117.   Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants, **GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY,** ("Defendants") were agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and were acting within the course and scope of such agency, employment and/or joint venture and enterprise in violating Plaintiff/Creditor's right to privacy.

118.   Plaintiff/Creditor alleges on information and belief and personal knowledge that the above named Defendants publicized information or material that showed Plaintiff/Creditor in a false light.   Defendants published that Plaintiff was not the owner and founder of Rufftown Entertainment Group, INC, causing Plaintiff to loss economic relations with **AT&T, T-Mobile, Verizon, Home Depot, Cricket Mobile,**

119.   Plaintiff/Creditor alleges on information and belief and personal knowledge that the above named Defendants publicized information or material that showed Plaintiff/Creditor in a false light when Defendants published that Plaintiff/Creditor forged certain power of attorney when Defendants and each of them knew that statement to be false.

120. Plaintiff/Creditor alleges on information and belief and personal knowledge that the above named Defendants publicized information or material that showed Plaintiff/Creditor in a false light when Defendants published false information in Defendant, Kimberly Barbour's Chapter 7 that touch and concern the Plaintiff/Creditor certain power of attorney when Defendants and each of them knew that statement to be false.

121. Plaintiff/Creditor alleges that on information and belief and personal knowledge, Defendants and each of them knew that, the false light created by the publication would be highly offensive to a reasonable person in Plaintiff/Creditor's position.

122. Plaintiff/Creditor alleges that on information and belief and personal knowledge, there is clear and convincing evidence that **KIMBERLY BARBOUR, aka KIMBERLY MARTIN-BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY,** knew the publication would create a false impression about the Plaintiff/Creditor, Ivan Rene Moore, and acted with reckless disregard for the truth.

123. Plaintiff/ Creditor further alleges that on information and belief and personal knowledge, above named Defendants, were negligent in determining the truth of the information or whether a false impression would be created by its publication.

124. Plaintiff/Creditor alleges on information and belief and personal knowledge that Defendants' false publication was made to the public at large.

125. As a direct and proximate result of Defendants' false publications, Plaintiff was harmed in his person, property, business, profession, or occupation in the amount to be determine at trial.

126. Plaintiff/Creditor alleges on information and belief and personal knowledge that, Defendants' conduct were a substantial factor in causing Plaintiff/Creditor harm.

## EIGHTH CAUSE OF ACTION

### (TORTUOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

(Against all Defendants)

127. Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

128. Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, ("Defendants") were agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and were acting within the course and scope of such agency, employment and/or joint venture and enterprise in causing tortuous interference with prospective economic advantage Plaintiff had and would have had other third parties.

1    129.   Plaintiff/Creditor alleges on information and belief and personal knowledge that

2    claims that the above named Defendants intentionally interfered with the contract between

3    Plaintiff/Creditor and Adam Lambert, Wells Fargo Bank, NKE Global, and many others.

4    130.    Plaintiff alleges that, there was a contract between Plaintiff and En Vogue, Adam

5    Lambert, Wells Fargo Bank, Vendors and other third parties.

6

7    131.   Plaintiff alleges on information and belief and personal knowledge that, Creditor/Plaintiff

8    further alleges that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN-**

9    **BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in**

10   **concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), KEITH**

11
     **ROUSTER (Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT**
12
     **PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M.**
13

14   **LIVELY** knew of the contract.

15   132.    Plaintiff alleges on information and belief and personal knowledge that,

16       Defendants, Creditor/Plaintiff further alleges that, ·

17
     Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka,**
18
     **KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with**
19
     **Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the**
20
     **Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M.**
21
     **LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** intentionally disrupt the
22
23   performance of this contract through fraud and willful and intentional misrepresentation.

24   133.   Plaintiff alleges on information and belief and personal knowledge that, Defendants,
25
     Creditor/Plaintiff further alleges that, Defendants, **KIMBERLY BARBOUR, aka**
26
     **KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY**
27

28

---

BRAGG; together with and in concert with Defendants, **GEORGE BARBOUR,**
**(Debtor's Spouse), KEITH ROUSTER ( Agent for the Debtor), KEITH ROUSTER;**
**ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW**
**OFFICES OF PETER M. LIVELY**'s conduct prevented performance or made
performance more expensive or difficult.

134.    Plaintiff was harmed as a direct and proximate result of Defendants' Negligence
Interference with prospective Economic advantage.

135.    Defendants, Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN-**
**BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;** together with and in
concert with Defendants, **GEORGE BARBOUR, (Debtor's Spouse), KEITH**
**ROUSTER ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT**
**PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M.**
**LIVELY**'s wrongful conduct was a substantial factor in causing Plaintiff's harm.

## NINTH CAUSE OF ACTION

### (COMMON LAW FRAUD)

(Against all Defendants)

136.    Plaintiff on information and belief and personal knowledge re-alleges and
incorporates by reference all preceding paragraphs as though fully set forth herein.

137.    Plaintiff/Creditor, Ivan Rene Moore ("Mr. Moore") alleges that the Debtor, Kimberly
Barbour unlawfully seized goods or personal properties belonging to Mr. Moore.

138.    Plaintiff/Creditor, further alleges  on information and belief and personal knowledge
that, Defendant/Debtor, **KIMBERLY BARBOUR, along with Defendants, KEITH**

1  ROUSTER, ("Agent and a well known representative of the Debtor"),  ROBERT PITTS,

2  ("Agent and a well known representative of the Debtor"), ROBERT PITTS ESTATES,

3  ("Agent and a well known representative of the Debtor"), PETER M. LIVELY, and THE

4  LAW OFFICES OF PETER M. LIVELY, unlawfully conspired to kept from and seized goods

5  or personal properties belonging to Mr. Moore.

6

7      139.  Plaintiff/Creditor alleges on information and belief and personal knowledge that,

8  KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY

9  MARTIN, aka KIMBERLY BRAGG; ("Debtor"), GEORGE BARBOUR, (Debtor's

10  Spouse), KEITH ROUSTER, ("Agent and a well known representative of the Debtor"),

11  ROBERT PITTS, ("Agent and a well known representative of the Debtor"), ROBERT PITTS

12

13  ESTATES, ("Agent and a well known representative of the Debtor"), PETER M. LIVELY,

14  and THE LAW OFFICES OF PETER M. LIVEL, misrepresented that Kimberly Martin-

15  Bragg, own Plaintiff's personal properties listed below :

16

17      SSL Solid State Recording Console (K) Series valued over $250,000.00;Tape

18      recorders; analog and Sony digital 3348 HR, 80 Channel Pro tools system, 9 sets of

19      Westlake speakers, 2 sets George Augsburg speakers,7 sets of JBL speakers, JBL

20      sub woofers, Tanony speakers, and parts;  rare and vintage microphone collections

21      valued over $350,000,00;  100k of various software, $225k of touring equipment,;

22      Classic Guitars Fender and Gibson and fender;  Kramer Music man Basses; most every

23      keyboard and synthesizer;  6 Fender Rhodes keyboards;  3 Wurlitzer keyboard;

24      Hammond b-3 organ 2 Leslie speakers, 35mm film cameras w lenses; (16) Neve Eq,; all

25      of my clothes and jewelry, complete home furnishings, paintings; all of Moore

26      clothes, shoes, shirts, ties, boot, coats, long and short, suits, ect. (9) Rolex men's

27      watches (6) Rolex, Piaget, Hamilton female watches that belong to my mother (now

28      deceased), my deceased mother and father's jewelry, loose diamonds, (18) Gold Bars,

124

1    female (5) Carat pair shape diamond ring that belonged to my now deceased mother;

2    family bearer bonds; family Pictures, family birth certificates, Silver wear, China,

3    Crystal, legal documents, deed to properties in other states, complete set of

4    California Practices Guides law book, legal court documents for all of my cases past

5    and present, court transcripts, radio stations clients files, Los Angeles Philharmonic

6    150 page complete orchestration score of the song Somewhere Far Away written by

7    Rene Moore and Joe Westmoreland performed by Rene Moore with Zubin Mehta

8    conducting; written music and string orchestrations of over 200 recorded songs, work

9    tapes and documentation for over 750 songs, master recordings, unreleased films

10   purchased by the judgment creditor, (25) video footage of artists sign to label and final

11   masters, film footage, master recording and work tapes of Michael Jackson, Janet

12   Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal,

13   Maxie Priest, Ivy Lies, Plush, Jane Doe, Rene project, Rene & Angela, Notorious

14   Big, Jay-Z and many others items missing

15

16   140.  Plaintiff/Creditor alleges on information and belief and personal knowledge that

17   Defendants and each of them knew the statements and representations were false and

18   deliberately disregarded its falsity. Plaintiff/Creditor alleges that, Defendants made theses

19
20   misrepresentations in the quest converting Plaintiff's personal properties and deprive Plaintiff of

21   possession and pecuniary interest in his properties.

22   141.  As a direct and proximate results of Defendants' intentional misrepresentation,

23   Plaintiff has been harmed in the amount to be determined at trial.

24   //

25   //

26   //

27

28

## TENTH CAUSE OF ACTION

### (DEFAMATION)

### (Against all Defendants)

142.    Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

143.    Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY,** ("Defendants") were agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and were acting within the course and scope of such agency, employment and/or joint venture and enterprise in publishing false and defamatory information of and concerning the Plaintiff/Creditor.

144 On information and belief and personal knowledge, Creditor/Plaintiff , thereon alleges that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** made and publish false and defamatory statement(s) of and concerning the Plaintiff/Creditor to a persons and entities other than Plaintiff/Creditor.

145.  On information and belief and personal knowledge, Creditor/Plaintiff , thereon alleges that the above named Defendants and each of them made false publications to AT&T En Vogue, Vendors, and Plaintiff/Creditor's business associates that the Plaintiff/Creditor is a master forger of documents, that he also forged a power of attorney, and other instruments.

146.  On information and belief and personal knowledge, Creditor/Plaintiff, further alleges that the above named Defendants and each of them disparage Plaintiff/Creditor in his profession when they misrepresented to AT&T En Vogue, Vendors, and Plaintiff/Creditor's business associates that the Plaintiff/Creditor is not a trustworthy businessman and that Plaintiff/Creditors has defrauded others in the course doing business.  Plaintiff alleges on information and belief and personal knowledge that Defendants and each of made the aforementioned statement when they knew that their statement were false.

Plaintiff/Creditor alleges  on information and belief and personal knowledge that, Defendants' did not have any privilege when the false and defamatory publications were made.

147.   On information and belief and personal knowledge, Creditor/Plaintiff, thereon alleges the above named Defendants and each of them knew that the third parties were false when made yet, Defendants and each of disregarded the falsity of their statements.

148.  Plaintiff alleges on information and belief and personal knowledge that AT&T En Vogue, Vendors, and Plaintiff/Creditor's business associates reasonably understood that the statement were about the Plaintiff/Creditor Ivan Rene Moore.

149. Plaintiff alleges on information and belief and personal knowledge that AT&T En Vogue, Vendors, and Plaintiff/Creditor's business associates reasonably understood reasonably understood the statement(s) to mean that crime of forgery has been committed and that Plaintiff/Creditor had committed such a crime.

1    150. Creditor/Plaintiff further alleges on information and belief and personal knowledge that,

2    Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka,**

3    **KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with**

4    **Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster (Agent for the**

5
6    **Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M.**

7    **LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** failed to use reasonable care to

8    determine the truth or falsity of the statements.

9    151. Plaintiff/Creditor alleges on information and belief and personal knowledge that, as

10   direct and proximate results of Defendants, false and defamatory publications, Plaintiff/Creditor

11
12   has been harmed in his business, trade, profession, and occupation.

13   152. Plaintiff/Creditor alleges on information and belief and personal knowledge that, as

14   direct and proximate results of Defendants, false and defamatory publications, Plaintiff/Creditor

15   has been harmed in his reputation, and has been subjected to shame, mortification, and hurt

16   feelings.
17
18   153. Plaintiff/Creditor is entitled to punitive damages because Defendants' false and

19   defamatory publication were done with malice, oppression, or fraud.

20   //

21   //

22   //

23
24   //

25   ////

26   //

27   //

28

128

### ELEVENTH CAUSE OF ACTION.

#### (CONSTRUCTIVE TRUST)

#### (Against all Defendants)

154.    Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

155.    The imposition of a constructive trust requires: (1) the existence of res (property or some interest in property); (2) the right of the complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it." *See Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1069 (1998).

156.    Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, are the holder of a property interest which they retain due to unjust, unconscionable, or unlawful means in their zeal to prevent Plaintiff/Creditor of access thereof.

157.    Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, ("Defendants") were agents,

employees, servants and/or the joint-ventures of the remaining Defendants, and each of them,

and were acting within the course and scope of such agency, employment and/or joint venture

and enterprise when they engaged in the wrongful acquisition or detention of Plaintiff/Creditors

personal and business properties delineated below:

SSL Solid State Recording Console (K) Series valued over $250,000.00;Tape

recorders; analog and Sony digital 3348 HR, 80 Channel Pro tools system, 9 sets of

Westlake speakers, 2 sets George Augsburg speakers,7 sets of JBL speakers, JBL

sub woofers, Tanony speakers, and parts; rare and vintage microphone collections

valued over $350,000,00; 100k of various software, $225k of touring equipment,;

Classic Guitars Fender and Gibson and fender; Kramer Music man Basses; most every

keyboard and synthesizer; 6 Fender Rhodes keyboards; 3 Wurlitzer keyboard;

Hammond b-3 organ 2 Leslie speakers, 35mm film cameras w lenses; (16) Neve Eq,; all

of my clothes and jewelry, complete home furnishings, paintings; all of Moore

clothes, shoes, shirts, ties, boot, coats, long and short, suits, ect. (9) Rolex men's

watches (6) Rolex, Piaget, Hamilton female watches that belong to my mother (now

deceased), my deceased mother and father's jewelry, loose diamonds, (18) Gold Bars,

female (5) Carat pair shape diamond ring that belonged to my now deceased mother;

family bearer bonds; family Pictures, family birth certificates, Silver wear, China,

Crystal,  legal documents, deed to properties in other states, complete set of

California Practices Guides law book, legal court documents for all of my cases past

and present, court transcripts, radio stations clients files, Los Angeles Philharmonic

150 page complete orchestration score of the song Somewhere Far Away written by

Rene Moore and Joe Westmoreland performed by Rene Moore with Zubin Mehta

conducting; written music and string orchestrations of over 200 recorded songs, work

tapes and documentation for over 750 songs, master recordings, unreleased films

purchased by the judgment creditor, (25) video footage of artists sign to label and final

masters, film footage, master recording and work tapes of Michael Jackson, Janet

130

1  Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal,

2  Maxie Priest, Ivy Lies, Plush, Jane Doe, Rene project, Rene & Angela, Notorious

3  Big, Jay-Z and many others items missing

4

5  158. Creditor/Plaintiff further alleges on information and belief and personal knowledge

6  that, Defendant, KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka,

7  KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with

8
   Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the
9
   Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M.
10

11  LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, and each of them is not

12  entitled to Plaintiff/Creditor's properties outlined above.

13
   159. Creditor/Plaintiff further alleges on information and belief and personal knowledge
14
   that, Defendant, no interest in Plaintiffs' properties that are described above.
15

16  160.    Creditor/Plaintiff has exclusive and undivided rights to his properties described

17  above.

18  161.    Creditor/Plaintiff further contends that Defendants and each of them has cause the

19  wrongful acquisition and wrongful detention of his properties described [supra].
20

21  162. Creditor/Plaintiff alleges on information and belief and personal knowledge that,

22  Defendants, KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka,

23  KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with

24  Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the

25
   Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M.
26
   LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, and each of them had been
27

28  unjustly enriched, and a constructive trust should be imposed in that Defendants and each of

them have benefited from Plaintiff's music composition and Masters, including the all the

properties [supra]and unjust retention of the benefit at the expense of Plaintiff Rene Moore.

163.    As a proximate result of the defendants fraudulent misrepresentations and

otherwise wrongful conduct as alleged herein, Plaintiff will continue to suffer irreparable

damages to the musical compositions and Masters and the remaining of the properties articulated

[supra].

164.    By reason of the fraudulent and otherwise wrongful manner in which the

defendants or any of them, obtained their alleged right, claim or interest in and to the property,

defendants and each of them, have no legal or equitable right, claim or interest therein, but,

instead, Defendants and each of them are involuntary trustees holding said property and profits

therefrom in constructive trust for Plaintiff Rene Moore with the duty to convey the same to

Plaintiff forthwith.

165.    As a direct and proximate result of Defendants' wrongful acquisition and

detention of Plaintiff/Creditor's properties, Plaintiff/Creditor has been substantially harmed in

the sum to be determined at trial.

//

//

//

//

//

//

//

ADVERSARY PROCEEDING COMPLAINT

## TWELFTH CAUSE OF ACTION.

### (NEGLIGENT MISREPRESENTATION)

### (Against all Defendants)

166.    Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

167.    Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, ("Defendants") were agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and were acting within the course and scope of such agency, employment and/or joint venture and enterprise in constructive fraud.

168.    Plaintiff/Creditor alleges on information and belief and personal knowledge that has been harmed because KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, negligently misrepresented an important fact concerning Plaintiff/Creditor's personal properties and business properties in their zeal to deprive Plaintiff/Creditor all beneficial interests in his properties.

169.  On or about September 28th , 2016, Debtor/ Defendant, **KIMBERLY BARBOUR,** aka **KIMBERLY MARTIN- BRAGG,** aka, **KIMBERLY MARTIN,** aka **KIMBERLY BRAGG**; together with and in concert with Defendants, **GEORGE BARBOUR,** (Debtor's Spouse), **PETER M. LIVELY,** and **THE LAW OFFICES OF PETER M. LIVELY,** made false or fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently made false oath and negligent misrepresentation in Form 106 and other related Forms of the United States Bankruptcy in their zeal to deprive the Creditor of all beneficial interests and enjoyment in his real property and in the Creditor's personal properties.

170.  Plaintiff/ Creditor  further alleges  on information and belief and personal knowledge that, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants, **GEORGE BARBOUR,** (Debtor's Spouse), **Keith Rouster** ( Agent for the Debtor), **KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY,** and **THE LAW OFFICES OF PETER M. LIVELY, represented to** Plaintiff/Creditor that , **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG** made false or fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently and Negligently claimed that the Debtor, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**, has interests in Rene Moore Music, Inc; Rufftown Entertainment Group, Inc and Radio Multimedia, Inc.

171.  Plaintiff/ Creditor alleges on information and belief and personal knowledge that, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants,

GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH
ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and
THE LAW OFFICES OF PETER M. LIVELY, represented to Plaintiff/Creditor that ,
KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY
MARTIN, aka KIMBERLY BRAGG made false or fraudulent representation, in violation of
18 U.S.C. § 157 when they knowingly and fraudulently and Negligently claimed that the Debtor,
KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY
MARTIN, aka KIMBERLY BRAGG, provided Loans and advances to the Creditor, Ivan Rene
Moore, Rene Moore Music, Rufftown Entertainment Group, Inc and G&S Electronics in the
amount of $2,42,000.00.

172.   Plaintiff/ Creditor further alleges on information and belief and personal
knowledge that, KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka,
KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with
Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the
Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M.
LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, represented to
Plaintiff/Creditor that , KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG,
aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG made false or fraudulent
representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently and
Negligently claimed that the Debtor, KIMBERLY BARBOUR, aka KIMBERLY MARTIN-
BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG, own or has interests in
Plaintiff's personal properties listed below:

SSL Solid State Recording Console (K) Series valued over $450,000.00;Tape
recorders; analog and Sony digital 3348 HR, 80 Channel Pro tools system; rare and

135

vintage microphone collections valued over $350,000,00; 100k of various software, $225k of touring equipment, cash of over 250k; Classic Guitars Fender and Gibson and fender; Kramer Music man Basses; most every keyboard and synthesizer; 6 Fender Rhodes keyboards; 3 Wurlitzer keyboard; Hammond b-3 organ 2 Leslie speakers, **35mm film cameras w lenses; (16) Neve Eq,; all of my clothes and jewelry, complete home furnishings, paintings; (9) Rolex men's watches (6) Rolex, Piaget, Hamilton female watches** that belong to my mother (now deceased), my deceased mother and father's jewelry, **loose diamonds, (18) Gold Bars, female (5) Carat pair shape diamond ring** that belonged to my now deceased mother; **family bearer bonds; family Pictures, family birth certificates, Silver wear, China, Crystal, legal documents, deed to properties in other states, complete set of California Practices Guides law book,** legal court documents for all of my cases past and present, court transcripts, **radio stations clients files, Los Angeles Philharmonic 150 page complete orchestration score of the song Somewhere Far Away written by Rene Moore and Joe Westmoreland performed by Rene Moore with Zubin Mehta conducting;** written music and string orchestrations of over 350 recorded songs, work tapes and documentation for over 750 songs, master recordings, unreleased films purchased by the judgment creditor, **(25) video footage** of artists sign to label and final masters, film footage, master recording and work tapes of **Michael Jackson, Janet Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal, Maxie Priest, Ivy Lies, Rene & Angela, Notorious Big, Jay-Z** certificate of deposits, 25 movie footage sound effect library, (2) motorcycles, racing car parts, (3) Mikes racing transmissions 3 power glide, (4 )Turbo 400 transmission , 600 cubic (5) Chevy racing engines, (5) set of big Chief big block racing heads,(6) continental racing converters, Hi-toque big block starters, (5) Pro tool systems HD and many others items missing.

173.   Plaintiff alleges on information and belief and personal knowledge that,

KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY

MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants,

GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH

ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and

THE LAW OFFICES OF PETER M. LIVELY's representation were not true.

174.   Plaintiff alleges on information and belief and personal knowledge that,

KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY

MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants,

GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH

ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and

THE LAW OFFICES OF PETER M. LIVELY had no reasonable grounds for believing the

representation was true when made it.

175.   Plaintiff alleges on information and belief and personal knowledge that,

KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY

MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants,

GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH

ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and

THE LAW OFFICES OF PETER M. LIVELY, intended that Plaintiff/Creditor rely on this

representation.

176.   Plaintiff/Creditor reasonably relied on **KIMBERLY BARBOUR, aka**

**KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;**

together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse),

Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT

PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M.

LIVELY's representation.

177.   Plaintiff/Creditor was harmed Defendants' misrepresentation and continues to be

harmed by Defendants misrepresentations.

178.   Plaintiff/Creditor's reliance on Defendants, **KIMBERLY BARBOUR, aka**

**KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;**

together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse),

Keith Rouster (Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT

137

1  PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M.

2  LIVELY's representation was a substantial factor in causing Plaintiff's harm.

3

4                         **DEMAND FOR JURY TRIAL**

5  **WHEREFORE,** Plaintiff /Creditor request for Jury Trial on all causes of action.

6

7                         <u>PRAYER FOR RELIEF</u>

8
      **WHEREFORE,** Plaintiff, ask for the following for each Cause of Action to be awarded:
9

10  (i)  For Compensatory Damages in an amount  of $72,000,000.00 or to be determined by
11       proof at trial;

12
13  (ii)  For Special Damages in an amount of ·$96,000,000.00 or to be determined by proof at
          trial;
14

15  (iii)  For General Damages in an amount of  $85,000,000.00 or to be determined by proof at
16          trial;

17  (iv) For Punitive Damages $95,000,000.00 or amount as allowed by law;

18  (v) For Restitution of $150,000,000.00 or as allowed by law;

19
    (vi) For Attorney's Fees and Costs of this action;
20

21
    Dated: December 7$^{th}$  2016
22

23

24

25                                        Ivan Rene Moore., Pro Se.

26

27

28

                         ADVERSARY PROCEEDING COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADVERSARY PROCEEDING COMPLAINT

1
2
3

IVAN RENE MOORE.,
1236 Redondo Boulevard
Los Angeles, CA 90019
(323) 932-9439

**FILED**
CLERK, U.S. DISTRICT COURT

SEP 2 6 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

4   Ivan Rene Moore., Pro Per

5

6   **UNITED STATES DISTRICT COURT**
    **CENTRAL DISTRICT OF CALIFORNIA**

7

8   IVAN RENE MOORE., an individual )   Case No.: 2:22CV 3451-DMG
9                       Plaintiff,      )
                                        )   NOTICE OF APPEAL TO THE UNITED
10                                      )   STATES NINTH CIRCUIT COURT OF
                                        )   APPEAL.
11   v.                                 )
                                        )
12   KIMBERLEY MARTIN BRAGG et al; and )
     DOES 1 through 10, inclusive       )
13                                      )
14                       Defendants.    )
                                        )
15                                      )
                                        )
16                                      )
                                        )   Judge: {Hon} Dolly M. Gee
17                                      )
18                                      )
19                                      )

**ORIGINAL**

20
21   TO THE HONORABLE COURT AND TO ALL PARTIES:

22       NOTICE is hereby given that plaintiff Ivan Rene Moore in the above name case, **Ivan**

23   **Rene Moore v. Kimberley Martin Bragg**, et al **2:22CV 3451-DMG**.  Ivan Rene Moore hereby

24   appeal the ruling filed on August 29th, 2022, by Judge Dolly M Gee, to the United States Court of

25   Appeal for the Ninth Circuit.

26       //

27       //

28

Case 2:22-cv-03451-DMG   Document 16   Filed 09/26/22   Page 2 of 8   Page ID #:180

1    The order from Judge Dolly M. Gee from the United States District Court Central District

2    of California order, erroneously dismissing plaintiff's Bankruptcy Appeal case in Moore v

3    Kimberly Martin Bragg et al case # CV 22-3451-DMG, dated August 29th 2022. **(See Exhibit A)**

4    **Dkt # 15**

5    Respectfully Submitted:

6

7

8    Dated:  September 24th, 2022

9

10

11   Ivan Rene Moore., in Pro Per

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

141

1

**PROOF OF SERCVICE**

2

3
I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action.

4
On <u>September 24<sup>th</sup>, 2022</u>, I served the following document:

5
**<u>NOTICE OF APPEAL TO THE NINTH CIRCUIT COURT OF APPEAL</u>**

6
On the party listed below:

7
**SEE ATTACHED SERVICE LIST**

8

9
[X]   BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.

10

11
[  ]   BY FACSIMILE- I caused the said document to be transmitted by Facsimile machine to the address(es) noted above.

12

13
[X]   STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14

15
[  ]   FEDERAL- I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

16

17
**DATED:** September 24<sup>th</sup>, 2022,

18

19
Respectfully submitted,

20

21

22
Devra Allen

23

24

25

26

27

28

3

1

2

### CERTIFICATE OF MAILING

3

4   I hereby certified that on this 24th day of September 2022, I placed a true and correct copy of the foregoing.

5   ### <u>NOTICE OF APPEAL TO THE NINTH CIRCUIT COURT OF APPEAL</u>

6   in the United States mail, postage prepaid, addressed to parties on the attached list:

7

8   Respectfully Submitted

9

10   Ivan Rene Moore

11

12                    **SEE ATTACHED SERVICE LIST**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1

2                                          **SERVICE LIST**

3
                                         **Steven A. Schuman**
4                              **Leonard Dicker and Schreiber LLP**
                               **10940 Wilshire Boulevard Suite 2100**
5                                   **Los Angeles, CA 90024-3936**
6                             **Attorney for Kimberley Martin Bragg**

7

8                                          **Ronald Hills**
                                        **1236 Redondo Blvd**
9                                 **Los Angeles, California 90019**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              5

Case 2:22-cv-03451-DMG   Document 16   Filed 09/26/22   Page 6 of 8   Page ID #:184

# EXHIBIT

# A



UNITED STATES DISTRICT COURT                    **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 22-3451-DMG**                    Date
           **2:16-bk-22878**                            August 29, 2022
           **2:22-ap-01058**

Title   *In Re: Debtor Kimberly Martin Bragg*, **Ivan Rene Moore, appellant,**   Page   1 of 2
        **Kimberly Martin Bragg, appellee**

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

            KANE TIEN                                    NOT REPORTED
           Deputy Clerk                                  Court Reporter

   Attorneys Present for Plaintiff(s)           Attorneys Present for Defendant(s)
          None Present                                  None Present

**Proceedings: IN CHAMBERS—ORDER DISMISSING APPEAL**

        The matter is before the Court on Appellant Ivan Rene Moore's appeal from the
Bankruptcy Court's May 9, 2022 Order denying his "Request for Evidentiary Hearing and/or
Discovery." [Doc. # 1.] On June 17, 2022, the Court issued an Order to Show Cause Re Dismissal
for Lack of Prosecution [Doc. # 11] ("OSC re DLOP") because the Bankruptcy Court issued a
deficiency notice indicating that a Notice of Transcript had not been filed [Doc. # 7].
Subsequently, it came to the Court's attention that Appellant had been designated a vexatious
litigant.

        On May 17, 2018, Hon. Otis D. Wright II entered an order declaring Appellant a vexatious
litigant per Local Rule 83-8 and ordered that the Clerk was not to process any pleadings from
Moore until that pleading had been screened by a judicial officer of this Court who approved the
filing. *Moore v. Wells Fargo Bank, et al.*, C.D. Cal. Case No. CV 17-4828-ODW (GJSx), Ord.
Accepting Report and Recommendations of U.S. Magistrate Judge ("Vexatious Litigant Order")
at 5 [Doc. # 35]. Appellant's May 20, 2022 Notice of Appeal and accompanying case initiation
documents did not follow the procedures required by the May 17, 2018 Vexatious Litigant Order.
On August 16, 2022, this Court issued an Order to Show Cause ("OSC re VL") why this action
should not be dismissed for violation of the Vexatious Litigant Order. [Doc. # 13.]

        Moore filed his response ("OSC Response") on August 24, 2022. [Doc. # 14.] In his
response, Moore claims that this case "has absolutely nothing what-so-ever to do with Wells Fargo
Bank or the issues listed in Judge Otis Wright's order[]" declaring him a vexatious litigant. *Id.* at
3. The Court disagrees. The Vexatious Litigant Order requires that any case Plaintiff files must
include a motion asking for leave to file the pleading with adequate justification if it:

CV-90                    **CIVIL MINUTES—GENERAL**           Initials of Deputy Clerk **KT**

UNITED STATES DISTRICT COURT     **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-3451-DMG** | Date | |
| | **2:16-bk-22878** | | August 29, 2022 |
| | **2:22-ap-01058** | | |

Title    ***In Re: Debtor Kimberly Martin Bragg*, Ivan Rene Moore, appellant,**    Page   2 of 2
      **Kimberly Martin Bragg, appellee**

[A]ttacks, seeks to vacate, void or expunge, or otherwise seeks to challenge in any way—whether directly or indirectly—Wells Fargo's $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Moore and the other Judgment Debtors; or seeks to litigate ownership of 6150 Shenandoah Avenue, Los Angeles, CA 90065 ("Shenandoah Residence") or the personal property at the Shenandoah Residence.

*Moore v. Wells Fargo Bank, et al.*, C.D. Cal. Case No. CV 17-4828-ODW (GJSx), Ord. Accepting Report and Recommendations of U.S. Magistrate Judge at 5 [Doc. # 35]. The Court's OSC re VL used the phrase "related to his prior disputes with Wells Fargo" as shorthand for its content, but clearly references the Vexatious Litigant Order in its entirety.

Moore claims that the instant case—being completely irrelevant to the issues listed in the Vexatious Litigant Order—relates only to Debtor/Appellee Kimberly Martin-Bragg's bankruptcy fraud. OSC Response at 3. A closer look at the proceedings that gave rise to the Vexatious Litigant Order, however, shows that Kimberly Martin-Bragg is the owner of the Shenandoah Residence and the Wells Fargo dispute was entirely centered around Wells Fargo's exercise of its rights with respect to its security interest in the replevin property of Moore held at the Shenandoah Residence after Martin-Bragg declared bankruptcy. *Moore v. Wells Fargo Bank, et al.*, C.D. Cal. Case No. CV 17-4828-ODW (GJSx), Report and Recommendation of U.S. Magistrate Judge at 4–12 [Doc. # 27]. Moore's dispute with Martin-Bragg has been the common thread present in dozens of lawsuits that involved Wells Fargo and led to the Vexatious Litigant Order.[1] *See id.*, Appxs. A-B, at 36–39.

For all the foregoing reasons, the Court concludes that this action is subject to the requirements of the Vexatious Litigant Order, and Moore has not complied with its terms. Accordingly, the June 17, 2022 OSC re DLOP is **DISCHARGED** and this appeal is **DISMISSED.**

**IT IS SO ORDERED.**

cc: Bankruptcy Court

---

[1] Although Moore's Notice of Appeal identifies Ronald Hills as the party to the appeal [Doc. # 1], Moore's response to the OSC re VL does not explain how Hills relates to this appeal or why any issues with Hills would be unrelated to the Martin-Bragg bankruptcy, given Moore's own admission that this case relates to Martin-Bragg's alleged bankruptcy fraud.

Repeat-cacb, RepeatPACER, REOPENED, APLDIST, APPEAL, APL9thCirt

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:16-bk-22878-BR

| | |
|---|---|
| *Date filed:* | 09/28/2016 |
| *Date reopened:* | 02/07/2022 |
| *Debtor discharged:* | 01/09/2017 |
| *341 meeting:* | 11/03/2016 |
| *Deadline for objecting to discharge:* | 01/03/2017 |
| *Deadline for financial mgmt. course:* | 01/03/2017 |

*Assigned to:* Barry Russell
Chapter 7
Voluntary
No asset

*Debtor disposition:* Standard Discharge

**Debtor**
**Kimberly Barbour**
6150 Shenandoah Avenue
Los Angeles, CA 90056
LOS ANGELES-CA
SSN / ITIN: xxx-xx-5789
*aka* **Kimberly Martin-Bragg**

represented by **Lee T Dicker**
Leonard Dicker & Schreiber LLP
10940 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
310-551-1987
Fax : 310-277-8050
Email: ldicker@ldslaw.com

**Peter M Lively**
The Law Offices of Peter M Lively
11268 Washington Blvd Ste 203
Culver City, CA 90230-4647
310-391-2400
Fax : 310-391-2462
Email: PeterMLively2000@yahoo.com

**Trustee**
**Brad D Krasnoff (TR)**
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067-6006
(310) 277-0077

*U.S. Trustee*
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 09/28/2016 | 1<br>(21 pgs; 3 docs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $335 Filed by Kimberly Martin-Bragg Statement of Intention for Individuals Filing Under Chapter 7 (Form 108) due 10/28/2016. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 10/12/2016. Schedule A/B: Property (Form 106A/B or 206A/B) due 10/12/2016. Schedule C: The Property You Claim as Exempt (Form 106C) due 10/12/2016. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 10/12/2016. |

148

|  |  | Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 10/12/2016. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 10/12/2016. Schedule H: Your Codebtors (Form 106H or 206H) due 10/12/2016. Schedule I: Your Income (Form 106I) due 10/12/2016. Schedule J: Your Expenses (Form 106J) due 10/12/2016. Declaration About an Individual Debtors Schedules (Form 106Dec) due 10/12/2016. Statement of Financial Affairs (Form 107 or 207) due 10/12/2016. Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Due: 10/12/2016. Chapter 7 Means Test Calculation (Form 122A-2) Due: 10/12/2016. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 10/12/2016. Incomplete Filings due by 10/12/2016. (Lively, Peter) Correction: Debtor's name updated to reflect PDF. Modified on 9/29/2016 (Toliver, Wanda). (Entered: 09/28/2016) |
|---|---|---|
| 09/28/2016 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Kimberly Martin-Bragg. (Lively, Peter) (Entered: 09/28/2016) |
| 09/28/2016 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Kimberly Martin-Bragg. (Lively, Peter) (Entered: 09/28/2016) |
| 09/28/2016 | 4 (1 pg) | Electronic Filing Declaration (LBR Form F1002-1) Filed by Debtor Kimberly Martin-Bragg. (Lively, Peter) (Entered: 09/28/2016) |
| 09/28/2016 | 5 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 11/03/2016 at 09:00 AM at RM 2, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. Objections to Discharge due by 01/03/2017. Cert. of Financial Management due by 01/03/2017 for Debtor and Joint Debtor (if joint case). Proof of Claim due by 02/01/2017. (Lively, Peter) (Entered: 09/28/2016) |
| 09/28/2016 |  | Receipt of Voluntary Petition (Chapter 7)(2:16-bk-22878) [misc,volp7] ( 335.00) Filing Fee. Receipt number 43391493. Fee amount 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 09/28/2016) |
| 09/29/2016 |  | Notice of Debtor's Prior Filings for debtor Kimberly Martin-Bragg Case Number 14-15698, Chapter 11 filed in California Central Bankruptcy on 03/25/2014 , Dismissed for Other Reason on 06/04/2015.(Admin) (Entered: 09/29/2016) |
| 09/30/2016 |  | Notice of Debtor's Prior Filings for debtor Kimberly Barbour Case Number 14-15698, Chapter 11 filed in California Central Bankruptcy on 03/25/2014 , Dismissed for Other Reason on 06/04/2015.(Admin) (Entered: 09/30/2016) |
| 10/01/2016 | 6 (5 pgs) | BNC Certificate of Notice (RE: related document(s)5 Meeting (AutoAssign Chapter 7a)) No. of Notices: 34. Notice Date 10/01/2016. (Admin.) (Entered: 10/01/2016) |
| 10/01/2016 | 7 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Kimberly Barbour) No. of Notices: 1. Notice Date 10/01/2016. (Admin.) (Entered: 10/01/2016) |
| 10/01/2016 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Kimberly Barbour) No. of Notices: 1. Notice Date 10/01/2016. (Admin.) (Entered: 10/01/2016) |
| 10/05/2016 | 9 (7 pgs) | Request for special notice *and Notice of Appearance of Wells Fargo Bank, N.A.* Filed by Interested Party WELLS FARGO BANK, N.A...(Huntington, |

149

| | | Joshua) (Entered: 10/05/2016) |
|---|---|---|
| 10/07/2016 | <u>10</u><br>(70 pgs) | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Exemption is not being requested. (Official Form 122A-1Supp) Filed by Debtor Kimberly Barbour (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 7)). (Lively, Peter) (Entered: 10/07/2016) |
| 10/07/2016 | <u>11</u><br>(1 pg) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Kimberly Barbour (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 7)). (Lively, Peter) (Entered: 10/07/2016) |
| 10/07/2016 | <u>12</u><br>(1 pg) | Electronic Filing Declaration (LBR Form F1002-1) Filed by Debtor Kimberly Barbour. (Lively, Peter) (Entered: 10/07/2016) |
| 10/07/2016 | <u>13</u><br>(7 pgs) | Request for special notice and notice of appearance Filed by Interested Party WELLS FARGO BANK, N.A. . (Toliver, Wanda) (Entered: 10/11/2016) |
| 10/11/2016 | | Receipt of Motion Filing Fee - $176.00 by 71. Receipt Number 20212242. (admin) (Entered: 10/12/2016) |
| 10/11/2016 | <u>14</u><br>(81 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Bragg v Moore, Moore V Bragg . Fee Amount $176, Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 10/12/2016) |
| 10/14/2016 | <u>15</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Delmotte, Joseph. (Delmotte, Joseph) (Entered: 10/14/2016) |
| 10/17/2016 | <u>16</u><br>(1 pg) | Notice to creditors (BNC) re motion [relates to <u>14</u> (Fortier, Stacey) (Entered: 10/17/2016) |
| 10/17/2016 | 17 | Hearing Set (RE: related document(s)<u>14</u> Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Ivan Rene Moore) The Hearing date is set for 11/22/2016 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 10/17/2016) |
| 10/19/2016 | <u>18</u><br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)<u>16</u> Notice to creditors (BNC)) No. of Notices: 40. Notice Date 10/19/2016. (Admin.) (Entered: 10/19/2016) |
| 11/04/2016 | <u>19</u> | Request for courtesy Notice of Electronic Filing (NEF) Filed by Dicker, Lee. |

| | (1 pg) | (Dicker, Lee) (Entered: 11/04/2016) |
|---|---|---|
| 11/08/2016 | 20<br>(191 pgs; 10 docs) | Opposition to (related document(s): 14 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Bragg v Moore, Moore V Bragg. Fee Amount $176, filed by Creditor Ivan Rene Moore) ; *Declaration of Kimberly Barbour* Filed by Debtor Kimberly Barbour (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 and Proof of Service) (Dicker, Lee) (Entered: 11/08/2016) |
| 11/08/2016 | 21<br>(9 pgs) | Objection (related document(s): 14 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Bragg v Moore, Moore V Bragg. Fee Amount $176, filed by Creditor Ivan Rene Moore) *Objections to Evidence in Connection with the Opposition* Filed by Debtor Kimberly Barbour (Dicker, Lee) (Entered: 11/08/2016) |
| 11/14/2016 | 22<br>(66 pgs) | Reply to (related document(s): 14 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Bragg v Moore, Moore V Bragg. Fee Amount $176, filed by Creditor Ivan Rene Moore) Filed by Creditor Ivan Rene Moore (Pennington-Jones, Patricia) (Entered: 11/15/2016) |
| 11/18/2016 | 23<br>(60 pgs) | Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service* Filed by Debtor Kimberly Barbour (Lively, Peter) (Entered: 11/18/2016) |
| 11/18/2016 | 24<br>(60 pgs) | Motion to Avoid Lien Property Lien with Strategic Acquisitions, Inc., Peter Baer, Pro Value Properties, Inc. *With Proof of Service* Filed by Debtor Kimberly Barbour (Lively, Peter) (Entered: 11/18/2016) |
| 11/18/2016 | 25<br>(57 pgs) | Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service* Filed by Debtor Kimberly Barbour (Lively, Peter) (Entered: 11/18/2016) |
| 11/18/2016 | 26<br>(57 pgs) | Motion to Avoid Lien Property Lien with Strategic Acquisitions, Inc., Peter Baer, Pro Value Properties, Inc. *With Proof of Service* Filed by Debtor Kimberly Barbour (Lively, Peter) (Entered: 11/18/2016) |
| 11/28/2016 | 27<br>(4 pgs) | Notice of lodgment *of Order in Bankruptcy Case* Filed by Debtor Kimberly Barbour (RE: related document(s)14 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Bragg v Moore, Moore V Bragg. Fee Amount $176, Filed by Creditor Ivan Rene Moore). (Dicker, Lee) (Entered: 11/28/2016) |
| 12/01/2016 | 28<br>(4 pgs) | Certification About a Financial Management Course for Debtor 1 (Official Form 423) Filed by Debtor Kimberly Barbour (RE: related document(s)5 Meeting (AutoAssign Chapter 7a)). (Lively, Peter) (Entered: 12/01/2016) |
| 12/02/2016 | 29<br>(25 pgs) | Opposition to (related document(s): 25 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service* filed by Debtor Kimberly Barbour) Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 12/05/2016) |

151

| | 30 | Notice to Filer of Error and/or Deficient Document **Other -** [Attorney needs to upload order in CIAO] (RE: related document(s)27 Notice of Lodgment filed by Debtor Kimberly Barbour) (Fortier, Stacey) (Entered: 12/06/2016) |
| 12/06/2016 | | |
| 12/08/2016 | 31 (2 pgs) | Order Granting motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 14 ) Signed on 12/8/2016 (Fortier, Stacey) (Entered: 12/08/2016) |
| 12/09/2016 | 32 (53 pgs) | Adversary case 2:16-ap-01543. Complaint by Ivan Rene Moore against Kimberly Barbour , George Barbour , Keith Rouster , Robert Pitts , Robert Pitts Estates , Peter M Lively , The Law Offices of Peter M. Lively , Does 1 through 10, Inclusive . Fee Amount $350.00 Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)) ,(14 (Recovery of money/property - other)) (Milano, Sonny) (Entered: 12/09/2016) |
| 12/10/2016 | 33 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 12/10/2016. (Admin.) (Entered: 12/10/2016) |
| 12/13/2016 | 34 (5 pgs) | Notice of Hearing *On Debtor's Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)25 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service* Filed by Debtor Kimberly Barbour). (Lively, Peter) (Entered: 12/13/2016) |
| 12/13/2016 | 35 (5 pgs) | Notice of Hearing *On Debtor's Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service* Filed by Debtor Kimberly Barbour). (Lively, Peter) (Entered: 12/13/2016) |
| 12/14/2016 | 36 (67 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o) (3)) *Notice of Motion and Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)24 Motion to Avoid Lien Property Lien with Strategic Acquisitions, Inc., Peter Baer, Pro Value Properties, Inc. *With Proof of Service*). (Lively, Peter) (Entered: 12/14/2016) |
| 12/14/2016 | 37 (63 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o) (3)) *Notice of Motion and Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)26 Motion to Avoid Lien Property Lien with Strategic Acquisitions, Inc., Peter Baer, Pro Value Properties, Inc. *With Proof of Service*). (Lively, Peter) (Entered: 12/14/2016) |
| 12/14/2016 | 38 (7 pgs) | Notice of lodgment *Re: Notice of Motion and Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)26 Motion to Avoid Lien Property Lien with Strategic Acquisitions, Inc., Peter Baer, Pro Value Properties, Inc. *With Proof of Service*). (Lively, Peter) (Entered: 12/14/2016) |
| 12/14/2016 | 39 (6 pgs) | Notice of lodgment *Re: Notice of Motion and Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)24 Motion to Avoid Lien Property Lien with Strategic Acquisitions, Inc., Peter Baer, Pro Value Properties, Inc. *With Proof of Service*). (Lively, Peter) (Entered: 12/14/2016) |
| 12/15/2016 | 40 | Hearing Set (RE: related document(s)23 Motion to Avoid Lien filed by Debtor Kimberly Barbour) The Hearing date is set for 1/18/2017 at 10:00 |

152

| | | AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 12/15/2016) |
|---|---|---|
| 12/15/2016 | 41 | Hearing Set (RE: related document(s)25 Motion to Avoid Lien filed by Debtor Kimberly Barbour) The Hearing date is set for 1/18/2017 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 12/15/2016) |
| 12/22/2016 | 42 (2 pgs) | Order Granting Motion To Avoid Lien - ): STRATEGIC ACQUISITIONS, INC., PETER BAER, PRO VALUE PROPERTIES, INC.(BNC-PDF) (Related Doc # 26 ) Signed on 12/22/2016 (Fortier, Stacey) (Entered: 12/22/2016) |
| 12/22/2016 | 43 (2 pgs) | Order Granting Motion To Avoid Lien- ): STRATEGIC ACQUISITIONS, INC., PETER BAER, PRO VALUE PROPERTIES, INC. (BNC-PDF) (Related Doc # 24 ) Signed on 12/22/2016 (Fortier, Stacey) (Entered: 12/22/2016) |
| 12/22/2016 | 44 (85 pgs; 3 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: Vehicles; listing of personal property of Ivan Rene Moore, etc., attached as Exhibit 5 . Fee Amount \$181, Filed by Interested Party WELLS FARGO BANK, N.A. (Attachments: # 1 Exhibit Exhibits 1 through 2 # 2 Exhibit Exhibits 3-6) (Partington, Joshua) (Entered: 12/22/2016) |
| 12/22/2016 | | Receipt of Motion for Relief from Stay - Personal Property(2:16-bk-22878-BR) [motion,nmpp] ( 181.00) Filing Fee. Receipt number 43928150. Fee amount 181.00. (re: Doc# 44) (U.S. Treasury) (Entered: 12/22/2016) |
| 12/22/2016 | 45 (8 pgs) | Memorandum of points and authorities *in Support of Motion for Relief From the Automatic Stay* Filed by Interested Party WELLS FARGO BANK, N.A.. (Partington, Joshua) (Entered: 12/22/2016) |
| 12/24/2016 | 46 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)42 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 12/24/2016. (Admin.) (Entered: 12/24/2016) |
| 12/24/2016 | 47 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)43 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 12/24/2016. (Admin.) (Entered: 12/24/2016) |
| 12/27/2016 | 48 | Hearing Set (RE: related document(s)44 Motion for Relief from Stay - Personal Property filed by Interested Party WELLS FARGO BANK, N.A.) The Hearing date is set for 1/18/2017 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 12/27/2016) |
| 01/03/2017 | 49 (72 pgs; 2 docs) | Opposition to (related document(s): 44 Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: Vehicles; listing of personal property of Ivan Rene Moore, etc., attached as Exhibit 5 . Fee Amount \$181, filed by Interested Party WELLS FARGO BANK, N.A.) Filed by Creditor Ivan Rene Moore (Fortier, Stacey) Additional attachment(s) added on 7/14/2017 (Del Mundo, Wilfredo). (Entered: 01/03/2017) |
| 01/09/2017 | 50 | ORDER OF DISCHARGE (BNC) (Drake, Monica) (Entered: 01/09/2017) |

| | (3 pgs) | |
|---|---|---|
| 01/11/2017 | 51<br>(8 pgs) | Reply to (related document(s): 44 Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: Vehicles; listing of personal property of Ivan Rene Moore, etc., attached as Exhibit 5 . Fee Amount $181, filed by Interested Party WELLS FARGO BANK, N.A., 49 Opposition filed by Creditor Ivan Rene Moore) Filed by Interested Party WELLS FARGO BANK, N.A. (Partington, Joshua) (Entered: 01/11/2017) |
| 01/11/2017 | 52<br>(13 pgs) | Objection (related document(s): 44 Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: Vehicles; listing of personal property of Ivan Rene Moore, etc., attached as Exhibit 5 . Fee Amount $181, filed by Interested Party WELLS FARGO BANK, N.A., 49 Opposition filed by Creditor Ivan Rene Moore) Filed by Interested Party WELLS FARGO BANK, N.A. (Partington, Joshua) (Entered: 01/11/2017) |
| 01/11/2017 | 53<br>(23 pgs) | Reply to (related document(s): 29 Opposition filed by Creditor Ivan Rene Moore) *With Proof of Service* Filed by Debtor Kimberly Barbour (Lively, Peter) (Entered: 01/11/2017) |
| 01/11/2017 | 54<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)50 ORDER OF DISCHARGE - Chapter 7 (CACB AutoDischarge) (BNC)) No. of Notices: 44. Notice Date 01/11/2017. (Admin.) (Entered: 01/11/2017) |
| 01/19/2017 | 55<br>(7 pgs; 2 docs) | Notice of lodgment *of Order in Bankruptcy Case re Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362* Filed by Interested Party WELLS FARGO BANK, N.A. (RE: related document(s)44 Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: Vehicles; listing of personal property of Ivan Rene Moore, etc., attached as Exhibit 5 . Fee Amount $181, Filed by Interested Party WELLS FARGO BANK, N.A. (Attachments: # 1 Exhibit Exhibits 1 through 2 # 2 Exhibit Exhibits 3-6)). (Attachments: # 1 Proposed Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362) (Partington, Joshua) (Entered: 01/19/2017) |
| 01/20/2017 | 56<br>(7 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Notice of Motion and Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)25 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service* Filed by Debtor Kimberly Barbour). (Lively, Peter) (Entered: 01/20/2017) |
| 01/20/2017 | 57<br>(7 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Notice of Motion and Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service* Filed by Debtor Kimberly Barbour). (Lively, Peter) (Entered: 01/20/2017) |
| 01/23/2017 | 58<br>(44 pgs) | Notice of Appeal and Statement of Election to U.S. District Court - (Official Form 417A) - Fee Amount: $298.00; filed by Creditor Ivan Rene Moore (RE: related document(s)50 ORDER OF DISCHARGE - Chapter 7 (CACB AutoDischarge) (BNC)). Appellant Designation due by 2/6/2017. (Milano, Sonny) (Entered: 01/23/2017) |
| 01/23/2017 | 59<br>(5 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal; Statement of Issues on Appeal; filed by Creditor Ivan Rene Moore (RE: related document(s)58 Notice of Appeal and Statement of Election (Official |

| | | Form 417A)). Appellee designation due by 2/6/2017. (Milano, Sonny) (Entered: 01/23/2017) |
|---|---|---|
| 01/23/2017 | 60 (5 pgs) | Appellants' Certificate of Interested Parties on Appeal and Notice of Related Cases pursuant to Local Rules; filed by Creditor Ivan Rene Moore (RE: related document(s)58 Notice of Appeal and Statement of Election to U.S. District Court - (Official Form 417A) - Fee Amount: $298.00; filed by Creditor Ivan Rene Moore (RE: related document(s)50 ORDER OF DISCHARGE - Chapter 7 (CACB AutoDischarge) (BNC)). Appellant Designation due by 2/6/2017.). (Milano, Sonny) (Entered: 01/23/2017) |
| 01/23/2017 | | Receipt of Appeal Filing Fee - $293.00 by 71. Receipt Number 20215400. (admin) (Entered: 01/23/2017) |
| 01/23/2017 | | Receipt of Appeal Noticing Fee - $5.00 by 71. Receipt Number 20215400. (admin) (Entered: 01/23/2017) |
| 01/23/2017 | 61 (5 pgs) | Objection to Wells Fargo Order for relief from stay (related document(s): 44 ) Filed by Creditor Ivan Rene Moore (Toliver, Wanda) (Entered: 01/24/2017) |
| 01/23/2017 | 63 (28 pgs) | Motion to Dismiss case Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 01/24/2017) |
| 01/24/2017 | 62 (63 pgs) | Notice of Referral of Appeal to the United States District Court, Central District of California; with Notice of Appeal Service List. (RE: related document(s)58 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 01/24/2017) |
| 01/25/2017 | 64 (1 pg) | Notice to creditors (BNC) regarding motion to dismiss 63 (Fortier, Stacey) (Entered: 01/25/2017) |
| 01/25/2017 | 65 | Hearing Set (RE: related document(s)63 Dismiss Debtor filed by Creditor Ivan Rene Moore) The Hearing date is set for 3/22/2017 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 01/25/2017) |
| 01/26/2017 | 66 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) RE: 2:16-cv-566 BRO (Originally filed at District Court 01/24/2017). (RE: related document(s)58 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 01/26/2017) |
| 01/27/2017 | 67 (3 pgs) | BNC Certificate of Notice (RE: related document(s)64 Notice to creditors (BNC)) No. of Notices: 42. Notice Date 01/27/2017. (Admin.) (Entered: 01/27/2017) |
| 01/30/2017 | 68 (5 pgs) | Order Granting Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF) (Related Doc # 44 ) Signed on 1/30/2017 (Fortier, Stacey) (Entered: 01/30/2017) |
| 01/30/2017 | 69 (4 pgs) | Order Granting Motion To Avoid Lien - IVAN RENE MOORE(BNC-PDF) (Related Doc # 25 ) Signed on 1/30/2017 (Fortier, Stacey) (Entered: 01/30/2017) |
| 01/31/2017 | 70 (4 pgs) | Interim Order Granting Motion To Avoid Lien ((see order for details)BNC-PDF) (Related Doc # 23 ) Signed on 1/31/2017 (Fortier, Stacey) (Entered: |

| | | 01/31/2017) |
|---|---|---|
| 02/01/2017 | 71 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)68 Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 02/01/2017. (Admin.) (Entered: 02/01/2017) |
| 02/01/2017 | 72 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)69 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 02/01/2017. (Admin.) (Entered: 02/01/2017) |
| 02/02/2017 | 73 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)70 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 02/02/2017. (Admin.) (Entered: 02/02/2017) |
| 02/06/2017 | | Receipt of Motion Filing Fee - $181.00 by 20. Receipt Number 20215865. (admin) (Entered: 02/06/2017) |
| 02/06/2017 | | Receipt of Motion Filing Fee - $181.00 by 20. Receipt Number 20215866. (admin) (Entered: 02/06/2017) |
| 02/06/2017 | | Receipt of Appeal Filing Fee - $293.00 by 20. Receipt Number 20215868. (admin) (Entered: 02/06/2017) |
| 02/06/2017 | | Receipt of Noticing Fee - $5.00 by 20. Receipt Number 20215868. (admin) (Entered: 02/06/2017) |
| 02/06/2017 | | Receipt of Appeal Filing Fee - $293.00 by 20. Receipt Number 20215869. (admin) (Entered: 02/06/2017) |
| 02/06/2017 | | Receipt of Noticing Fee - $5.00 by 20. Receipt Number 20215869. (admin) (Entered: 02/06/2017) |
| 02/06/2017 | 75 (29 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Bragg vs Moore BC 459449 . Fee Amount $181, Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 02/07/2017) |
| 02/06/2017 | 76 (41 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Moore vs Martin-Bragg BC 480013 . Fee Amount $181, Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 02/07/2017) |
| 02/06/2017 | 77 (10 pgs) | Notice of Appeal and Statement of Election to U.S. District Court - (Official Form 417A) - Fee Amount: $298.00; filed by Ivan Rene Moore (RE: related document(s)68 Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF)). Appellant Designation due by 2/21/2017. (Milano, Sonny) (Entered: 02/08/2017) |
| 02/06/2017 | 78 (5 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal; Statement of Issues on Appeal; filed by Ivan Rene Moore (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 2/21/2017. (Milano, Sonny) (Entered: 02/08/2017) |

| | | |
|---|---|---|
| 02/06/2017 | 79<br>(5 pgs) | Appellants' Certificate of Interested Parties on Appeal and Notice of Related Cases pursuant to Local Rules; filed by Ivan Rene Moore (RE: related document(s)77 Notice of Appeal and Statement of Election to U.S. District Court - (Official Form 417A) - Fee Amount: $298.00; filed by Ivan Rene Moore (RE: related document(s)68 Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF)). Appellant Designation due by 2/21/2017.). (Milano, Sonny) (Entered: 02/08/2017) |
| 02/06/2017 | 80<br>(9 pgs) | Notice of Appeal and Statement of Election to U.S. District Court - (Official Form 417A) - Fee Amount: $298.00; filed by Ivan Rene Moore (RE: related document(s)69 Order on Motion to Avoid Lien (BNC-PDF)). Appellant Designation due by 2/21/2017. (Milano, Sonny) (Entered: 02/08/2017) |
| 02/06/2017 | 81<br>(6 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal; Statement of Issues on Appeal; filed by Ivan Rene Moore (RE: related document(s)80 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 2/21/2017. (Milano, Sonny) (Entered: 02/08/2017) |
| 02/06/2017 | 82<br>(5 pgs) | Appellants' Certificate of Interested Parties on Appeal and Notice of Related Case pursuant to Local Rules; filed by Ivan Rene Moore (RE: related document(s)80 Notice of Appeal and Statement of Election to U.S. District Court - (Official Form 417A) - Fee Amount: $298.00; filed by Ivan Rene Moore (RE: related document(s)69 Order on Motion to Avoid Lien (BNC-PDF)). Appellant Designation due by 2/21/2017.). (Milano, Sonny) (Entered: 02/08/2017) |
| 02/07/2017 | 74<br>(1 pg) | Deficiency Notice Sent to USDC RE: 2:16-cv-566 BRO - Notice of Transcript has not been filed. (RE: related document(s)58 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 02/07/2017) |
| 02/08/2017 | 83<br>(29 pgs) | Notice of Referral of Appeal to the United States District Court, Central District of California; with Notice of Appeal Service List. (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 02/08/2017) |
| 02/08/2017 | 84<br>(29 pgs) | Notice of Referral of Appeal to the United States District Court, Central District of California; with Notice of Appeal Service List. (RE: related document(s)80 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 02/08/2017) |
| 02/08/2017 | 85<br>(1 pg) | Notice to creditors (BNC) re two motion for relief from the automatic stay 75 and 76 (Fortier, Stacey) (Entered: 02/08/2017) |
| 02/08/2017 | 86 | Hearing Set (RE: related document(s)75 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Ivan Rene Moore) The Hearing date is set for 3/22/2017 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 02/08/2017) |
| 02/08/2017 | 87 | Hearing Set (RE: related document(s)76 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Ivan Rene Moore) The Hearing date is set for 3/22/2017 at 02:00 PM at Crtrm 1668, |

| | | 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 02/08/2017) |
|---|---|---|
| 02/10/2017 | 88 (3 pgs) | BNC Certificate of Notice (RE: related document(s)85 Notice to creditors (BNC)) No. of Notices: 42. Notice Date 02/10/2017. (Admin.) (Entered: 02/11/2017) |
| 02/13/2017 | 89 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) RE: 2:17-cv-1051 ODW (Originally filed at District Court 02/09/2017). (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) Modified on 4/20/2017 (Milano, Sonny). (Entered: 02/13/2017) |
| 02/13/2017 | 90 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC)RE: 2:17-cv-1055 MWF (Originally filed at District Court 02/09/2017). (RE: related document(s)80 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) Modified on 4/20/2017 (Milano, Sonny). (Entered: 02/13/2017) |
| 02/26/2017 | 91 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 02/26/2017) |
| 02/27/2017 | 92 (5 pgs) | Notice of Transcripts Designated for an Appeal; filed by Ivan Rene Moore (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A)). (Milano, Sonny) (Entered: 02/28/2017) |
| 02/27/2017 | 93 (5 pgs) | Notice of Transcripts Designated for an Appeal; filed by Ivan Rene Moore (RE: related document(s)80 Notice of Appeal and Statement of Election (Official Form 417A)). (Milano, Sonny) (Entered: 02/28/2017) |
| 03/01/2017 | 94 (5 pgs) | Notice of Transcripts Designated for an Appeal; filed by Ivan Rene Moore (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A)). (Milano, Sonny) (Entered: 03/01/2017) |
| 03/08/2017 | 95 (64 pgs) | Opposition to (related document(s): 63 Motion to Dismiss Debtor filed by Creditor Ivan Rene Moore) with Proof of Service Filed by Debtor Kimberly Barbour (Lively, Peter) (Entered: 03/08/2017) |
| 03/08/2017 | 96 (22 pgs) | Opposition to (related document(s): 75 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Bragg vs Moore BC 459449. Fee Amount $181, filed by Creditor Ivan Rene Moore) with Proof of Service Filed by Debtor Kimberly Barbour (Lively, Peter) (Entered: 03/08/2017) |
| 03/08/2017 | 97 (6 pgs) | Opposition to (related document(s): 76 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Moore vs Martin-Bragg BC 480013. Fee Amount $181, filed by Creditor Ivan Rene Moore) with Proof of Service Filed by Debtor Kimberly Barbour (Lively, Peter) (Entered: 03/08/2017) |
| 03/10/2017 | 98 (5 pgs) | Notice of Proposed Abandonment of Property of the Estate (with proof of service) Filed by Trustee Brad D Krasnoff (TR). (Krasnoff (TR), Brad) (Entered: 03/10/2017) |
| 03/15/2017 | 99 (25 pgs) | Reply to opposition (related document(s): 95 Opposition filed by Debtor Kimberly Barbour) Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 03/16/2017) |

| | | |
|---|---|---|
| 03/15/2017 | 100<br>(49 pgs) | Reply to (related document(s): 96 Opposition filed by Debtor Kimberly Barbour, 97 Opposition filed by Debtor Kimberly Barbour) Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 03/16/2017) |
| 03/15/2017 | 101<br>(25 pgs) | Reply to (related document(s): 96 Opposition filed by Debtor Kimberly Barbour, 97 Opposition filed by Debtor Kimberly Barbour) Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 03/16/2017) |
| 03/22/2017 | 102<br>(1 pg) | Deficiency Notice Sent to USDC RE: 2:17-cv-1051 ODW - Statement of Issues and Designation of Record have not been filed. Transcript has not been ordered. (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 03/22/2017) |
| 03/22/2017 | 103<br>(1 pg) | Deficiency Notice Sent to USDC RE: 2:17-cv-1055 MWF - Statement of Issues and Designation of Record have not been filed. Transcript has not been ordered. (RE: related document(s)80 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 03/22/2017) |
| 03/23/2017 | 104<br>(6 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Motion for Relief From Stay With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)76 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Moore vs Martin-Bragg BC 480013. Fee Amount $181, Filed by Creditor Ivan Rene Moore). (Lively, Peter) (Entered: 03/23/2017) |
| 03/23/2017 | 105<br>(6 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Motion for Relief From Stay With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)75 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Bragg vs Moore BC 459449. Fee Amount $181, Filed by Creditor Ivan Rene Moore). (Lively, Peter) (Entered: 03/23/2017) |
| 03/23/2017 | 106<br>(5 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Motion to Dismiss Bankruptcy of Debtor Kimberly Barbour With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)63 Motion to Dismiss case Filed by Creditor Ivan Rene Moore). (Lively, Peter) (Entered: 03/23/2017) |
| 03/31/2017 | 107<br>(2 pgs) | Order Denying motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 75 ) Signed on 3/31/2017 (Fortier, Stacey) (Entered: 03/31/2017) |
| 03/31/2017 | 108<br>(2 pgs) | Order Denying motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 76 ) Signed on 3/31/2017 (Fortier, Stacey) (Entered: 03/31/2017) |
| 03/31/2017 | 109<br>(2 pgs) | Order Denying Motion to Dismiss Case (BNC-PDF). (Related Doc 63) Signed on 3/31/2017. (Fortier, Stacey) Modified on 4/3/2017 (Fortier, Stacey). (Entered: 03/31/2017) |
| 04/02/2017 | 110<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)107 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 04/02/2017. (Admin.) (Entered: 04/02/2017) |
| 04/02/2017 | 111<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)108 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 04/02/2017. (Admin.) (Entered: 04/02/2017) |

159

| | | |
|---|---|---|
| 04/02/2017 | 112<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)109 Order on Motion To Dismiss Debtor - Joint Debtor (BNC-PDF)) No. of Notices: 1. Notice Date 04/02/2017. (Admin.) (Entered: 04/02/2017) |
| 04/11/2017 | | Chapter 7 Trustee's Report of No Distribution: I, Brad D Krasnoff (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 7 months. Assets Abandoned (without deducting any secured claims): Not Available, Assets Exempt: $ 544916.76, Claims Scheduled: Not Available, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Available. Filed by Trustee Brad D Krasnoff (TR) (RE: related document(s)5 Meeting of Creditors with 341(a) meeting to be held on 11/03/2016 at 09:00 AM at RM 2, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. Objections to Discharge due by 01/03/2017. Cert. of Financial Management due by 01/03/2017 for Debtor and Joint Debtor (if joint case). Proof of Claim due by 02/01/2017.). (Krasnoff (TR), Brad) (Entered: 04/11/2017) |
| 04/13/2017 | 113<br>(7 pgs) | Notice of Appeal and Statement of Election to U.S. District Court (Official Form 417A) - Fee Amount: $298.00; filed by Ivan Rene Moore (RE: related document(s)108 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)). Appellant Designation due by 4/27/2017. (Milano, Sonny) (Entered: 04/13/2017) |
| 04/13/2017 | 114<br>(6 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal; Statement of Issues on Appeal; filed by Ivan Rene Moore (RE: related document(s)113 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 4/27/2017. (Milano, Sonny) (Entered: 04/13/2017) |
| 04/13/2017 | 115<br>(5 pgs) | Appellants' Certificate of Interested Parties on Appeal and Notice of Related Cases Pursuant to Local Rules; filed by Ivan Rene Moore (RE: related document(s)113 Notice of Appeal and Statement of Election to U.S. District Court (Official Form 417A) - Fee Amount: $298.00; filed by Ivan Rene Moore (RE: related document(s)108 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)). Appellant Designation due by 4/27/2017.). (Milano, Sonny) (Entered: 04/13/2017) |
| 04/13/2017 | 116<br>(5 pgs) | Notice of Transcripts Designated for an Appeal for Hearing Held 03/22/2017 at 2pm; filed by Ivan Rene Moore (RE: related document(s)113 Notice of Appeal and Statement of Election (Official Form 417A)). (Milano, Sonny) (Entered: 04/13/2017) |
| 04/13/2017 | 117<br>(7 pgs) | Notice of Appeal and Statement of Election to U.S. District Court (Official Form 417A) - Fee Amount: $298.00; filed by Ivan Rene Moore (RE: related document(s)107 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)). Appellant Designation due by 4/27/2017. (Milano, Sonny) (Entered: 04/13/2017) |
| 04/13/2017 | 118<br>(6 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal; Statement of Issues on Appeal; filed by Ivan Rene Moore (RE: related document(s)117 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 4/27/2017. (Milano, Sonny) (Entered: 04/13/2017) |

160

| 04/13/2017 | 119 (5 pgs) | Appellants' Certificate of Interested Parties on Appeal and Notice of Related Cases Pursuant to Local Rules; filed by Ivan Rene Moore (RE: related document(s)117 Notice of Appeal and Statement of Election to U.S. District Court (Official Form 417A) - Fee Amount: $298.00; filed by Ivan Rene Moore (RE: related document(s)107 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)). Appellant Designation due by 4/27/2017.). (Milano, Sonny) (Entered: 04/13/2017) |
| 04/13/2017 | 120 (5 pgs) | Notice of Transcripts Designated for an Appeal for Hearing Held on 03/22/2017 at 2pm; filed by Ivan Rene Moore (RE: related document(s)117 Notice of Appeal and Statement of Election (Official Form 417A)). (Milano, Sonny) (Entered: 04/13/2017) |
| 04/13/2017 | 121 (32 pgs) | Notice of Referral of Appeal to the United States District Court, Central District of California; with Notice of Appeal Service List. (RE: related document(s)113 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 04/13/2017) |
| 04/13/2017 | 122 (32 pgs) | Notice of Referral of Appeal to the United States District Court, Central District of California; with Notice of Appeal Service List. (RE: related document(s)117 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 04/13/2017) |
| 04/13/2017 | | Receipt of Appeal Filing Fee - $586.00 by 71. Receipt Number 20217800. (admin) (Entered: 04/13/2017) |
| 04/13/2017 | | Receipt of Noticing Fee - $10.00 by 71. Receipt Number 20217800. (admin) (Entered: 04/13/2017) |
| 04/13/2017 | | Receipt of Certification Fee - $22.00 by 71. Receipt Number 20217803. (admin) (Entered: 04/13/2017) |
| 04/13/2017 | | Receipt of Photocopies Fee - $12.00 by 71. Receipt Number 20217803. (admin) (Entered: 04/13/2017) |
| 04/17/2017 | 123 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) RE: 2:17-cv-02857 CAS (Originally filed at District Court 04/14/2017). (RE: related document(s)113 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 04/17/2017) |
| 04/17/2017 | 124 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) RE: 2:17-cv-02859 CJC (Originally filed at District Court 04/14/2017). (RE: related document(s)117 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 04/17/2017) |
| 04/17/2017 | 125 (1 pg) | Notice to creditors (BNC) re motion to avoid lien relates to 23] (Fortier, Stacey) (Entered: 04/17/2017) |
| 04/19/2017 | 126 (3 pgs) | BNC Certificate of Notice (RE: related document(s)125 Notice to creditors (BNC)) No. of Notices: 43. Notice Date 04/19/2017. (Admin.) (Entered: 04/19/2017) |
| 04/20/2017 | 127 (1 pg) | Deficiency Notice Sent to USDC RE: 2:17-cv-1051 ODW - Transcript has not been filed. (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 04/20/2017) |

161

| | | |
|---|---|---|
| 04/20/2017 | 128<br>(1 pg) | Deficiency Notice Sent to USDC RE: 2:17-cv-1055 MWF - Transcript has not been filed. (RE: related document(s)80 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 04/20/2017) |
| 05/04/2017 | 129<br>(4 pgs) | Transcript Order Form related to an Appeal, regarding Hearing Date 3/22/2017 Filed by Creditor Ivan Rene Moore (RE: related document(s)113 Notice of Appeal and Statement of Election (Official Form 417A), 117 Notice of Appeal and Statement of Election (Official Form 417A)). (Fortier, Stacey) (Entered: 05/05/2017) |
| 05/05/2017 | 130 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 17-BR-22. RE Hearing Date: 3/22/2017, [TRANSCRIPTION SERVICE PROVIDER: Briggs, Telephone number 310 410 4151.] (RE: related document(s)129 Transcript Order Form (Public Request) filed by Creditor Ivan Rene Moore) (Fortier, Stacey) (Entered: 05/05/2017) |
| 05/25/2017 | 131<br>(21 pgs) | Transcript regarding Hearing Held 03/22/17 RE: HEARING RE MOTION FOR RELIEF FROM AUTOMATIC STAY. Remote electronic access to the transcript is restricted until 08/23/2017. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 6/1/2017. Redaction Request Due By 06/15/2017. Redacted Transcript Submission Due By 06/26/2017. Transcript access will be restricted through 08/23/2017. (Martens, Holly) (Entered: 05/25/2017) |
| 05/30/2017 | 132<br>(2 pgs) | Certificate of Readiness of Record on Appeal to District Court RE: Case Number: 2:17-cv-02859 CJC. (RE: related document(s)117 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 05/30/2017) |
| 06/01/2017 | 133<br>(1 pg) | Notice RE: BK Record Complete, Briefing Schedule RE: Appeal 2:17-cv-02859 CJC (Originally filed at District Court 06/01/2017). (RE: related document(s)117 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 06/01/2017) |
| 06/01/2017 | 134<br>(2 pgs) | Certificate of Readiness of Record on Appeal to District Court - Case Number: 2:17-cv-02857 CAS. (RE: related document(s)113 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 06/01/2017) |
| 06/02/2017 | 135<br>(1 pg) | Notice RE: BK Record Complete, Briefing Schedule RE: Appeal 2:17-cv-02857 CAS (Originally filed at District Court 06/01/2017). (RE: related document(s)113 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 06/02/2017) |
| 07/10/2017 | 136<br>(1 pg) | Civil Minutes RE: Appeal (USDC) - Order to Show Cause RE: Dismissal for Lack of Prosecution - 2:17-cv-02859 CJC (Originally filed at District Court 07/10/2017). (RE: related document(s)117 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 07/10/2017) |
| 07/17/2017 | 137<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 1/18/17 Filed by Creditor Ivan Rene Moore (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A), 80 Notice of Appeal and Statement of Election (Official Form 417A)). (Toliver, Wanda) (Entered: 07/18/2017) |

| | 138 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 17-BR-34. RE Hearing Date: 1/18/17, [TRANSCRIPTION SERVICE PROVIDER: Briggs, Telephone number 310-410-4151.] (RE: related document(s)137 Transcript Order Form (Public Request) filed by Creditor Ivan Rene Moore) (Toliver, Wanda) (Entered: 07/18/2017) |
|---|---|---|
| 07/18/2017 | | |
| 08/01/2017 | 139 (24 pgs) | Transcript regarding Hearing Held 01/18/17 RE: MOTION FOR RELIEF FROM THE AUTOMATIC STAY. Remote electronic access to the transcript is restricted until 10/30/2017. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 8/8/2017. Redaction Request Due By 08/22/2017. Redacted Transcript Submission Due By 09/1/2017. Transcript access will be restricted through 10/30/2017. (Martens, Holly) (Entered: 08/01/2017) |
| 08/07/2017 | 140 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Jafarnia, Merdaud. (Jafarnia, Merdaud) (Entered: 08/07/2017) |
| 08/18/2017 | 141 (2 pgs) | Certificate of Readiness of Record on Appeal to District Court - Case Number: 2:17-cv-1051 ODW. (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 08/18/2017) |
| 08/18/2017 | 142 (2 pgs) | Certificate of Readiness of Record on Appeal to District Court - Case Number: 2:17-cv-1055 MWF. (RE: related document(s)80 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 08/18/2017) |
| 08/21/2017 | 143 (1 pg) | Notice RE: BK Record Complete, Briefing Schedule RE: Appeal 2:17-cv-1051 BRO (Originally filed at District Court 08/18/2017). (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 08/21/2017) |
| 08/21/2017 | 144 (1 pg) | Notice RE: BK Record Complete, Briefing Schedule RE: Appeal 2:17-cv-1055 BRO (Originally filed at District Court 08/18/2017). (RE: related document(s)80 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Milano, Sonny) (Entered: 08/21/2017) |
| 08/29/2017 | 145 (71 pgs) | Motion For Contempt *Notice of Motion and Motion for Issuance of an OSC Re: Contempt for Violation of the Discharge Injunction; Memorandum of Points and Authorities and Declaration of Steven A. Schuman in Support Thereof* Filed by Debtor Kimberly Barbour (Dicker, Lee) (Entered: 08/29/2017) |
| 08/29/2017 | 146 (5 pgs) | Notice of lodgment *of Order in Bankruptcy Case* Filed by Debtor Kimberly Barbour (RE: related document(s)145 Motion For Contempt *Notice of Motion and Motion for Issuance of an OSC Re: Contempt for Violation of the Discharge Injunction; Memorandum of Points and Authorities and Declaration of Steven A. Schuman in Support Thereof* Filed by Debtor Kimberly Barbour). (Dicker, Lee) (Entered: 08/29/2017) |
| 08/30/2017 | 147 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)145 Motion for Contempt filed by Debtor Kimberly Barbour) (Vandensteen, Nancy) (Entered: 08/30/2017) |

| | | |
|---|---|---|
| 09/05/2017 | 148 (70 pgs) | Transcript regarding Hearing Held 06/20/17 RE: MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES. Remote electronic access to the transcript is restricted until 12/4/2017. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 9/12/2017. Redaction Request Due By 09/26/2017. Redacted Transcript Submission Due By 10/6/2017. Transcript access will be restricted through 12/4/2017. (Martens, Holly) (Entered: 09/05/2017) |
| 09/06/2017 | 149 (3 pgs) | Notice of Hearing *Date of Motion for Issuance of an OSC Re: Contempt* Filed by Debtor Kimberly Barbour (RE: related document(s)145 Motion For Contempt *Notice of Motion and Motion for Issuance of an OSC Re: Contempt for Violation of the Discharge Injunction; Memorandum of Points and Authorities and Declaration of Steven A. Schuman in Support Thereof* Filed by Debtor Kimberly Barbour). (Dicker, Lee) (Entered: 09/06/2017) |
| 09/06/2017 | 150 | Hearing Set (RE: related document(s)145 Motion for Contempt filed by Debtor Kimberly Barbour) The Hearing date is set for 10/3/2017 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 09/06/2017) |
| 09/12/2017 | 151 (4 pgs) | Order vacating hearing date of October 3, 2017 on debtor's motion for issuance of an OSC re contempt for violation of the discharge injunction; and issuing order to show cause why Ivan Rene Moore should not be held in contempt of court for violation of the debtor's discharge injunction; with certificate of service Re: (BNC-PDF) Signed on 9/12/2017 (RE: related document(s)145 Motion for Contempt filed by Debtor Kimberly Barbour). (Fortier, Stacey) (Entered: 09/12/2017) |
| 09/12/2017 | 152 | Hearing Set Show Cause hearing to be held on 11/14/2017 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 09/12/2017) |
| 09/14/2017 | 153 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)151 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/14/2017. (Admin.) (Entered: 09/14/2017) |
| 09/26/2017 | 154 (5 pgs) | Declaration re: *of Ilya B. Volk in Support of First Amended Order On: Debtors Motion to Avoid Lien under 11 U.s.c. § 522(f) (Real Property) with Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)24 Motion to Avoid Lien Property Lien with Strategic Acquisitions, Inc., Peter Baer, Pro Value Properties, Inc. *With Proof of Service*, 43 Order on Motion to Avoid Lien (BNC-PDF)). (Lively, Peter) (Entered: 09/26/2017) |
| 09/26/2017 | 155 (8 pgs) | Notice of lodgment *With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)24 Motion to Avoid Lien Property Lien with Strategic Acquisitions, Inc., Peter Baer, Pro Value Properties, Inc. *With Proof of Service* Filed by Debtor Kimberly Barbour, 43 Order Granting Motion To Avoid Lien- ): STRATEGIC ACQUISITIONS, INC., PETER BAER, PRO VALUE PROPERTIES, INC. (BNC-PDF) (Related Doc # 24) Signed on 12/22/2016). (Lively, Peter) (Entered: 09/26/2017) |
| 10/10/2017 | 156 (4 pgs) | Amended Order Granting Motion To Avoid Lien - creditor name Strategic Acquisitions Inc (BNC-PDF) (Related Doc # 24 ) Signed on 10/10/2017 (Fortier, Stacey) (Entered: 10/10/2017) |

| 10/12/2017 | 157<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)156 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 10/12/2017. (Admin.) (Entered: 10/12/2017) |
|---|---|---|
| 10/23/2017 | 158<br>(7 pgs) | USDC Dismissal of Appeal RE: Appeal USDC Number: 2:17-cv-02859 CJC (Originally filed at District Court 09/14/2017). (RE: related document(s)117 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore). (Milano, Sonny) (Entered: 10/23/2017) |
| 10/23/2017 | 159<br>(14 pgs) | USDC Judgment Appealed to the United States Court of Appeals for the Ninth Circuit RE: USDC Number: 2:17-cv-02859 CJC (Originally filed at District Court 10/13/2017). (RE: related document(s)158 BAP/USDC dismissal of appeal) (Milano, Sonny) (Entered: 10/23/2017) |
| 11/01/2017 | 160<br>(36 pgs) | Transcript regarding Hearing Held 08/22/17 RE: HRG TO CONSIDER SETTING A FURTHER DATE FOR THE DEPOSITIONS. Remote electronic access to the transcript is restricted until 01/30/2018. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 11/8/2017. Redaction Request Due By 11/22/2017. Redacted Transcript Submission Due By 12/4/2017. Transcript access will be restricted through 01/30/2018. (Martens, Holly) (Entered: 11/01/2017) |
| 11/03/2017 | 161<br>(40 pgs) | Opposition to (related document(s): 151 Order (Generic) (BNC-PDF)) Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 11/03/2017) |
| 11/15/2017 | 162<br>(6 pgs) | USDC Dismissal of Appeal - Order Granting Appellee's Request for Dismissal of Appeal for Mootness RE: Appeal USDC Number: 2:17-cv-02857 SJO (Originally filed at District Court 11/15/2017). (RE: related document(s)113 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore). (Milano, Sonny) (Entered: 11/15/2017) |
| 12/01/2017 | 163<br>(1 pg) | USDC Dismissal of Appeal for Lack of Prosecution RE: Appeal USDC Number: 2:17-cv-0566 SJO (Originally filed at District Court 11/30/2017). (RE: related document(s)58 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore). (Milano, Sonny) (Entered: 12/01/2017) |
| 12/13/2017 | 164<br>(13 pgs) | Motion *to Set Amount of Sanctions for Violation of the Discharge Injunction; Memorandum of Points and Authorities and Declaration of Steven A. Schuman in Support Thereof* Filed by Debtor Kimberly Barbour (Dicker, Lee) (Entered: 12/13/2017) |
| 12/13/2017 | 165 | Hearing Set (RE: related document(s)164 Generic Motion filed by Debtor Kimberly Barbour) The Hearing date is set for 1/23/2018 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 12/13/2017) |
| 12/19/2017 | 166<br>(14 pgs) | USDC Dismissal Appealed to the United States Court of Appeals for the Ninth Circuit RE: Appeal USDC Number: 2:17-cv-02857-SJO (Originally filed at District Court 12/14/2017). (RE: related document(s)162 BAP/USDC dismissal of appeal) (Milano, Sonny) (Entered: 12/19/2017) |
| 12/21/2017 | 167<br>(3 pgs) | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 17-56914 assigned to Notice of Appeal to 9th Circuit Court of Appeals 25 as to Appellant Ivan Rene Moore (Originally filed at Court |

| | | |
|---|---|---|
| | | of Appeals 12/20/2017). (RE: related document(s)166 USDC Dismissal Appealed to the United States Court of Appeals for the Ninth Circuit RE: Appeal USDC Number: 2:17-cv-02857-SJO (Originally filed at District Court 12/14/2017). (RE: related document(s)162 BAP/USDC dismissal of appeal)). (Milano, Sonny) (Entered: 12/21/2017) |
| 01/10/2018 | 168 (29 pgs) | Opposition to (related document(s): 164 Motion *to Set Amount of Sanctions for Violation of the Discharge Injunction; Memorandum of Points and Authorities and Declaration of Steven A. Schuman in Support Thereof* filed by Debtor Kimberly Barbour Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 01/10/2018) |
| 01/16/2018 | 169 (2 pgs) | USDC Dismissal of Appeal for Failure to Prosecute RE: Appeal USDC Number: 2:17-cv-01051-SJO (Originally filed at District Court 01/11/2018). (RE: related document(s)77 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore). (Milano, Sonny) (Entered: 01/16/2018) |
| 01/16/2018 | 170 (1 pg) | USDC Dismissal of Appeal RE: Appeal USDC Number: 2:17-cv-01055-SJO (Originally filed at District Court 01/12/2018). (RE: related document(s)80 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore). (Milano, Sonny) (Entered: 01/16/2018) |
| 01/29/2018 | 171 (2 pgs) | U. S. Court of Appeals Dismissal RE: Appeal USDC Number: 2:17-cv-02859-CJC; COA 17-56584 (Originally filed at Court of Appeals 01/25/2018). (Milano, Sonny). Related document(s) 117 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore, 159 BAP/USDC judgment appealed to US Court of Appeal. (Entered: 01/29/2018) |
| 01/29/2018 | 172 (6 pgs) | Notice of lodgment *With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)164 Motion *to Set Amount of Sanctions for Violation of the Discharge Injunction; Memorandum of Points and Authorities and Declaration of Steven A. Schuman in Support Thereof* Filed by Debtor Kimberly Barbour). (Lively, Peter) (Entered: 01/29/2018) |
| 03/02/2018 | 173 (3 pgs) | Order finding Ivan Rene Moore in contempt of court for willful violation of the discharge injunction and imposing sanctions against Mr. Moore with certificate of service (BNC-PDF) (Related Doc # 164) Signed on 3/2/2018. (Fortier, Stacey) (Entered: 03/02/2018) |
| 03/04/2018 | 174 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)173 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/04/2018. (Admin.) (Entered: 03/04/2018) |
| 03/22/2018 | 175 (2 pgs) | U. S. Court of Appeals Dismissal RE: Appeal USDC Number: 2:17-cv-02857-SJO; COA 17-56914 (Originally filed at Court of Appeals 03/21/2018). (Milano, Sonny). Related document(s) 166 BAP/USDC judgment appealed to US Court of Appeal. (Entered: 03/22/2018) |
| 04/03/2018 | 176 (9 pgs) | Status report *Regarding Continued Hearing on Debtors Motion to Avoid Lien under 11 U.S.C. §522(f) (Real Property); Declaration of Ilya B. Volk in Support with Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service*, 70 Order on Motion to Avoid Lien (BNC-PDF)). (Lively, Peter) (Entered: 04/03/2018) |
| 04/09/2018 | 177 (2 pgs) | Order continuing motion to avoid lien to 6/26(10)Re: (BNC-PDF) (Related Doc # 176 ) Signed on 4/9/2018 (Fortier, Stacey) (Entered: 04/09/2018) |

| 04/11/2018 | 178 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)177 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/11/2018. (Admin.) (Entered: 04/11/2018) |
| 06/12/2018 | 179 (9 pgs) | Status report *Regarding Continued Hearing on Debtors Motion to Avoid Lien under 11 U.S.C. §522(f) (Real Property); Declaration of Ilya B. Volk in Support with Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service*, 70 Order on Motion to Avoid Lien (BNC-PDF)). (Lively, Peter) (Entered: 06/12/2018) |
| 06/13/2018 | 180 | Notice to Filer Other - [Attorney needs to upload a proposed order] (RE: related document(s)179 Status report filed by Debtor Kimberly Barbour) (Fortier, Stacey) (Entered: 06/13/2018) |
| 06/14/2018 | 181 (2 pgs) | Order Granting continuance of Motion To Avoid Lien to 9/25/(10)(BNC-PDF) (Related Doc # 23) Signed on 6/14/2018 (Fortier, Stacey) Modified on 6/15/2018 (Fortier, Stacey). (Entered: 06/14/2018) |
| 06/16/2018 | 182 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)181 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 06/16/2018. (Admin.) (Entered: 06/16/2018) |
| 09/12/2018 | 183 (9 pgs) | Status report *Regarding Continued Hearing on Debtor's Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service*). (Lively, Peter) (Entered: 09/12/2018) |
| 09/17/2018 | 184 (2 pgs) | Order continuing hearing on motion to avoid lien to December 4, 2018 at 10 am (BNC-PDF) (Related Doc # 23) Signed on 9/17/2018 (Fortier, Stacey) (Entered: 09/17/2018) |
| 09/19/2018 | 185 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)184 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 09/19/2018. (Admin.) (Entered: 09/19/2018) |
| 11/16/2018 | 186 (20 pgs) | Statement/ Ivan Rene Moore's request for clarification of court order regarding the judgment and order of Los Angeles Superior Court Judge Hon. Michelle Rosenblatt in the amount of $3.15 million dollars arising out of willful and malicious intentional tort of trespass to chattel and conversion of personal property in Los Angeles Superior Court against Kimberly martin-Bragg in case number BC 480013 which is still pending appeal in the court of appeals of California, second Appellate District, Division one in case number B272445 Filed by Creditor Ivan Rene Moore . (Fortier, Stacey) This request is not on calendar Modified on 11/19/2018 (Fortier, Stacey). (Entered: 11/16/2018) |
| 11/19/2018 | 187 (11 pgs) | Status report *Regarding Continued Hearing on Debtor's Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service*). (Lively, Peter) (Entered: 11/19/2018) |
| 11/20/2018 | 188 (2 pgs) | Order continuing motion to avoid lien to 2/12/2019 at 10:00 a.m. (BNC-PDF) (Related Doc # 23) Signed on 11/20/2018 (Fortier, Stacey) (Entered: 11/20/2018) |

167

| | | |
|---|---|---|
| 11/22/2018 | 189<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)188 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 11/22/2018. (Admin.) (Entered: 11/22/2018) |
| 01/24/2019 | 190<br>(3 pgs) | U. S. Court of Appeals Judgment (Memorandum) RE: Appeal USDC Number: 2:17-cv-02857-SJO; COA17-56914 - Affirmed (Originally filed at Court of Appeals 01/23/2019). (Milano, Sonny). Related document(s) 166 BAP/USDC judgment appealed to US Court of Appeal. (Entered: 01/24/2019) |
| 01/31/2019 | 191<br>(11 pgs) | Status report *Regarding Continued Hearing on Debtor's Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service*). (Lively, Peter) (Entered: 01/31/2019) |
| 02/01/2019 | 192<br>(2 pgs) | Orde continuing Motion To Avoid Lien (see order for details)(BNC-PDF) (Related Doc # 23 ) Signed on 2/1/2019 (Fortier, Stacey) (Entered: 02/01/2019) |
| 02/03/2019 | 193<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)192 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 02/03/2019. (Admin.) (Entered: 02/03/2019) |
| 02/19/2019 | 194<br>(1 pg) | Mandate on Appeals RE: Appeal USDC Number: 2:17-cv-02857-SJO; COA 17-56914 - Ruling: Affirmed (Originally filed at Court of Appeals 02/14/2019). (RE: related document(s)190 U. S. Court of Appeals judgment). (Milano, Sonny) (Entered: 02/19/2019) |
| 04/01/2019 | 195<br>(11 pgs) | Status report *Regarding Continued Hearing on Debtor's Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service*). (Lively, Peter) (Entered: 04/01/2019) |
| 04/02/2019 | 196<br>(2 pgs) | Order continuing Motion To Avoid Lien to July 2, 2019 at 10 am (BNC-PDF) (Related Doc # 23 ) Signed on 4/2/2019 (Fortier, Stacey) (Entered: 04/02/2019) |
| 04/04/2019 | 197<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)196 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 04/04/2019. (Admin.) (Entered: 04/04/2019) |
| 06/19/2019 | 198<br>(12 pgs) | Status report *Regarding Continued Hearing on Debtor's Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service*). (Lively, Peter) (Entered: 06/19/2019) |
| 06/25/2019 | 199<br>(2 pgs) | Order continuing hearing on debtor's motion to avoid lien (BNC-PDF) (Related Doc # 23 ) Signed on 6/25/2019 (Fortier, Stacey) (Entered: 06/25/2019) |
| 06/27/2019 | 200<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)199 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 06/27/2019. (Admin.) (Entered: 06/27/2019) |
| 07/15/2019 | 201 | Hearing Continued to a new date (RE: related document(s)23 Motion to Avoid Lien filed by Debtor Kimberly Barbour) The Hearing date is set for 10/2/2019 |

| | | at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 07/15/2019) |
|---|---|---|
| 08/02/2019 | | Receipt of Certification Fee - $22.00 by 20. Receipt Number 20236304. (admin) (Entered: 08/02/2019) |
| 09/16/2019 | 202 (12 pgs) | Status report *Regarding Continued Hearing on Debtor's Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service*). (Lively, Peter) (Entered: 09/16/2019) |
| 09/16/2019 | 203 (2 pgs) | Order continuing Motion To Avoid Lien (see order for details)(BNC-PDF) (Related Doc # 23 ) Signed on 9/16/2019 (Fortier, Stacey) (Entered: 09/16/2019) |
| 09/18/2019 | 204 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)203 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 09/18/2019. (Admin.) (Entered: 09/18/2019) |
| 09/23/2019 | 205 (3 pgs) | Notice of Change of Address *With Proof of Service* Filed by Trustee Brad D Krasnoff (TR). (Krasnoff (TR), Brad) (Entered: 09/23/2019) |
| 10/02/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 23 MOTION TO AVOID LIEN filed by Kimberly Barbour) Hearing to be held on 12/17/2019 at 10:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 23 , (Fortier, Stacey) (Entered: 10/02/2019) |
| 10/28/2019 | 206 (26 pgs) | Status report *Regarding Continued Hearing on Debtor's Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service*). (Lively, Peter) (Entered: 10/28/2019) |
| 10/28/2019 | 207 (7 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Notice of Motion and Motion to Avoid Lien With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)23 Motion to Avoid Lien Property Lien with Ivan Rene Moore *With Proof of Service*). (Lively, Peter) (Entered: 10/28/2019) |
| 11/12/2019 | 208 (2 pgs) | Final Order Granting Motion To Avoid Lien creditor name: Ivan Rene Moore (BNC-PDF) (Related Doc # 23 ) Signed on 11/12/2019 (Fortier, Stacey) (Entered: 11/12/2019) |
| 11/14/2019 | 209 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)208 Order on Motion to Avoid Lien (BNC-PDF)) No. of Notices: 1. Notice Date 11/14/2019. (Admin.) (Entered: 11/14/2019) |
| 04/15/2020 | 210 | Bankruptcy Case Closed - DISCHARGE. Order of Discharge in the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (RE: related document(s)5 Meeting (AutoAssign Chapter 7a), 14 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Ivan Rene Moore, 23 Motion to Avoid Lien filed by Debtor Kimberly Barbour, 25 Motion to Avoid Lien filed by Debtor Kimberly Barbour, 44 Motion for Relief from Stay - Personal Property filed by Interested Party WELLS FARGO BANK, N.A., 75 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Ivan Rene Moore, 76 Motion for |

| | | Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Ivan Rene Moore, 113 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore, 117 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore, 131 Transcript, 139 Transcript, 148 Transcript, 152 Hearing (Bk Other) Set, 160 Transcript) (Milano, Sonny) (Entered: 04/15/2020) |
|---|---|---|
| 01/20/2022 | 211<br>(8 pgs) | Motion to Reopen Bankruptcy Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524 (Ch 7) - No Fee *MOTION FOR ORDER REOPENING CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KIMBERLY BARBOUR IN SUPPORT THEREOF* Filed by Debtor Kimberly Barbour (Dicker, Lee) (Entered: 01/20/2022) |
| 01/20/2022 | 212<br>(76 pgs) | Motion For Contempt *DEBTOR KIMBERLY BARBOUR'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY IVAN RENE MOORE SHOULD NOT BE HELD IN CONTEMPT FOR HIS WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. 524(a); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF KIMBERLY BARBOUR IN SUPPORT* Filed by Debtor Kimberly Barbour (Dicker, Lee) (Entered: 01/20/2022) |
| 01/20/2022 | 213 | Notice to Filer of Error and/or Deficient Document **Other** - (RE: related document(s)211 Motion to Reopen Bk Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524 (Ch 7)-No Fee filed by Debtor Kimberly Barbour) Attorney needs to either set motion to reopen or notice under the 14 day rule (Fortier, Stacey) (Entered: 01/20/2022) |
| 01/20/2022 | 214<br>(5 pgs) | Notice of lodgment *ORDER GRANTING DEBTOR'S MOTION FOR ORDER REOPENING CASE* Filed by Debtor Kimberly Barbour (RE: related document(s)211 Motion to Reopen Bankruptcy Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524 (Ch 7) - No Fee *MOTION FOR ORDER REOPENING CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KIMBERLY BARBOUR IN SUPPORT THEREOF* Filed by Debtor Kimberly Barbour). (Dicker, Lee) (Entered: 01/20/2022) |
| 01/20/2022 | 215<br>(5 pgs) | Notice of lodgment *ORDER TO SHOW CAUSE WHY IVAN RENE MOORE SHOULD NOT BE HELD IN CONTEMPT FOR HIS WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. 524(a)* Filed by Debtor Kimberly Barbour (RE: related document(s)212 Motion For Contempt DEBTOR KIMBERLY BARBOUR'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY IVAN RENE MOORE SHOULD NOT BE HELD IN CONTEMPT FOR HIS WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. 524(a); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF KIMBERLY BARBOUR IN SUPPORT Filed by Debtor Kimberly Barbour). (Dicker, Lee) (Entered: 01/20/2022) |
| 01/21/2022 | 216<br>(3 pgs) | Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) Filed by Debtor Kimberly Barbour (RE: related document(s)211 Motion to Reopen Bankruptcy Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524 (Ch 7) - No Fee *MOTION FOR ORDER REOPENING CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KIMBERLY BARBOUR IN SUPPORT THEREOF* Filed by Debtor Kimberly Barbour). (Dicker, Lee) (Entered: 01/21/2022) |
| 01/21/2022 | 217 | Notice to Filer of Error and/or Deficient Document<br>**Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH** |

| | | |
|---|---|---|
| | | **THE CORRECT PDF IMMEDIATELY- Attorney needs to file document in flatten form.** (RE: related document(s)216 Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) filed by Debtor Kimberly Barbour) (Fortier, Stacey) (Entered: 01/21/2022) |
| 01/21/2022 | 218 (3 pgs) | Notice *OF ERRATA RE: NOTICE OF MOTION FOR ORDER WITHOUT A HEARING* Filed by Debtor Kimberly Barbour. (Dicker, Lee) (Entered: 01/21/2022) |
| 01/21/2022 | 219 (4 pgs) | Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) Filed by Debtor Kimberly Barbour (RE: related document(s)211 Motion to Reopen Bankruptcy Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524 (Ch 7) - No Fee *MOTION FOR ORDER REOPENING CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KIMBERLY BARBOUR IN SUPPORT THEREOF* Filed by Debtor Kimberly Barbour). (Dicker, Lee) (Entered: 01/21/2022) |
| 01/21/2022 | 220 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** Attorney needs to refile the document in flatten form (RE: related document(s)219 Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) filed by Debtor Kimberly Barbour) (Fortier, Stacey) (Entered: 01/21/2022) |
| 01/25/2022 | 221 (4 pgs) | Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) Filed by Debtor Kimberly Barbour (RE: related document(s)211 Motion to Reopen Bankruptcy Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524 (Ch 7) - No Fee *MOTION FOR ORDER REOPENING CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KIMBERLY BARBOUR IN SUPPORT THEREOF* Filed by Debtor Kimberly Barbour). (Dicker, Lee) (Entered: 01/25/2022) |
| 01/26/2022 | 222 (3 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Order Granting Debtor's Motion for Order Reopening Case* Filed by Debtor Kimberly Barbour (RE: related document(s)211 Motion to Reopen Bankruptcy Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524 (Ch 7) - No Fee *MOTION FOR ORDER REOPENING CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KIMBERLY BARBOUR IN SUPPORT THEREOF* Filed by Debtor Kimberly Barbour). (Dicker, Lee) (Entered: 01/26/2022) |
| 02/04/2022 | 223 (62 pgs) | Objection to the motion to reopen (related document(s): 211 Motion; Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 02/07/2022) |
| 02/07/2022 | 224 (1 pg) | Order Granting Motion to Reopen Bankruptcy Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524 (Ch 7)-No Fee (BNC-PDF) (Related Doc # 211) Signed on 2/7/2022. (Fortier, Stacey) (Entered: 02/07/2022) |
| 02/07/2022 | 225 (1 pg) | Notice to creditors regarding order to reopen relates to 224 (BNC-PDF) (Fortier, Stacey) (Entered: 02/07/2022) |
| 02/07/2022 | 226 (3 pgs) | Order to Show Cause Why Ivan Renee Moore Should Not Be Held In Contempt For His Willful Violation Of the Discharge Injunction (see order for details(BNC-PDF) (Related Doc # 212 ) Signed on 2/7/2022 (Fortier, Stacey) (Entered: 02/07/2022) |

| | | |
|---|---|---|
| 02/07/2022 | 227 | Hearing Set Show Cause hearing to be held on 3/8/2022 at 10:00 AM by zoomgov.com The case judge is Barry Russell relates to 226 (Fortier, Stacey) Modified on 2/7/2022 (Fortier, Stacey). (Entered: 02/07/2022) |
| 02/08/2022 | 228 (3 pgs) | Proof of service *of OSC* Filed by Debtor Kimberly Barbour. (Dicker, Lee) (Entered: 02/08/2022) |
| 02/08/2022 | 229 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY. - Attorney needs to refile the document without the 2 headed caption and without the adversary number** (RE: related document(s)228 Proof of service filed by Debtor Kimberly Barbour) (Fortier, Stacey) (Entered: 02/08/2022) |
| 02/09/2022 | 230 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)225 Notice to creditors (BNC-PDF)) No. of Notices: 35. Notice Date 02/09/2022. (Admin.) (Entered: 02/09/2022) |
| 02/09/2022 | 231 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)224 Order on Motion to Reopen Bk Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524 (Ch 7)-No Fee (BNC-PDF)) No. of Notices: 1. Notice Date 02/09/2022. (Admin.) (Entered: 02/09/2022) |
| 02/09/2022 | 232 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)226 Order on Motion for Contempt (BNC-PDF)) No. of Notices: 1. Notice Date 02/09/2022. (Admin.) (Entered: 02/09/2022) |
| 02/11/2022 | 233 (113 pgs) | Motion to disqualify Judge Russell Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 02/11/2022) |
| 02/14/2022 | 234 | Hearing Set (RE: related document(s)233 Generic Motion filed by Creditor Ivan Rene Moore) The Hearing date is set for 3/8/2022 at 10:00 AM at Crtrm 1645, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 02/14/2022) |
| 02/14/2022 | 235 (113 pgs) | Notice to creditors regarding motion to disqualify Honorable Barry Russell related to doc 233 (BNC-PDF) (Fortier, Stacey) (Entered: 02/14/2022) |
| 02/14/2022 | 236 (1 pg) | Notice to creditors regarding motion to disqualify Honorable Barry Russell relates to doc 233(BNC) (Fortier, Stacey) (Entered: 02/14/2022) |
| 02/14/2022 | 237 (1 pg) | Notice to creditors regarding Order to Show Cause regarding document 226 (BNC) (Fortier, Stacey) (Entered: 02/14/2022) |
| 02/16/2022 | 238 (6 pgs) | Opposition to (related document(s): 233 Motion filed by Creditor Ivan Rene Moore) *MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF STEVEN A. SCHUMAN IN OPPOSITION TO MOTION TO DISQUALIFY* Filed by Debtor Kimberly Barbour (Dicker, Lee) (Entered: 02/16/2022) |
| 02/16/2022 | 239 (4 pgs) | BNC Certificate of Notice (RE: related document(s)236 Notice to creditors (BNC)) No. of Notices: 36. Notice Date 02/16/2022. (Admin.) (Entered: 02/16/2022) |

172

| 02/16/2022 | 240<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)237 Notice to creditors (BNC)) No. of Notices: 36. Notice Date 02/16/2022. (Admin.) (Entered: 02/16/2022) |
| 02/16/2022 | 241<br>(116 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)235 Notice to creditors (BNC-PDF)) No. of Notices: 36. Notice Date 02/16/2022. (Admin.) (Entered: 02/16/2022) |
| 02/22/2022 | 242<br>(135 pgs; 3 docs) | Moore's opposition to debtor's Barbour's motion for an order to show cause why Ivan Renee Moore should not be held in contempt for willful violation of discharge injunction under 11 usc section 524(A)(related document(s): 226 Order on Motion for Contempt (BNC-PDF)) Filed by Creditor Ivan Rene Moore (Attachments: # 1 Volume(s) Part 2 # 2 Volume(s) Part 3) (Lewis, Litaun) (Entered: 02/22/2022) |
| 02/23/2022 | 243<br>(4 pgs) | Reply to (related document(s): 212 Motion For Contempt *DEBTOR KIMBERLY BARBOUR'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY IVAN RENE MOORE SHOULD NOT BE HELD IN CONTEMPT FOR HIS WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. 524(a); MEMORANDUM OF P filed by Debtor Kimberly Barbour*) Filed by Debtor Kimberly Barbour (Dicker, Lee) (Entered: 02/23/2022) |
| 03/01/2022 | 244<br>(42 pgs) | Adversary case 2:22-ap-01058. Complaint by Ivan Rene Moore against Kimberly Barbour , George Barbour , Law Offices of Thomasina Reed , Thomasina Reed , DOES 1 through 10 . Fee Amount $350 Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) ,(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)) ,(68 (Dischargeability - 523(a)(6), willful and malicious injury)) ,(65 (Dischargeability - other)) (Tom, Bock) (Entered: 03/01/2022) |
| 03/01/2022 | 245<br>(16 pgs) | Notice of disqualification of Judge Barry Russell for failure to timely file n answer or otherwise, defend, or respond to Mr. Moore's motion for disqualification for bias, insidious racism, prejudice, and for lack of impartiality Filed by Creditor Ivan Rene Moore (RE: related document(s)233 Motion to disqualify Judge Russell Filed by Creditor Ivan Rene Moore). (Fortier, Stacey) (Entered: 03/01/2022) |
| 03/01/2022 | 246<br>(47 pgs) | Reply to opposition to the judgment creditor, Ivan Rene Moore's motion to disqualify Judge Barry Russell for bias, insidious racism, and for lack of impartiality (related document(s): 238 Opposition filed by Debtor Kimberly Barbour) Filed by Creditor Ivan Rene Moore (Fortier, Stacey) (Entered: 03/01/2022) |
| 03/01/2022 | 247<br>(46 pgs) | Request for judicial notice *in Support of OSC Re Contempt* Filed by Debtor Kimberly Barbour. (Dicker, Lee) (Entered: 03/01/2022) |
| 03/09/2022 | 248<br>(1 pg) | Transcript Order Form, regarding Hearing Date 03/08/22 Filed by Debtor Kimberly Barbour. (Dicker, Lee) (Entered: 03/09/2022) |
| 03/10/2022 | 249 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-BR-12. RE Hearing Date: 3/8/22, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt, Telephone number 888/272/0022.] (RE: related document(s)248 Transcript Order Form (Public Request) filed by Debtor Kimberly Barbour) (Toliver, Wanda) (Entered: 03/10/2022) |

| | | |
|---|---|---|
| 03/15/2022 | 250 (74 pgs) | Transcript regarding Hearing Held 03/08/22 RE: In Re: Kimberly Barbour. Remote electronic access to the transcript is restricted until 06/13/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8183437040.]. Notice of Intent to Request Redaction Deadline Due By 3/22/2022. Redaction Request Due By 04/5/2022. Redacted Transcript Submission Due By 04/15/2022. Transcript access will be restricted through 06/13/2022. (Hyatt, Mitchell) (Entered: 03/15/2022) |
| 03/22/2022 | 251 (6 pgs; 2 docs) | Notice of lodgment Filed by Debtor Kimberly Barbour (RE: related document(s)212 Motion For Contempt *DEBTOR KIMBERLY BARBOUR'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY IVAN RENE MOORE SHOULD NOT BE HELD IN CONTEMPT FOR HIS WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. 524(a); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF KIMBERLY BARBOUR IN SUPPORT* Filed by Debtor Kimberly Barbour). (Attachments: # 1 Proposed Order FINDINGS OF FACT FINDING IVAN RENE MOORE IN CONTEMPT OF COURT FOR WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. 524(a)) (Dicker, Lee) (Entered: 03/22/2022) |
| 03/23/2022 | 252 | Notice to Filer of Error and/or Deficient Document **Other** - PDF document was not flattened prior to filing. Instructions for flattening a PDF document are available on the court's website under CM/ECF Instructions to flatten PDF files. THE FILER IS INSTRUCTED TO RE-FILE THE FLATTENED DOCUMENT IMMEDIATELY. (RE: related document(s)251 Notice of Lodgment filed by Debtor Kimberly Barbour) (Fortier, Stacey) (Entered: 03/23/2022) |
| 03/28/2022 | 253 (6 pgs) | Declaration re: *DECLARATION OF STEVEN A. SCHUMAN IN CONNECTION WITH REPLY IN SUPPORT OF OSC RE CONTEMPT* Filed by Debtor Kimberly Barbour (RE: related document(s)212 Motion For Contempt *DEBTOR KIMBERLY BARBOUR'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY IVAN RENE MOORE SHOULD NOT BE HELD IN CONTEMPT FOR HIS WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. 524(a); MEMORANDUM OF P)*. (Dicker, Lee) (Entered: 03/28/2022) |
| 03/29/2022 | 254 (119 pgs; 3 docs) | Objection and opposition to findings of fact finding Ivan Rene Moore in contempt of court for willful violation of the discharge injunction under 11 U.S.C. 11 U.S.C. 524(A) and lodgment of objection and opposition to the discharge of the $3.15 million arising from intentional and malicious injuries to the person of Ivan Rene Moore and property pursuant to 11 U.S.C. Section 523(a)(6) (related document(s): 251 Notice of Lodgment; Filed by Creditor Ivan Rene Moore (Fortier, Stacey) Additional attachment(s) added on 3/29/2022 (Fortier, Stacey). Additional attachment(s) added on 3/29/2022 (Fortier, Stacey). (Entered: 03/29/2022) |
| 03/29/2022 | 255 (137 pgs) | Adversary case 2:22-ap-01080. Complaint by Ivan Rene Moore against Kimberly Barbour , Steven A. Schuman , Lee T. Dicker , Leonard Law Office of Peter M. Lively, Dicker & Schreiber LLP , Does 1 through 10 . Fee Amount $350 Nature of Suit: (11 (Recovery of money/property - 542 turnover of property)) ,(13 (Recovery of money/property - 548 fraudulent transfer)) (Collins, Kim S.) (Entered: 03/29/2022) |

174

| | | |
|---|---|---|
| 03/29/2022 | 256<br>(5 pgs) | Memorandum of decision denying motion for order of recusal with certificate of service; relates to 233 (BNC-PDF) Signed on 3/29/2022. (Fortier, Stacey) (Entered: 03/29/2022) |
| 03/29/2022 | 257<br>(3 pgs) | Order Denying Motion for recusal with certificate of service (BNC-PDF) (Related Doc # 233) Signed on 3/29/2022. (Fortier, Stacey) (Entered: 03/29/2022) |
| 03/29/2022 | 258<br>(5 pgs) | Certificate of Service (RE: related document(s)256 Memorandum of decision (BNC-PDF)). (Fortier, Stacey) (Entered: 03/29/2022) |
| 03/29/2022 | 259<br>(3 pgs) | Certificate of Service (RE: related document(s)257 Order (BNC-PDF)). (Fortier, Stacey) (Entered: 03/29/2022) |
| 03/30/2022 | 260<br>(190 pgs) | Request for judicial notice *IN SUPPORT OF OSC RE CONTEMPT* Filed by Debtor Kimberly Barbour (RE: related document(s)212 Motion For Contempt *DEBTOR KIMBERLY BARBOUR'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY IVAN RENE MOORE SHOULD NOT BE HELD IN CONTEMPT FOR HIS WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. 524(a); MEMORANDUM OF P). (Dicker, Lee) (Entered: 03/30/2022)* |
| 03/31/2022 | 261<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)256 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 03/31/2022. (Admin.) (Entered: 03/31/2022) |
| 03/31/2022 | 262<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)257 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/31/2022. (Admin.) (Entered: 03/31/2022) |
| 04/08/2022 | 263<br>(6 pgs) | Declaration re: *SUPPLEMENTAL DECLARATION OF STEVEN A. SCHUMAN IN CONNECTION WITH REPLY IN SUPPORT OF OSC RE CONTEMPT* Filed by Debtor Kimberly Barbour (RE: related document(s)212 Motion For Contempt *DEBTOR KIMBERLY BARBOUR'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY IVAN RENE MOORE SHOULD NOT BE HELD IN CONTEMPT FOR HIS WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. 524(a); MEMORANDUM OF P). (Dicker, Lee) (Entered: 04/08/2022)* |
| 04/12/2022 | 264<br>(9 pgs) | Objection pursuant to 28 U.S.C. (c)(1) Filed by Ivan Rene Moore (Fortier, Stacey) (Entered: 04/12/2022) |
| 04/26/2022 | 265<br>(7 pgs) | Memorandum finding Ivan Rene Moore in contempt of court for willful violation of the discharge injunction under 11 U.S.C. Section 524(a) and imposing sanctions with certificate of service relates to 226(BNC-PDF) Signed on 4/26/2022. (Fortier, Stacey) (Entered: 04/26/2022) |
| 04/26/2022 | 266<br>(3 pgs) | Order finding Ivan Rene Moore in contempt of court for willful violation of the discharge injunction under 11 U.S.C. Section 524(a) and imposing sanctions with certificate of service; related to 226 and [265] Re: (BNC-PDF) Signed on 4/26/2022. (Fortier, Stacey) (Entered: 04/26/2022) |
| 04/28/2022 | 267<br>(9 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)265 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 04/28/2022. (Admin.) (Entered: 04/28/2022) |

175

| 04/28/2022 | 268<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)266 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/28/2022. (Admin.) (Entered: 04/28/2022) |
| --- | --- | --- |
| 05/03/2022 | 269<br>(16 pgs) | Notice of Appeal and Statement of Election to U.S. District Court (Official Form 417A) - Fee Amount: $298.00; filed by Creditor Ivan Rene Moore (RE: related document(s)265 Memorandum of decision (BNC-PDF), 266 Order (Generic) (BNC-PDF)). Appellant Designation due by 5/17/2022. (SM) (Entered: 05/04/2022) |
| 05/03/2022 | 270<br>(68 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal; Statement of Issues on Appeal; filed by Creditor Ivan Rene Moore (RE: related document(s)269 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 5/17/2022. (SM) (Entered: 05/04/2022) |
| 05/03/2022 | | Receipt Number 20245278, Fee Amount $298.00 (RE: related document(s)269 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (KC2) (Entered: 05/04/2022) |
| 05/04/2022 | 271<br>(93 pgs) | Notice of Referral of Appeal to the United States District Court, Central District of California; with Notice of Appeal Service List. (RE: related document(s)269 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (SM) (Entered: 05/04/2022) |
| 05/04/2022 | 272<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 4/19/22 Filed by Creditor Ivan Rene Moore (RE: related document(s)269 Notice of Appeal and Statement of Election (Official Form 417A)). (WT) (Entered: 05/04/2022) |
| 05/04/2022 | 273 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-BR-23. RE Hearing Date: 4/19/22, [TRANSCRIPTION SERVICE PROVIDER: Briggs, Telephone number 310-410-4151.] (RE: related document(s)272 Transcript Order Form (Public Request) filed by Creditor Ivan Rene Moore) (WT) (Entered: 05/04/2022) |
| 05/04/2022 | 274<br>(2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) RE: 2:22-cv-02973-SVW (Originally filed at District Court 05/04/2022). (RE: related document(s)269 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (SM) (Entered: 05/04/2022) |
| 05/06/2022 | 275<br>(100 pgs) | Motion to stay the bankruptcy court's April 26, 2022 order finding Ivan Rene Moore in contempt of court for willful violation of the discharge injunction under 11 U.S.C. Section 524(a) and imposing sanctions in the amount of $8,828.52 to be paid on May 26, 2022, pending appeal and for an immediate administrative stay Filed by Creditor Ivan Rene Moore (SF) (Entered: 05/09/2022) |
| 05/11/2022 | 276<br>(1 pg) | Notice to creditors regarding correct hearing date and time for document 275 BNC) (SF) Modified on 6/7/2022 (SF). (Entered: 05/11/2022) |
| 05/11/2022 | 277 | Hearing Set (RE: related document(s)275 Generic Motion filed by Creditor Ivan Rene Moore) The Hearing date is set for 6/7/2022 at 01:30 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (SF) (Entered: 05/11/2022) |

| 05/13/2022 | 278<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)276 Notice to creditors (BNC)) No. of Notices: 36. Notice Date 05/13/2022. (Admin.) (Entered: 05/13/2022) |
|---|---|---|
| 05/19/2022 | 279<br>(6 pgs) | Abstract of judgment (COPY); Original issued 5/19/2022. Filed by Lee T. Dicker, Attorney for Judgment Creditor. (KC2) (Entered: 05/19/2022) |
| 05/19/2022 | | Receipt of Abstract Filing Fee - $9.00 by 01. Receipt Number 20245394. (admin) (Entered: 05/19/2022) |
| 05/20/2022 | 280<br>(3 pgs) | Opposition to (related document(s): 275 Motion filed by Creditor Ivan Rene Moore) *Motion To Stay Enforcement Of Sanctions Pending Appeal* Filed by Debtor Kimberly Barbour (Dicker, Lee) (Entered: 05/20/2022) |
| 05/20/2022 | 281 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)280 Opposition filed by Debtor Kimberly Barbour) (SF) (Entered: 05/20/2022) |
| 05/20/2022 | 282<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 5/10/2022 Filed by Creditor Ivan Rene Moore . (SF) (Entered: 05/20/2022) |
| 05/23/2022 | 283 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-BR-24. RE Hearing Date: 5/10/22, [TRANSCRIPTION SERVICE PROVIDER: Briggs, Telephone number 310-410-4151.] (RE: related document(s)282 Transcript Order Form (Public Request) filed by Creditor Ivan Rene Moore) (WT) (Entered: 05/23/2022) |
| 06/01/2022 | 284<br>(39 pgs) | Transcript regarding Hearing Held 04/19/22 RE: ORDER TO SHOW CAUSE WHY IVAN RENE MOORE SHOULD NOT BE HELD IN CONTEMPT FOR HIS WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. SECTION 524(a). Remote electronic access to the transcript is restricted until 08/30/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 6/8/2022. Redaction Request Due By 06/22/2022. Redacted Transcript Submission Due By 07/5/2022. Transcript access will be restricted through 08/30/2022. (Steinhauer, Holly) (Entered: 06/01/2022) |
| 06/06/2022 | 285<br>(1 pg) | Deficiency Notice Sent to USDC RE: 2:22-cv-02973-SVW - Notice of Transcripts. (RE: related document(s)269 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (SM) (Entered: 06/06/2022) |
| 06/07/2022 | 288<br>(65 pgs) | Judgment Creditor, Ivan Rene Moore's notice of motion and motion for clarification whether this bankruptcy court also discharged the debtor's obligation to return personal property that were the subject of the conversion and trespass to Chattel that were ordered to be returned to Mr. Moore by California Superior Court Judge Hon. Judge Michelle Rosenblatt Motion Filed by Creditor Ivan Rene Moore (SF) (Entered: 06/08/2022) |
| 06/08/2022 | 286<br>(2 pgs) | Order Denying Judgment creditor, Ivan Rene Moore's motion to stay the bankruptcy court's April 26, 2022 order finding Ivan Rene Moore conempt of |

| | | |
|---|---|---|
| | | court for willful violation of the discharge injunction under 11 U.S.C. Section 524(a) and imposing sanctions in the amount of $28,828.52 to be paid on 5/26/2022, pending appeal and for an immediate administrative stay (BNC-PDF) (Related Doc # 275 ) Signed on 6/8/2022 (SF) (Entered: 06/08/2022) |
| 06/08/2022 | 287 (3 pgs) | Certificate of Service (RE: related document(s)286 Order DENYING Motion (BNC-PDF)). (SF) (Entered: 06/08/2022) |
| 06/08/2022 | 289 | Transcript Order Form related to an Appeal, regarding Hearing Date 06/07/22 (WT) (Entered: 06/08/2022) |
| 06/10/2022 | 290 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)286 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 06/10/2022. (Admin.) (Entered: 06/10/2022) |
| 06/13/2022 | 291 (17 pgs) | Transcript regarding Hearing Held 06/07/22 RE: HRG. RE MOTION TO STAY THE BANKRUPTCY COURTS APRIL 26, 2022 ORDER FINDING IVAN RENE MOORE IN CONTEMPT OF COURT FOR WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. SECTION 524(a) AND IMPOSING SANCTIONS IN THE AMOUNT OF $8,828.52 TO BE PAID ON MAY 26, 2022, PENDING APPEAL FOR AN IMMEDIATE ADMINISTRATIVE STAY. Remote electronic access to the transcript is restricted until 09/12/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal or purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 6/21/2022. Redaction Request Due By 07/5/2022. Redacted Transcript Submission Due By 07/14/2022. Transcript access will be restricted through 09/12/2022. (Steinhauer, Holly) (Entered: 06/13/2022) |
| 06/14/2022 | 292 (2 pgs) | Order Denying Motion for clarification whether this bankruptcy court also discharged the debtor's obligation to return personal property that were the subject of the conversion and trespass to chattel that were ordered to be returned to Mr. Moore by California Superior Court Judge Hon. Judge Michelle Rosenblatt in LASC Case No. BC 480013 (BNC-PDF) (Related Doc # 288 ) Signed on 6/14/2022 (SF) (Entered: 06/14/2022) |
| 06/14/2022 | 293 (2 pgs) | Notice to creditors regarding order denying motion related to 292 (BNC-PDF) (SF) (Entered: 06/14/2022) |
| 06/16/2022 | 294 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)293 Notice to creditors (BNC-PDF)) No. of Notices: 36. Notice Date 06/16/2022. (Admin.) (Entered: 06/16/2022) |
| 06/16/2022 | 295 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)292 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 06/16/2022. (Admin.) (Entered: 06/16/2022) |
| 06/21/2022 | 296 (42 pgs) | Transcript regarding Hearing Held 05/10/22 RE: STATUS CONFERENCE RE COMPLAINT 1. DEBTORS FRAUD PURSUANT TO 28 USC SECTION 523(a)(2)(A) 2. DEBTORS FRAUD PURSUANT TO 28 USC SECTION 523(a)(2)(B) 3. DEBTORS FRAUD PURSUANT TO 28 USC SECTION 523(a)(4) 4. DEBTORS FRAUD PURSUANT TO 28 USC SECTION 523(a)(6) 5. LARCENY/CONTINUING CONVERSION 7. FRAUDULENT TRANSFERS 8. CONSTRUCTIVE TRUST 9. VIOLATION OF PENAL CODE SECTION RECEIVE AND/OR CONCELING STOLEN PROPERTY |

| | | |
|---|---|---|
| | | ALLEGATION FOR PUNITIVE DAMAGES HRG. RE MOTION TO DISMISS ADVERSARY PROCEEDING IN ITS ENTIRETY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) STATUS CONFERENCE RE COMPLAINT FOR DAMAGERS FOR 1. BANKRUPTCY FRAUD (18 U.S.C. SECTION 157) 2. BANKRUPTCY FRAUD (18 U.S.C. SECTION 152 3. BANKRUPTCY FRAUD (18 U.S.C. SECTION 521) 4. INDEPENDENT ACTION FOR RELIEF FROM DISCHARGE ORDER TO REMEDY FRAUD UPON THE COURT 5. CAUSES OF ACTION UNDER 11 U.S.C. SECTION 523(a)(6) 6. CAUSES OF ACTION UNDER 11 U.S.C. SECTION 727(a)(3) HRG. RE MOTION TO DISMISS ADVERSARY PROCEEDING IN ITS ENTIRETY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Remote electronic access to the transcript is restricted until 09/19/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 6/28/2022. Redaction Request Due By 07/12/2022. Redacted Transcript Submission Due By 07/22/2022. Transcript access will be restricted through 09/19/2022. (Steinhauer, Holly) (Entered: 06/21/2022) |
| 06/27/2022 | 297 (9 pgs) | Notice of Appeal and Statement of Election to U.S. District Court - (Official Form 417A) - Fee Amount: $298.00; filed by Creditor Ivan Rene Moore (RE: related document(s)292 Order on Generic Motion (BNC-PDF)). Appellant Designation due by 7/11/2022. (SM) (Entered: 06/27/2022) |
| 06/27/2022 | 298 (56 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal; Statement of Issues on Appeal; filed by Creditor Ivan Rene Moore (RE: related document(s)297 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 7/11/2022. (SM) (Entered: 06/27/2022) |
| 06/27/2022 | 299 (74 pgs; 3 docs) | Notice of Referral of Appeal to the United States District Court, Central District of California; with Notice of Appeal Service List. (RE: related document(s)297 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Attachments: # 1 Notice of Appeal and Statement of Election # 2 Appellant Designation of Contents For Inclusion in Record On Appeal; Statement of Issues on Appeal) (SM) (Entered: 06/27/2022) |
| 06/27/2022 | 300 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 6/14/22 Filed by Creditor Ivan Rene Moore . (WT) Incorrect hearing date. Modified on 6/27/2022 (WT). (Entered: 06/27/2022) |
| 06/27/2022 | | Receipt of Appeal/Cross Appeal Filing Fee - $298.00 by 71. Receipt Number 20245576 (admin) (Entered: 06/27/2022) |
| 07/05/2022 | 301 (4 pgs) | Order To Show Cause Why Mr. Steven A. Schuman should not be sanctioned for failure to appear in person for a hearing on June 7, 2022 at 1:30 p.m. (see order for details)(BNC-PDF) (Related Doc # 280 ) Signed on 7/5/2022 (SF) (Entered: 07/05/2022) |
| 07/05/2022 | 302 | Hearing Set Show Cause hearing to be held on 8/2/2022 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell relates to 301 (SF) (Entered: 07/05/2022) |
| 07/05/2022 | 303 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) RE: 2:22-cv-04454-PA (Originally filed at District Court 07/05/2022). (RE: related document(s)297 |

179

| | | Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (SM) (Entered: 07/05/2022) |
|---|---|---|
| 07/06/2022 | 304 (5 pgs) | Certificate of Service (RE: related document(s)301 Order to Show Cause (BNC-PDF)). (SF) (Entered: 07/06/2022) |
| 07/07/2022 | 305 (23 pgs) | Motion *DEBTOR'S NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT* Filed by Debtor Kimberly Barbour (Dicker, Lee) (Entered: 07/07/2022) |
| 07/07/2022 | 306 (3 pgs) | Declaration re: *DECLARATION OF KIMBERLY BARBOUR IN SUPPORT OF MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT* Filed by Debtor Kimberly Barbour (RE: related document(s)305 Motion *DEBTOR'S NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT*). (Dicker, Lee) (Entered: 07/07/2022) |
| 07/07/2022 | 307 (8 pgs) | Declaration re: *DECLARATION OF ILYA B. VOLK IN SUPPORT OF MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT* Filed by Debtor Kimberly Barbour (RE: related document(s)305 Motion *DEBTOR'S NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT*). (Dicker, Lee) (Entered: 07/07/2022) |
| 07/07/2022 | 308 (208 pgs) | Request for judicial notice *IN SUPPORT OF DEBTOR'S MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT* Filed by Debtor Kimberly Barbour (RE: related document(s)305 Motion *DEBTOR'S NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT*). (Dicker, Lee) (Entered: 07/07/2022) |
| 07/07/2022 | 309 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)301 Order to Show Cause (BNC-PDF)) No. of Notices: 1. Notice Date 07/07/2022. (Admin.) (Entered: 07/07/2022) |
| 07/08/2022 | 310 (3 pgs) | Notice of Hearing Filed by Debtor Kimberly Barbour (RE: related document(s)305 Motion *DEBTOR'S NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT* Filed by Debtor Kimberly Barbour). (Dicker, Lee) (Entered: 07/08/2022) |
| 07/08/2022 | 311 (5 pgs) | Declaration re: *DECLARATION OF STEVEN A. SCHUMAN IN RESPONSE TO ORDER TO SHOW CAUSE RE CONTEMPT* Filed by Debtor Kimberly Barbour (RE: related document(s) 302 Hearing Set (Other) (BK Case - BNC Option)). (Dicker, Lee) (Entered: 07/08/2022) |
| 07/08/2022 | 312 | Hearing Set (RE: related document(s)305 Generic Motion filed by Debtor Kimberly Barbour) The Hearing date is set for 8/2/2022 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (SF) (Entered: 07/08/2022) |

| | | |
|---|---|---|
| 07/14/2022 | [313](#)<br>(1 pg) | Deficiency Notice Sent to USDC RE: 2:22-cv-04454-PA - Notice of Transcripts Designated for an Appeal has not been filed. (RE: related document(s)[297](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (SM) (Entered: 07/14/2022) |
| 07/20/2022 | [314](#)<br>(4 pgs) | Notice of Transcripts Designated for an Appeal - No Transcripts Designated; filed by Creditor Ivan Rene Moore (RE: related document(s)[297](#) Notice of Appeal and Statement of Election (Official Form 417A)). (SM) (Entered: 07/20/2022) |
| 07/20/2022 | [315](#)<br>(67 pgs; 2 docs) | Opposition to (related document(s): [305](#) Motion *DEBTOR'S NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT* filed by Debtor Kimberly Barbour) Filed by Creditor Ivan Rene Moore (Attachments: # [1](#) exhibit) (SF) (Entered: 07/20/2022) |
| 07/27/2022 | [316](#)<br>(2 pgs) | Certificate of Readiness of Record on Appeal to District Court - Case Number: 2:22-cv-04454-PA. (RE: related document(s)[297](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (SM) (Entered: 07/27/2022) |
| 07/27/2022 | [317](#)<br>(2 pgs) | ORDER re: sanctions imposed by court to be paid to the court Sanctions Amount: $500 sanctioned party: Steven Schuman Esq.(BNC-PDF) relates to [301](#) Signed on 7/27/2022. (SF) (Entered: 07/27/2022) |
| 07/29/2022 | [318](#)<br>(1 pg) | Notice RE: BK Record Complete, Briefing Schedule RE: Appeal 2:22-cv-04454-PA (Originally filed at District Court 07/28/2022). (RE: related document(s)[297](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (SM) (Entered: 07/29/2022) |
| 07/29/2022 | [319](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[317](#) ORDER re: sanctions imposed by court to be paid to the court (BNC-PDF)) No. of Notices: 1. Notice Date 07/29/2022. (Admin.) (Entered: 07/29/2022) |
| 08/01/2022 | | Receipt of Sanctions/Misc Fines - $500.00 by 01. Receipt Number 20245799. (admin). Related document(s) [317](#) ORDER re: sanctions imposed by court to be paid to the court (BNC-PDF). Modified on 8/3/2022 (SM). (Entered: 08/01/2022) |
| 08/09/2022 | [323](#)<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 8/2/22 Filed by Creditor Ivan Rene Moore (RE: related document(s)[297](#) Notice of Appeal and Statement of Election (Official Form 417A)). (WT) (Entered: 08/10/2022) |
| 08/10/2022 | [320](#)<br>(1 pg) | USDC Dismissal of Appeal RE: Appeal USDC Number: 2:22-cv-02973-SVW (Originally filed at District Court 06/23/2022). (RE: related document(s)[269](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore). (SM) (Entered: 08/10/2022) |
| 08/10/2022 | [321](#)<br>(8 pgs) | Notice of lodgment Re: *[Proposed] Memorandum Granting Debtors Motion for Pre-filing Order, Injunctive Relief and Designating Creditor Ivan Rene Moore as a Vexatious Litigant With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)[305](#) Motion *DEBTOR'S NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT*). (Lively, Peter) (Entered: 08/10/2022) |

**181**

| | | |
|---|---|---|
| 08/10/2022 | 322 (5 pgs) | Notice of lodgment *Re: [Proposed] Order Granting Debtors Motion for Pre-filing Order, Injunctive Relief and Designating Creditor Ivan Rene Moore as a Vexatious Litigant With Proof of Service* Filed by Debtor Kimberly Barbour (RE: related document(s)305 Motion *DEBTOR'S NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT*). (Lively, Peter) (Entered: 08/10/2022) |
| 08/10/2022 | 324 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-BR-38. RE Hearing Date: 8/2/22, [TRANSCRIPTION SERVICE PROVIDER: Briggs, Telephone number 310-410-4151.] (RE: related document(s)323 Transcript Order Form (Public Request) filed by Creditor Ivan Rene Moore) (WT) (Entered: 08/10/2022) |
| 08/17/2022 | 325 (13 pgs) | USDC Dismissal Appealed to the United States Court of Appeals for the Ninth Circuit on 08/09/2022 RE: Appeal USDC Number: 2:22-cv-02973-SVW (Originally filed at District Court 08/09/2022). (RE: related document(s)320 BAP/USDC dismissal of appeal) (SM) (Entered: 08/17/2022) |
| 08/17/2022 | 326 (3 pgs) | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 22-55771 assigned to Notice of Appeal to 9th Circuit Court of Appeals as to Plaintiff Ivan Rene Moore (Originally filed at District Court 08/16/2022). (RE: related document(s)325 USDC Dismissal Appealed to the United States Court of Appeals for the Ninth Circuit on 08/09/2022 RE: Appeal USDC Number: 2:22-cv-02973-SVW (Originally filed at District Court 08/09/2022). (RE: related document(s)320 BAP/USDC dismissal of appeal) (SM)). (SM) (Entered: 08/17/2022) |
| 08/24/2022 | 327 (5 pgs) | Findings of Fact and Conclusions of Law re debtor's motion for pre-filing order, injunctive relief and designating creditor Ivan Rene Moore as a vexatious litigant (see order for details)(RE: related document(s)305 Generic Motion filed by Debtor Kimberly Barbour) (SF) (Entered: 08/24/2022) |
| 08/24/2022 | 328 (2 pgs) | Order Granting Debtor's Motion For Pre-filing Order, Injunctive Relief and Designating Creditor Ivan Rene Moore as a Vexatious Litigant (see order for details)(BNC-PDF) (Related Doc # 305 ) Signed on 8/24/2022 (SF) (Entered: 08/24/2022) |
| 08/26/2022 | 329 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)328 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 08/26/2022. (Admin.) (Entered: 08/26/2022) |
| 08/31/2022 | 330 (1 pg) | Notice of Clerical Error RE: 2:22-cv-04454-PA - Due to clerical error. Case was opened in error. Litigant was declared vexatious in case no. 2:17-CV-04828-ODW(GJS) This case will be administratively closed (Originally filed at District Court 08/18/2022). (RE: related document(s)297 Notice of Appeal and Statement of Election to U.S. District Court - (Official Form 417A) - Fee Amount: $298.00; filed by Creditor Ivan Rene Moore (RE: related document(s)292 Order on Generic Motion (BNC-PDF)). Appellant Designation due by 7/11/2022. (SM)). (SM) (Entered: 08/31/2022) |
| 08/31/2022 | 331 (7 pgs) | USDC Notice of Clerical Error Appealed to the United States Court of Appeals for the Ninth Circuit RE: USDC Appeal Number 2:22-cv-04454-PA (Originally filed at District Court 08/30/2022) (SM). Related document(s) 330 Notice. (Entered: 08/31/2022) |

182

| | | |
|---|---|---|
| 09/01/2022 | 332<br>(3 pgs) | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 22-55811 assigned to Notice of Appeal to 9th Circuit Court of Appeals 15 as to Plaintiff Ivan Rene Moore (Originally filed at District Court 08/31/2022). (RE: related document(s)331 USDC Notice of Clerical Error Appealed to the United States Court of Appeals for the Ninth Circuit RE: USDC Appeal Number 2:22-cv-04454-PA (Originally filed at District Court 08/30/2022) (SM). Related document(s) 330 Notice.). (SM) (Entered: 09/01/2022) |
| 09/06/2022 | 333<br>(10 pgs) | Notice of Appeal and Statement of Election to U.S. District Court.(Official Form 417A) . Fee Amount $298 Filed by Creditor Ivan Rene Moore (RE: related document(s)328 Order on Generic Motion (BNC-PDF)). Appellant Designation due by 9/20/2022. (DG) (Entered: 09/06/2022) |
| 09/06/2022 | | Receipt of Appeal Filing Fee - $293.00 by 20. Receipt Number 20246025. (admin) (Entered: 09/06/2022) |
| 09/06/2022 | | Receipt of Noticing Fee - $5.00 by 20. Receipt Number 20246025. (admin) (Entered: 09/06/2022) |
| 09/07/2022 | 334<br>(19 pgs; 2 docs) | Notice of Referral of Appeal to the United States District Court, Central District of California; with Notice of Appeal Service List. (RE: related document(s)333 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (Attachments: # 1 Notice of Appeal and Statement of Election) (SM) (Entered: 09/07/2022) |
| 09/12/2022 | 335<br>(63 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal; Statement of Issues on Appeal; filed by Creditor Ivan Rene Moore (RE: related document(s)333 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 9/26/2022. (SM) (Entered: 09/12/2022) |
| 09/15/2022 | 336<br>(2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) RE: 2:22-cv-06465-MEMF (Originally filed at District Court 09/15/2022). (RE: related document(s)333 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (SM) (Entered: 09/15/2022) |
| 09/20/2022 | 337<br>(20 pgs) | Transcript regarding Hearing Held 08/02/22 RE: HRG. RE MOTION FOR PRE-FILING ORDER, INJUNCTIVE RELIEF AND DESIGNATION OF CREDITOR IVAN RENE MOORE AS A VEXATIOUS LITIGANT. Remote electronic access to the transcript is restricted until 12/19/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 9/27/2022. Redaction Request Due By 10/11/2022. Redacted Transcript Submission Due By 10/21/2022. Transcript access will be restricted through 12/19/2022. (Steinhauer, Holly) (Entered: 09/20/2022) |
| 10/07/2022 | 338<br>(2 pgs) | Certificate of Readiness of Record on Appeal to District Court - Case Number: 2:22-cv-06465-MEMF. (RE: related document(s)333 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (SM) (Entered: 10/07/2022) |
| 10/13/2022 | 339<br>(1 pg) | Notice RE: BK Record Complete, Briefing Schedule RE: Appeal 2:22-cv-06465-MEMF (Originally filed at District Court 10/11/2022). (RE: related |

| | | document(s)333 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore) (SM) (Entered: 10/13/2022) |
|---|---|---|
| 02/13/2023 | 340 (1 pg) | USDC Dismissal of Appeal - Notice and Order of Filing by Vexatious Litigant RE: Appeal USDC Number: 2:22-cv-06465-MEMF (Originally filed at District Court 01/31/2023). (RE: related document(s)333 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Ivan Rene Moore). (SM) (Entered: 02/13/2023) |
| 03/15/2023 | 341 (15 pgs) | USDC Dismissal Appealed to the United States Court of Appeals for the Ninth Circuit on March 14, 2023 RE: Appeal USDC Number: 2:22-cv-06465-MEMF (Originally filed at District Court 03/14/2023). (RE: related document(s)340 BAP/USDC dismissal of appeal) (SM) (Entered: 03/15/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/16/2023 09:42:29 | | | |
| PACER Login: | SAschuman | Client Code: | 4176-03 |
| Description: | Docket Report | Search Criteria: | 2:16-bk-22878-BR Fil or Ent: filed From: 9/28/2016 To: 3/16/2023 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 30 | Cost: | 3.00 |

**DISMISSED, APLDIST, APPEAL, APL9thCirt**

## U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Adversary Proceeding #: 2:22-ap-01058-BR

*Assigned to:* Barry Russell
*Lead BK Case:* 16-22878
*Lead BK Title:* Kimberly Barbour
*Lead BK Chapter:* 7
*Demand:* \$56000000

*Date Filed:* 03/01/22
*Date Dismissed:* 05/31/22

*Nature[s] of Suit:* 62 Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud
67 Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny
68 Dischargeability - 523(a)(6), willful and malicious injury
65 Dischargeability - other

### *Plaintiff*
------------------------

**Ivan Rene Moore**
1236 Redondo Blvd
Los Angeles, CA 90019
323-932-9439

represented by **Ivan Rene Moore**
PRO SE

V.

### *Defendant*
------------------------

**Kimberly Barbour**
6150 Shenandoah Avenue
Los Angeles, CA 90056
SSN / ITIN: xxx-xx-5789
*aka* **Kimberly Martin-Bragg**

represented by **Lee T Dicker**
Leonard Dicker & Schreiber LLP
10940 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
310-551-1987
Fax : 310-277-8050
Email: ldicker@ldslaw.com

### *Defendant*
------------------------

**George Barbour**

represented by **George Barbour**
PRO SE

### *Defendant*
------------------------

**Law Offices of Thomasina Reed,** *a California law*
*office business entity form unknown*

represented by **Law Offices of Thomasina Reed**
PRO SE

185

*Defendant*
-----------------------

**Thomasina Reed**                 represented by **Thomasina Reed**
                                                               PRO SE

*Defendant*
-----------------------

**DOES 1 through 10**             represented by **DOES 1 through 10**
                                                               PRO SE

*Trustee*
-----------------------

**Brad D Krasnoff (TR)**
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067-6006
(310) 277-0077

*U.S. Trustee*
-----------------------

**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 03/01/2022 | <u>1</u><br>(42 pgs) | Adversary case 2:22-ap-01058. Complaint by Ivan Rene Moore against Kimberly Barbour , George Barbour , Law Offices of Thomasina Reed . Thomasina Reed , DOES 1 through 10 . Fee Amount $350 Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) ,(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)) ,(68 (Dischargeability - 523(a)(6), willful and malicious injury)) ,(65 (Dischargeability - other)) (Tom, Bock) (Entered: 03/01/2022) |
| 03/01/2022 | | Receipt of Adversary Filing Fee - $350.00 by 03. Receipt Number 20244903. (admin) (Entered: 03/01/2022) |
| 03/08/2022 | <u>2</u><br>(7 pgs; 2 docs) | Summons Issued on George Barbour Date Issued 3/8/2022, Answer Due 4/7/2022, Kimberly Barbour Date Issued 3/8/2022, Answer Due 4/7/2022; DOES 1 through 10 Date Issued 3/8/2022, Answer Due 4/7/2022; Law Offices of Thomasina Reed Date Issued 3/8/2022, Answer Due 4/7/2022; Thomasina Reed Date Issued 3/8/2022, Answer Due 4/7/2022 (RE: related document(s)<u>1</u> Complaint filed by Plaintiff Ivan Rene Moore) Status hearing to be held on |

186

| | | 5/10/2022 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 03/08/2022) |
|---|---|---|
| 03/08/2022 | 3 (50 pgs) | Certificate of Service (RE: related document(s)2 Summons Issued). (Fortier, Stacey) (Entered: 03/08/2022) |
| 03/10/2022 | 4 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Lively, Peter. (Lively, Peter) (Entered: 03/10/2022) |
| 03/31/2022 | 5 (10 pgs) | Request for judicial notice Filed by Defendant Kimberly Barbour (RE: related document(s)1 Complaint). (Dicker, Lee) (Entered: 03/31/2022) |
| 04/07/2022 | 6 (11 pgs) | Motion to Dismiss Adversary Proceeding *in Its Entirety Pursuant to Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof* Filed by Defendant Kimberly Barbour (Dicker, Lee) (Entered: 04/07/2022) |
| 04/07/2022 | 7 (262 pgs) | Request for judicial notice *in Support of Motion to Dismiss Complaint* Filed by Defendant Kimberly Barbour (RE: related document(s)6 Motion to Dismiss Adversary Proceeding *in Its Entirety Pursuant to Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof*). (Dicker, Lee) (Entered: 04/07/2022) |
| 04/07/2022 | 8 (3 pgs) | Notice of Hearing *Notice of Motion for Motion to Dismiss Complaint in Its Entirety Pursuant to Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof* Filed by Defendant Kimberly Barbour (RE: related document(s)6 Motion to Dismiss Adversary Proceeding *in Its Entirety Pursuant to Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof* Filed by Defendant Kimberly Barbour filed by Defendant Kimberly Barbour). (Dicker, Lee) (Entered: 04/07/2022) |
| 04/07/2022 | 9 | Notice to Filer of Error and/or Deficient Document **Other -** PDF document was not flattened prior to filing instructions for flattening a PDF document are available on the court's website under CM/ECF instructions to flatten PDF files. THE FILER IS INSTRUCTED TO RE-FILE THE FLATTENED DOCUMENT IMMEDIATELY. (RE: related document(s)8 Notice of Hearing (AP Case) filed by Defendant Kimberly Barbour) (Fortier, Stacey) (Entered: 04/07/2022) |
| 04/07/2022 | 10 (3 pgs) | Notice of Hearing Filed by Defendant Kimberly Barbour (RE: related document(s)6 Motion to Dismiss Adversary Proceeding *in Its Entirety Pursuant to Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof* Filed by Defendant Kimberly Barbour filed by Defendant Kimberly Barbour). (Dicker, Lee) (Entered: 04/07/2022) |
| 04/07/2022 | 11 | Hearing Set (RE: related document(s)6 Motion to Dismiss Adversary Proceeding filed by Defendant Kimberly Barbour) The Hearing date is set for 5/10/2022 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 04/07/2022) |
| 04/12/2022 | 12 (9 pgs) | Objections pursuant to 28 U.S.C. (c)(1) (related document(s): 1 Complaint filed by Plaintiff Ivan Rene Moore) Filed by Plaintiff Ivan Rene Moore (Fortier, Stacey) (Entered: 04/12/2022) |
| 04/21/2022 | 13 (39 pgs) | Opposition to (related document(s): 6 Motion to Dismiss Adversary Proceeding *in Its Entirety Pursuant to Federal Rule of Civil Procedure 12(b)(6);* |

187

| | | |
|---|---|---|
| | | *Memorandum of Points and Authorities in Support Thereof* filed by Defendant Kimberly Barbour) Filed by Plaintiff Ivan Rene Moore (Fortier, Stacey) (Entered: 04/21/2022) |
| 04/25/2022 | 14 (3 pgs) | Reply to (related document(s): 6 Motion to Dismiss Adversary Proceeding *in Its Entirety Pursuant to Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof* filed by Defendant Kimberly Barbour) Filed by Defendant Kimberly Barbour (Dicker, Lee) (Entered: 04/25/2022) |
| 05/03/2022 | 15 (9 pgs) | Status report/ Unilateral. Filed by Plaintiff Ivan Rene Moore (RE: related document(s)1 Complaint). (WT) (Entered: 05/04/2022) |
| 05/03/2022 | 16 (6 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to George Barbour Filed by Ivan R. Moore . (SF) . (Entered: 05/04/2022) |
| 05/03/2022 | 17 (6 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to Thomasina Reed Filed by Ivan R. Moore . (SF) (Entered: 05/04/2022) |
| 05/03/2022 | 18 (6 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to The Law Office of Thomasina Reed Filed by Plaintiff Ivan Rene Moore . (SF) (Entered: 05/04/2022) |
| 05/06/2022 | 19 (8 pgs) | Application/Request for evidentiary hearing and or discovery Filed by Plaintiff Ivan Rene Moore (SF) (Entered: 05/09/2022) |
| 05/09/2022 | 20 (2 pgs) | Order Denying Plaintiff's request for evidentiary hearing and or discovery (BNC-PDF) (Related Doc # 19 ) Signed on 5/9/2022 (SF) (Entered: 05/09/2022) |
| 05/09/2022 | 21 (3 pgs) | Certificate of Service (RE: related document(s)20 Order on Generic Application (BNC-PDF)). (SF) (Entered: 05/09/2022) |
| 05/11/2022 | 22 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)20 Order on Generic Application (BNC-PDF)) No. of Notices: 3. Notice Date 05/11/2022. (Admin.) (Entered: 05/11/2022) |
| 05/20/2022 | 23 (8 pgs) | Notice of lodgment *of [Proposed] Findings Of Fact And Conclusions Of Law Dismissing March 1, 2022 Adversary Proceeding With Prejudice* Filed by Defendant Kimberly Barbour (RE: related document(s)6 Motion to Dismiss Adversary Proceeding *in Its Entirety Pursuant to Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof* Filed by Defendant Kimberly Barbour filed by Defendant Kimberly Barbour). (Dicker, Lee) (Entered: 05/20/2022) |
| 05/20/2022 | 24 (4 pgs) | Notice of lodgment *of Order Dismissing March 1, 2022 Adversary Proceeding With Prejudice* Filed by Defendant Kimberly Barbour (RE: related document(s)6 Motion to Dismiss Adversary Proceeding *in Its Entirety Pursuant to Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof* Filed by Defendant Kimberly Barbour filed by Defendant Kimberly Barbour). (Dicker, Lee) (Entered: 05/20/2022) |
| 05/20/2022 | 25 (9 pgs) | Notice of Appeal and Statement of Election to U.S. District Court.(Official Form 417A) . Fee Amount $298 Filed by Plaintiff Ivan Rene Moore (RE: related document(s)20 Order on Generic Application (BNC-PDF)). Appellant Designation due by 6/3/2022. (DG) (Entered: 05/20/2022) |

Case: 22-55914, 03/22/2023, ID: 12679198, DktEntry: 9, Page 189 of 196

| | | |
|---|---|---|
| 05/20/2022 | [26](53 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal , Statement of Issues on Appeal Filed by Plaintiff Ivan Rene Moore (RE: related document(s)25 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 6/3/2022. Transmission of Designation Due by 6/21/2022. (DG) (Entered: 05/20/2022) |
| 05/20/2022 | [27](71 pgs; 3 docs) | Notice of referral of appeal to U. S. District Court with certificate of mailing (RE: related document(s)25 Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Ivan Rene Moore) (DG) (Entered: 05/20/2022) |
| 05/20/2022 | | Receipt of Appeal Filing Fee - $293.00 by 20. Receipt Number 20245398. (admin) (Entered: 05/20/2022) |
| 05/20/2022 | | Receipt of Noticing Fee - $5.00 by 20. Receipt Number 20245398. (admin) (Entered: 05/20/2022) |
| 05/24/2022 | [28](2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) RE: 2:22-cv-03451-DMG (Originally filed at District Court 05/24/2022). (RE: related document(s)25 Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Ivan Rene Moore) (SM) (Entered: 05/24/2022) |
| 05/27/2022 | | Receipt of Appeal Filing Fee - $293.00 by 01. Receipt Number 20245442. (admin) (Entered: 05/27/2022) |
| 05/27/2022 | | Receipt of Noticing Fee - $5.00 by 01. Receipt Number 20245442. (admin) (Entered: 05/27/2022) |
| 05/27/2022 | [30](19 pgs) | Notice of Appeal and Statement of Election to U.S. District Court - (Official Form 417A) - Fee Amount: $298.00; filed by Plaintiff Ivan Rene Moore (RE: related document(s)29 Order Dismissing Adversary Proceeding (BNC-PDF)). Appellant Designation due by 6/10/2022. (SM) (Entered: 05/31/2022) |
| 05/27/2022 | [31](57 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal; Statement of Issues on Appeal; filed by Plaintiff Ivan Rene Moore (RE: related document(s)30 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 6/10/2022. (SM) (Entered: 05/31/2022) |
| 05/31/2022 | [29](2 pgs) | ORDER Dismissing Adversary Proceeding with prejudice (BNC-PDF) Signed on 5/31/2022 (RE: related document(s)6 Motion to Dismiss Adversary Proceeding filed by Defendant Kimberly Barbour). (SF) (Entered: 05/31/2022) |
| 05/31/2022 | [32](1 pg) | Deficiency Notice to Appellant - Notice of Appeal does not include entered stamped copy of order, judgment, or decree. (RE: related document(s)30 Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Ivan Rene Moore) (SM) (Entered: 05/31/2022) |
| 06/01/2022 | [33](85 pgs; 3 docs) | Notice of Referral of Appeal to the United States District Court, Central District of California; with Notice of Appeal Service List. (RE: related document(s)30 Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Ivan Rene Moore) (Attachments: # 1 Notice of Appeal and Statement of Election # 2 Designation of Record; Statement of Issues) (SM) (Entered: 06/01/2022) |
| 06/02/2022 | [34](4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)29 Order Dismissing Adversary Proceeding (BNC-PDF)) No. of Notices: 3. Notice Date |

189

| | | |
|---|---|---|
| | | 06/02/2022. (Admin.) (Entered: 06/02/2022) |
| 06/03/2022 | 35 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) RE: 2:22-cv-03758-GW (Originally filed at District Court 06/2/2022) (RE: related document(s)30 Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Ivan Rene Moore ) (SM) (Entered: 06/03/2022) |
| 06/06/2022 | 36 (1 pg) | Deficiency Notice Sent to USDC RE: 2:22-cv-03451-DMG - Notice of Transcripts. (RE: related document(s)25 Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Ivan Rene Moore) (SM) (Main Document 36 replaced on 6/6/2022) (SM). (Entered: 06/06/2022) |
| 06/13/2022 | 37 (11 pgs) | Amended Notice of Appeal; filed by Plaintiff Ivan Rene Moore (RE: related document(s)30 Notice of Appeal and Statement of Election (Official Form 417A)). (SM) (Entered: 06/13/2022) |
| 06/15/2022 | 38 (1 pg) | Deficiency Notice Sent to USDC RE: 2:22-cv-03758-GW - Notice of Transcripts has not been filed. (RE: related document(s)30 Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Ivan Rene Moore) (SM) (Entered: 06/15/2022) |
| 06/21/2022 | 39 (42 pgs) | Transcript regarding Hearing Held 05/10/22 RE: STATUS CONFERENCE RE COMPLAINT 1. DEBTORS FRAUD PURSUANT TO 28 USC SECTION 523(a)(2)(A) 2. DEBTORS FRAUD PURSUANT TO 28 USC SECTION 523(a)(2)(B) 3. DEBTORS FRAUD PURSUANT TO 28 USC SECTION 523(a)(4) 4. DEBTORS FRAUD PURSUANT TO 28 USC SECTION 523(a)(6) 5. LARCENY/CONTINUING CONVERSION 7. FRAUDULENT TRANSFERS 8. CONSTRUCTIVE TRUST 9. VIOLATION OF PENAL CODE SECTION RECEIVE AND/OR CONCELING STOLEN PROPERTY ALLEGATION FOR PUNITIVE DAMAGES HRG. RE MOTION TO DISMISS ADVERSARY PROCEEDING IN ITS ENTIRETY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) STATUS CONFERENCE RE COMPLAINT FOR DAMAGERS FOR 1. BANKRUPTCY FRAUD (18 U.S.C. SECTION 157) 2. BANKRUPTCY FRAUD (18 U.S.C. SECTION 152 3. BANKRUPTCY FRAUD (18 U.S.C. SECTION 521) 4. INDEPENDENT ACTION FOR RELIEF FROM DISCHARGE ORDER TO REMEDY FRAUD UPON THE COURT 5. CAUSES OF ACTION UNDER 11 U.S.C. SECTION 523(a)(6) 6. CAUSES OF ACTION UNDER 11 U.S.C. SECTION 727(a)(3) HRG. RE MOTION TO DISMISS ADVERSARY PROCEEDING IN ITS ENTIRETY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Remote electronic access to the transcript is restricted until 09/19/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal or purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 6/28/2022. Redaction Request Due By 07/12/2022. Redacted Transcript Submission Due By 07/22/2022. Transcript access will be restricted through 09/19/2022. (Steinhauer, Holly) (Entered: 06/21/2022) |
| 08/30/2022 | 40 (2 pgs) | USDC Dismissal of Appeal RE: Appeal USDC Number: 2:22-cv-03451-DMG (Originally filed at District Court 08/29/2022). (RE: related document(s)25 Notice of Appeal and Statement of Election (Official Form 417A) filed by Plaintiff Ivan Rene Moore). (SM) (Entered: 08/30/2022) |
| 10/06/2022 | 41 (8 pgs) | USDC Dismissal Appealed to the United States Court of Appeals for the Ninth Circuit RE: Appeal USDC Number: 2:22-cv-03451-DMG (Originally filed at |

190

| | | District Court 09/26/2022). (RE: related document(s)40 BAP/USDC dismissal of appeal) (SM) (Entered: 10/06/2022) |
| --- | --- | --- |
| 10/06/2022 | 42 (3 pgs) | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 22-55914 assigned to Notice of Appeal to 9th Circuit Court of Appeals 16 as to appellant Ivan Rene Moore (Originally filed at United States Court of Appeals for the Ninth Circuit on 10/04/2022). (RE: related document(s)41 USDC Dismissal Appealed to the United States Court of Appeals for the Ninth Circuit RE: Appeal USDC Number: 2:22-cv-03451-DMG (Originally filed at District Court 09/26/2022). (RE: related document(s)40 BAP/USDC dismissal of appeal) (SM)). (SM) (Entered: 10/06/2022) |

## PACER Service Center

### Transaction Receipt

| | | | |
| --- | --- | --- | --- |
| | | 03/16/2023 09:44:23 | |
| **PACER Login:** | SAschuman | **Client Code:** | 4176-03 |
| **Description:** | Docket Report | **Search Criteria:** | 2:22-ap-01058-BR Fil or Ent: filed From: 3/1/2022 To: 3/16/2023 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

APPEAL,CLOSED,MANADR

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:22-cv-03451-DMG

In Re Debtor Kimberly Martin Bragg
Assigned to: Judge Dolly M. Gee
Case in other court: 9th Circuit Court, 22-55914
                    USBC Central, 2:16-bk-22878
                    USBC Central, 2:22-ap-01058
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BAP)

Date Filed: 05/20/2022
Date Terminated: 08/29/2022
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**In re Debtor**

**Kimberly Martin Bragg**


V.

**Appellant**

**Ivan Rene Moore**

represented by **Ivan Rene Moore**
1236 South Redondo Boulevard
Los Angeles, CA 90019
323-932-9439
PRO SE


V.

**Defendant**

**DOES**
*1 through 10*


V.

**Appellee**

**Kimberly Martin Bragg**
*an individual*
*also known as*
Kimberly Barbour

represented by **Lee T Dicker**
Leonard Dicker and Schreiber LLP
10940 Wilshire Boulevard Suite 2100
Los Angeles, CA 90024
310-551-1987
Fax: 310-277-8050
Email: ldicker@ldslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Schuman**
Leonard Dicker and Schreiber LLP
10940 Wilshire Boulevard Suite 2100
Los Angeles, CA 90024-3936
310-551-1987
Fax: 310-277-8050

192

Email: sschuman@ldslaw.com
*ATTORNEY TO BE NOTICED*

**Appellee**

**George Barbour**

**Appellee**

**Law Offices of Thomasina Reed**
*a California law office business entity form
unknown*

**Appellee**

**Thomasina Reed**
5777 West Century Blvd., Suite #1125
Los Angeles, CA 90045
*an individual*

**Trustee**

**Brad Krasnoff**
1901 Avenue of hte Stars Suite 450
Los Angeles, CA 90067
310-277-0077

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2022 | 1 | NOTICE OF APPEAL: filed by Appellant George Barbour Re: Ruling May 9th 2022; See attached entered on 5/9/2022 by Bankruptcy Judge Barry Russell, filed in the Bankruptcy Court on 5/20/2022. Bankruptcy Court case number: 2:16-bk-22878, Adversary number: 2:22-ap-01058, BAP case number: N/A. (Attachments: # 1 BK Docket) (jtil) (Entered: 05/24/2022) |
| 05/20/2022 | 2 | NOTICE OF REFERRAL OF APPEAL (ADVERSARY) prepared by the United States Bankruptcy Court on 5/20/2022. (jtil) (Entered: 05/24/2022) |
| 05/24/2022 | 3 | NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT. The appeal has been assigned to Judge Dolly M. Gee. Refer to the Notice for specifics. (jtil) (Entered: 05/24/2022) |
| 05/24/2022 | 4 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (jtil) (Entered: 05/24/2022) |
| 05/26/2022 | 5 | INITIAL STANDING ORDER upon filing of the complaint by Judge Dolly M. Gee. (kti) (Entered: 05/26/2022) |
| 06/01/2022 | 6 | NOTICE OF VIOLATION OF VEXATIOUS LITIGANT ORDER AND OF TWO RELATED CASES; REQUEST FOR JUDICIAL NOTICE filed by DEBTOR Kimberly Martin Bragg. (Dicker, Kevin) (Entered: 06/01/2022) |
| 06/06/2022 | 7 | BANKRUPTCY COURT'S APPEAL DEFICIENCY NOTICE regarding Notice of Transcript not filed as required by FRBP 8003 and 8009, forwarded to Judge Dolly M. Gee. (gk) (Entered: 06/06/2022) |
| 06/08/2022 | 8 | NOTICE OF CHANGE OF ATTORNEY BUSINESS OR CONTACT INFORMATION filed by DEBTOR Kimberly Martin Bragg. (Dicker, Kevin) (Entered: 06/08/2022) |
| 06/10/2022 | 9 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 8 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Notice of Change of Attorney Business or Contact Information. In response to this |

193

| | | notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (ak) (Entered: 06/10/2022) |
|---|---|---|
| 06/17/2022 | 10 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 21-01 (Related Case) filed. Transfer of case DECLINED by Judge Stephen V. Wilson, for the reasons set forth on this order. Related Case No. 2:22-cv-02973-SVW. (aco) (Entered: 06/17/2022) |
| 06/17/2022 | 11 | MINUTES OF IN CHAMBERS - ORDER TO SHOW RE: DISMISSAL FOR LACK OF PROSECUTION by Judge Dolly M. Gee: The docket reflects that a bankruptcy appeal has been filed in the action, but that appellant has not filed the required notice of transcripts. Appellant is Ordered to Show Cause no later than 7/1/2022, why the appeal should not be dismissed for these deficiencies. The Court may consider Appellant's filing of the missing required documents and fees to the Bankruptcy Court, along with a declaration of good cause for the delay, sufficient response to the order to show cause. Court Reporter: Not Reported. (gk) (Entered: 06/21/2022) |
| 06/27/2022 | 12 | OPPOSITION to the Order to Show Cause issued by Court dated 6/17/2022 11 filed by Appellant Ivan Rene Moore. (gk) (Entered: 06/30/2022) |
| 08/16/2022 | 13 | MINUTES OF IN CHAMBERS - ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS APPEAL AND REMAND TO BANKRUPTCY COURT FOR VIOLATION OF THE NOTICE OF VEXATIOUS LITIGANT by Judge Dolly M. Gee: Appellant is ORDERED TO SHOW CAUSE in writing no later than 8/30/2022, why this action should not be dismissed for violation of the Vexatious Litigant Order and remanded to the Bankruptcy Court. Appellant is advised that his failure to file a timely response to this Order shall be deemed his consent to the dismissal of these actions without prejudice. Court Reporter: Not Reported. (gk) (Entered: 08/16/2022) |
| 08/24/2022 | 14 | OPPOSITION to Order to Show Cause issued by this Court dated 8/16/22 13 filed by Appellant Ivan Rene Moore. (twdb) (Entered: 08/25/2022) |
| 08/29/2022 | 15 | MINUTES OF IN CHAMBERS - ORDER DISMISSING APPEAL by Judge Dolly M. Gee: The Court concludes that this action is subject to the requirements of the Vexatious Litigant Order, and Moore has not complied with its terms. Accordingly, the 6/17/2022 Order to Show Cause Re Dismissal for Lack of Prosecution 11 is DISCHARGED and this appeal is DISMISSED. See document for further details. (Made JS-6. Case Terminated.) Court Reporter: Not Reported. (gk) (Entered: 08/29/2022) |
| 09/26/2022 | 16 | NOTICE OF APPEAL to the 9th CCA filed by plaintiff Ivan Rene Moore. Appeal of Minutes of In Chambers Order/Directive - no proceeding held,, Terminated Case, 15 Filed On: 8/29/22; Entered On: 8/26/22; Filing fee $ 505. Billed. (mat) (Entered: 09/28/2022) |
| 09/28/2022 | 17 | FILING FEE LETTER issued as to Appellant Ivan Rene Moore, re Notice of Appeal to 9th Circuit Court of Appeals 16 . (mat) (Entered: 09/28/2022) |
| 10/04/2022 | 18 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 22-55914 assigned to Notice of Appeal to 9th Circuit Court of Appeals 16 as to appellant Ivan Rene Moore. (mat) (Entered: 10/06/2022) |
| 10/05/2022 | 19 | ORDER from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals 16 filed by Ivan Rene Moore. CCA # 22-55914. A review of this court's docket reflects that the filing and docketing fees for this appeal remain due. Within 21 days after the date of this order, appellant shall pay to the district court the $505.00 filing and docketing fees for this appeal and file in this court proof of such payment or file in this court a motion to proceed in forma pauperis. [See document for more details.](mat) (Entered: 10/06/2022) |

194

| 10/25/2022 | | APPEAL FEE PAID: re Notice of Appeal to 9th Circuit Court of Appeals 16 as to Appellant Ivan Rene Moore; Receipt Number: LA245624 in the amount of $505. (Vannithone, Tom) (Entered: 10/25/2022) |
| 01/06/2023 | 20 | ORDER from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals 16 filed by Ivan Rene Moore. CCA # 22-55914. Appellee's opposed motion to consolidate is denied. The request included in Docket Entry No. 4 for an extension of time to file the answering brief is granted. (mat) (Entered: 01/06/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/16/2023 09:48:08 | | | |
| PACER Login: | SAschuman | Client Code: | 4176-03 |
| Description: | Docket Report | Search Criteria: | 2:22-cv-03451-DMG End date: 3/16/2023 |
| Billable Pages: | 3 | Cost: | 0.30 |

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** 22-55914

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[  ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ x ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Ivan Rene Moore
1236 South Redondo Boulevard
Los Angeles, CA 90019-1546

**Description of Document(s)** *(required for all documents)*:

APPELLEE'S EXCERPTS OF RECORD

**Signature** _"s/Peggy Young"_ **Date** 3/22/2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 15** *Rev. 12/01/18*